Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>　　　　　Defendant. | Case No.:  5:16-cv-00952 JGB (SPx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS**<br><br>Hearing Date:  July 11, 2016<br>Hearing Time:  9:00 a.m.<br>Courtroom:     1<br><br>Judge Jesus G. Bernal |

Defendant National Board of Medical Examiners ("NBME") has moved to dismiss the plaintiff's Complaint pursuant to Fed. R. of Civ. P. 12(b)(6). Having considered NBME's motion and supporting Memorandum of Points and Authorities, plaintiff's opposition papers (if any), NBME's reply memorandum, and the oral arguments of the parties (if any), it is hereby ORDERED that NBME's motion is granted for the reasons set forth below, and plaintiff's Complaint is dismissed with prejudice for failure to state a claim.

## I. STATEMENT OF FACTS

### A. NBME and the USMLE

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization based in Pennsylvania. In conjunction with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE"). Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians. The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine.

The USMLE has multiple components, or "Steps," that are taken at different times in an individual's medical education and training. One component is the Step 2 Clinical Skills ("CS") examination. The Step 2 CS exam uses simulated doctor-patient encounters, in a standardized environment, to evaluate a prospective physician's fact-gathering, communication and interpersonal skills.

Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). *See* http://www.usmle.org/step-2-cs/#scoring. Under the scoring policies that apply to all examinees, "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *Id.*

"The **CIS subcomponent** includes assessment of the patient-centered communication skills of fostering the relationship, gathering information, providing information, helping the patient make decisions, and supporting emotions." *Id.*

"The **SEP subcomponent** includes assessment of clarity of spoken English communication within the context of the doctor-patient encounter (for example, pronunciation, word choice, and minimizing the need to repeat questions or statements)." *Id*.

"The **ICE subcomponent** includes assessments of both data gathering and data interpretation skills," as reflected in the examinee's "documented summary of the findings of the patient encounter (history and physical examination), diagnostic impressions, justification of the potential diagnoses, and initial patient diagnostic studies." *Id*.

### B. Dr. Kiprilov And Her Complaint in This Action

Plaintiff Yoana Kiprilov ("Dr. Kiprilov") has taken the Step 2 CS exam twice but has not yet achieved a passing result. Proceeding *pro se,* she has filed a 38-page complaint in which she asks the Court, among other things, to recognize her "overall exam performance" on Step 2 CS as a "pass result." Complaint at 3.

On the two occasions that she has taken Step 2 CS, Dr. Kiprilov achieved passing scores on two of the three subcomponents and thus did not obtain an overall passing result. Complaint ¶ 3. In May 2015, she passed the Communication and Interpersonal Skills (CIS) and Spoken English Proficiency (SEP) subcomponents, but failed the Integrated Clinical Encounter (ICE) subcomponent. *Id*. In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. *Id*.

Dr. Kiprilov asserts that she should be allowed to combine her passing scores from her two test administrations, so as to be given a passing Step 2 CS result. *Id*. at ¶ 4. Claiming that she was "unfairly put in a situation, where I had to take the parts that I had previously passed and be evaluated by different people," she asks

the Court to hold that "a third attempt is not necessary in my case." *Id.* at 37, ¶¶ 1, 4. She also asks the Court to determine "whether there is a discriminatory practice with the difference in the decrease of the passing rate [between graduates of foreign medical schools and graduates of U.S. medical schools] (18% vs. 3%), which affected my scores, and affects my career." *Id*. at ¶ 5. Finally, she requests damages for "the time of my life wasted on this flawed exam instead of building my career and making money as resident and as physician." *Id*. at 38, ¶ 7.

## II. LEGAL STANDARD FOR DECIDING A RULE 12(B)(6) MOTION

Under Rule 12(b)(6), a court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937 (2009). A court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party, but "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"Although the scope of review on a Rule 12(b)(6) motion to dismiss is limited to the contents of the complaint, the Court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Black v. CorVel Enterprise Co.*, No. EDCV-14-2588-JGB, 2016 U.S. Dist. LEXIS 59390, *28 (C.D. Cal. April 27, 2016) (citation omitted). "Under the incorporation by reference doctrine, the Court may consider documents not attached to the pleading if: (1) those documents are referenced extensively in the complaint or form the basis of the plaintiff's claim; and (2) if no party questions their authenticity." *Id*. (citation omitted).

## III. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

The only legal bases for relief stated in the Complaint are 42 U.S.C. § 2000e-2(l) and 29 CFR § 1607. *See* Complaint at ¶¶ 7.4, 7.5; *see also id*. at p. 1 ("Federal question jurisdiction arises pursuant to 42 U.S.C. § 2000e-2(l) and 29 CFR § 1607."), *and* pp. 31-32. Section 2000-e-2(l) is part of Title VII of the Civil Rights Act.

Title VII bars discrimination by an "employer," "employment agency," or "labor organization," and broadly prohibits "[u]nlawful employment practices." 42 U.S.C. § 2000e-2. The specific provision relied upon by Dr. Kiprilov prohibits the "discriminatory use of test scores" by an employer:

> It shall be an unlawful employment practice for a respondent, in connection with the selection or referral of applicants or candidates for employment or promotion, to adjust the scores of, use different cutoff scores for, or otherwise alter the results of, employment related tests on the basis of race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(l).

The regulatory citation referenced by Dr. Kiprilov – 29 C.F.R. § 1607 – is to the *Uniform Guidelines On Employee Selection Procedures*. These *Guidelines* are relevant where a party is subject to Title VII or "other equal employment opportunity requirements of Federal law." 29 C.F.R. § 1607.2(D). They do not create an independent private of action, *Antonelli v. New Jersey*, 419 F.3d 267, 273 (3d Cir. 2005), and are relevant only if a plaintiff has stated a cause of action under Title VII or some other federal law relating to a defendant's employment practices.

Dr. Kiprilov has not done so here. Dr. Kiprilov's claims do not relate to employment practices. NBME is not Dr. Kiprilov's employer or prospective employer, nor is it an employment agency or labor organization. Instead, the dispute relates to Dr. Kiprilov's failure to achieve a passing score on a licensure exam. Jurisdictions use the USMLE exams, including Step 2 CS, as part of their licensing process for ensuring that physicians possess the knowledge and skills

1  necessary to provide safe and effective healthcare.

2  Because Dr. Kiprilov is not an employee or prospective employee of NBME
3  and has not otherwise established that this case falls within the scope of Title VII,
4  her Complaint must be dismissed.  Title VII and the *Uniform Guidelines* simply do
5  not apply in this context.  *See, e.g.*, *Haddock v. Board of Dental Examiners*, 777
6  F.2d 462, 463-64 (9th Cir. 1985) (affirming dismissal of Title VII claim asserted by
7  a plaintiff who alleged that defendant "intentionally lowered his dental examination
8  scores" based on his race); *Woodard v. Va. Bd. of Bar Examiners*, 598 F.2d 1345,
9  1346 (4th Cir. 1979) (per curiam) ("The district court found and we agree that Title
10 VII, by its own terms, does not apply to the bar examination.") (affirming dismissal
11 of Title VII claim brought by an individual who "failed to achieve a passing score
12 on the examination"); *Munsif v. Am. Bd. of Internal Med.*, 2012 U.S. Dist. LEXIS
13 128974, *49 (E.D. Pa. 2012) (holding that a foreign medical school graduate could
14 not assert a Title VII claim against the ABIM based on its allegedly discriminatory
15 actions in administering a certification examination to plaintiff, because plaintiff
16 "never had an employment relationship with ABIM").

17 The Complaint must also be dismissed because, even if Title VII applied
18 here, Dr. Kiprilov she has not pled any facts that, if taken as true, would state a
19 plausible case of discrimination.  *Twombly*, 550 U.S. at 570.  She alleges that there
20 are different pass rates on the Step 2 CS exam for graduates of international
21 medical schools and graduates of U.S. medical schools, *see* Complaint ¶ 16, but
22 that assertion is not sufficient to state a claim of discrimination under Title VII.

23 Dr. Kiprilov's Complaint is therefore dismissed pursuant to Fed. R. Civ. P.
24 12(b)(6) for failure to state a claim.

26 Dated: _____, 2016    _____
27                                Jesus G. Bernal
                                   United States District Judge
28

DOCUMENT PREPARED
ON RECYCLED PAPER