1  Eric A. Herzog (Bar No. 229066)
   eric.herzog@nortonrosefulbright.com
2  **NORTON ROSE FULBRIGHT US LLP**
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, California 90071
4  Telephone:  (213) 892-9200
   Facsimile:   (213) 892-9494
5
   Attorneys for Defendant
6  NATIONAL BOARD OF MEDICAL EXAMINERS

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    YOANA AYANOVA KIPRILOV, | Case No.:  5:16-cv-00952 JGB (SPx) |
| 12       Plaintiff, | **DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' NOTICE OF MOTION AND MOTION TO DISMISS;** |
| 13       v. | |
| 14    NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 16       Defendant. | Hearing Date:   August 22, 2016 |
| 17 | Hearing Time:  9:00 a.m. Courtroom No.: 1 |
| 18 | Judge Jesus G. Bernal |

20

21

22

23

24

25

26

27

28

27376962.1

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT, on August 22, 2016, at 9:00 a.m., or as soon thereafter as it may be heard, before the Honorable Jesus G. Bernal, in Courtroom 1 of the United States District Courthouse for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California, 92501-3801, defendant National Board of Medical Examiners ("NBME") will and hereby does move the Court to dismiss Plaintiff's First Amended Complaint (Docket # 9) pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).

This motion is made following a telephone conference between one of NBME's attorneys and Dr. Kiprilov (appearing *pro se*) pursuant to L.R. 7-3, which took place on July 8, 2016.  The parties were not able to reach any resolution that would make the filing of this motion unnecessary.

NBME's Motion to Dismiss is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such further argument as may be offered in any reply memorandum or at the time of the hearing of this Motion.  A proposed Order accompanies this Notice of Motion.

Dated:  July 15, 2016                    Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**


By:   /s/ Eric A. Herzog
        Eric A. Herzog

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL
EXAMINERS

# <u>TABLE OF CONTENTS</u>

Page

I.   INTRODUCTION .................................................................................. 1

II.  STATEMENT OF FACTS ....................................................................... 2

    A.   The USMLE .................................................................................. 2

    B.   The Step 2 Clinical Skills Examination ................................................ 3

        1.   Description of the Step 2 CS Exam ............................................ 3

        2.   Purpose of the Step 2 CS Exam ................................................ 4

        3.   Subcomponents and Scoring of the Step 2 CS Exam ................. 5

    C.   The Plaintiff, Dr. Yoana Kiprilov ...................................................... 6

    D.   Dr. Kiprilov's Amended Complaint .................................................... 7

III. LEGAL STANDARD ............................................................................. 7

IV.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM ................. 9

    A.   Dr. Kiprilov Has Not Stated A Clam For Intentional Misrepresentation Under The California Civil Code ............................ 9

    B.   Dr. Kiprilov Has Not Stated A Claim For "False Descriptions" Under 15 U.S.C. § 1125 ................................................................ 10

    C.   Dr. Kiprilov Has Not Stated A Claim for "False Description" Under California Civil Code § 1770 ................................................. 11

    D.   Dr. Kiprilov Has Not Stated A Claim Under The California Business and Professions Code Based On Alleged "False Advertising" ................................................................................ 11

    E.   Dr. Kiprilov Has Not Stated A Plausible Claim For Breach Of Contract .................................................................................... 12

    F.   Dr. Kiprilov Has Not Stated A Claim For Unfair And Deceptive Practices Under 15 U.S.C. § 45 Or The California Civil Code .......... 14

    G.   Dr. Kiprilov Has Not Stated A Contract-Based Claim For Joint And Several Liability Against NBME And The ECFMG ................. 15

    H.   Dr. Kiprilov Has Not Stated A Claim For Employment-Related Discrimination Under 42 U.S.C. § 2000e-2(l) ................................. 15

V.   CONCLUSION .................................................................................. 19

DOCUMENT PREPARED ON RECYCLED PAPER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*,
  316 Fed. App'x 661 (9th Cir. 2009) ..................................................................... 13

*Antonelli v. New Jersey*,
  419 F.3d 267 (3d Cir. 2005) ................................................................................ 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................... 8, 14

*Avila v. Vital Pharmaceuticals*,
  No. 12-03823 JGB, 2013 U.S. Dist. LEXIS 74122 (C.D. Cal. 2013)................ 12

*Barakezyan v. BMW of North Am., LLC*,
  No. 16-00173 SJO, 2016 U.S. Dist. LEXIS 68839
  (C.D. Cal. 2016) ................................................................................................. 11

*Bautista v. Los Angeles Cnty.*,
  216 F.3d 837 (9th Cir. 2000) ................................................................................ 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................... 7, 8, 14, 18

*Black v. CorVel Enterprise Co.*,
  No. EDCV-14-2588-JGB, 2016 U.S. Dist. LEXIS 59390
  (C.D. Cal. 2016) ................................................................................................... 8

*Bond v. OneWest Bank FSB*,
  No. 2:15-cv-8701-ODW, 2016 U.S. Dist. LEXIS 25460
  (C.D. Cal. 2016) ................................................................................................. 15

*Cafasso v. Gen'l Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ........................................................................... 19

*Currier v. Arzate*,
  No. SACV-14-0335-JGB-(KK), 2014 U.S. Dist. LEXIS 182524
  (C.D. Cal. 2014), *adopted and case dismissed*, 2015 U.S. Dist.
  LEXIS 26017 (C.D. Cal. Feb. 27, 2015)............................................................. 2

*Gerritsen v. Warner Bros. Entm't*,
116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015) ..................................... 13

*Gertz v. Toyota Motor Corp.*,
No. 10-1089 PSG, 2011 U.S. Dist. LEXIS 158165
(C.D. Cal. 2011) ............................................................................... 11

*Haddock v. Board of Dental Examiners*,
777 F.2d 462 (9th Cir. 1985) .............................................................. 16

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*,
No. 14-0437, 2014 U.S. Dist. LEXIS 158054 (N.D. Cal. 2014) ........................ 10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..................................................... 10, 11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377 (2014) ............................................................... 10, 11

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) ............................................................... 2

*Munsif v. Am. Bd. of Internal Med.*,
No. 11-5949, 2012 U.S. Dist. LEXIS 128974 (E.D. Pa. 2012) ......................... 17

*NovelPoster v. Javitch Canfield Group*,
No. 13-5186, 2014 U.S. Dist. LEXIS 113293 (N.D. Cal. 2014) ....................... 13

*O'Donnell v. Bank of Am., N.A.*,
504 F. App'x 566 (9th Cir. 2013) ......................................................... 15

*Odle v. MGC Mortg. Inc.*,
No. CV-15-05019 DDP, 2016 U.S. Dist. LEXIS 65045
(C.D. Cal. 2016) ............................................................................... 14

*Robinson v. Rinaudo*,
No. 05-01541, 2007 U.S. Dist. LEXIS 66147 (D. Ariz. 2007) ......................... 17

*Sperling v. DSW, Inc.*,
No. EDCV-15-1366-JGB, 2016 U.S. Dist. LEXIS 11012
(C.D. Cal. 2016) ..................................................................... 9, 11, 12

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .............................................................. 8

DOCUMENT PREPARED
ON RECYCLED PAPER

- iv -

*Stiles v. Wal Mart Stores, Inc.*,
   No. 14-1637, 2014 U.S. Dist. LEXIS 145590
   (E.D. Cal. Oct. 10, 2014) ........................................................................ 10

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1103-04 (9th Cir. 2003) ........................................................... 10

*Woodard v. Labrada*,
   No. EDCV-16-00189-JGB, 2016 U.S. Dist. LEXIS 82849
   (C.D. Cal. 2016) ........................................................................................ 8

*Woodard v. Va. Bd. of Bar Examiners*,
   598 F.2d 1345 (4th Cir. 1979) ................................................................ 16

**Statutes**

15 U.S.C. § 45 ................................................................................... 14, 15

15 U.S.C. § 1117 .................................................................................... 10

15 U.S.C. § 1125 .................................................................................... 10

15 U.S.C. § 1127 .................................................................................... 10

42 U.S.C. § 2000e-2 ...................................................................... 1, 15, 16

42 U.S.C. § 2000e(c) .............................................................................. 17

Cal. Bus. & Prof. Code § 17200 ..................................................... 11, 12

Cal. Bus. & Prof. Code § 17202 ............................................................ 11

Cal. Bus. & Prof. Code § 17205 ............................................................ 11

Cal. Bus. & Prof. Code § 17206 ............................................................ 11

Cal. Bus. & Prof. Code § 17500 ..................................................... 11, 12

Cal. Bus. & Prof. Code § 17530 ............................................................ 12

Cal. Bus. & Prof. Code § 17531 ..................................................... 11, 12

Cal. Bus. & Prof. Code § 17536 ............................................................ 11

Cal. Civil Code § 1549 ........................................................................... 12

Cal. Civil Code § 1572 .................................................................................. 9

Cal. Civil Code § 1573 .................................................................................. 9

Cal. Civil Code § 1621 ................................................................................ 12

Cal. Civil Code § 1642 ................................................................................ 15

Cal. Civil Code § 1660 ................................................................................ 15

Cal. Civil Code § 1708 .................................................................................. 9

Cal. Civil Code § 1709 .................................................................................. 9

Cal. Civil Code § 1710 .................................................................................. 9

Cal. Civil Code § 1770 ................................................................................ 11

Cal. Civil Code § 3300 ................................................................................ 12

Cal. Civil Code § 3333 ................................................................................ 12

Cal. Civil Code § 3367 ................................................................................ 13

Cal. Civil Code § 3368 ................................................................................ 13

Cal. Civil Code § 3384 ................................................................................ 12

Cal. Civil Code § 3386 ................................................................................ 12

**Regulations**

29 C.F.R. § 1607 .................................................................................. 15, 16

**Rules**

Fed. R. Civ. P. 8 ................................................................. 2, 9, 10, 11, 12, 19

Fed. R. Civ. P. 9(b) ......................................................... 8, 9, 10, 11, 12, 14, 19

Fed. R. Civ. P. 12(b)(6) ........................................... 2, 7, 8, 9, 10, 14, 19

**Other Authorities**

Accreditation Council for Graduate Medical Education, *ACGME
Common Program Requirements*, Requirement
IV.A.5(d)("Interpersonal and Communication Skills") (2015) ..........................4

Liaison Comm. on Medical Education, *Standards for Accreditation of
Medical Education Programs Leading to the MD Degree,* Standard
7.8 ("Communication Skills") (March 2016) ........................................................4

W. Levinson *et al.*, *Developing Physician Communication Skills for Patient-
Centered Care*, 29 Health Affairs 1310 (July 2010)............................................4

DOCUMENT PREPARED
ON RECYCLED PAPER

NOTICE OF MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF DISMISSAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization based in Pennsylvania.  In conjunction with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE").  Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians.

The USMLE has multiple components, or "Steps," that are taken at different times in an individual's medical education and training.  One component is the Step 2 Clinical Skills ("CS") examination.  The Step 2 CS exam uses simulated doctor-patient encounters, in a standardized environment, to evaluate a prospective physician's fact-gathering, communication and interpersonal skills.

Plaintiff Yoana Kiprilov ("Dr. Kiprilov") has taken the Step 2 CS exam twice but has not yet achieved a passing result.  Rather than re-take the exam, as she is permitted to do, she filed this lawsuit.  Proceeding *pro se,* she filed a 38-page complaint on May 10, 2016, in which she asked the Court to recognize her "overall exam performance" on Step 2 CS as a "pass result."  Complaint at 3, 38 (Docket # 1).  Her Complaint set forth 17 "Claims" that consisted primarily of factual allegations, with the only legal bases for relief stated as follows:

> The NBME/ECFMG policy is in disregard of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, (l), and

> In disregard of the regulations set forth by the Equal Employment Opportunity Commission, which administers and enforces civil rights laws against workplace discrimination.

Complaint ¶¶ 7.4 and 7.5; *see also id*. at pp. 31-32 ("The above mentioned artificially created difference in the passing score is in a violation of title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, (l), and are subject to the federal regulations set forth and enforced by the [EEOC]….").

NBME moved to dismiss Dr. Kiprilov's Complaint. *See* Docket # 6 (filed June 7, 2016). The motion was based upon the fact that the employment-related statute relied upon by Dr. Kiprilov does not apply here. As discussed further below, the exam at issue is a licensing exam, and NBME is not a current or prospective employer of Dr. Kiprilov. Nor is NBME otherwise subject to the Title VII provision relied upon by Dr. Kiprilov in her initial Complaint.

Dr. Kiprilov responded to NBME's motion to dismiss by filing a First Amended Complaint ("Am. Comp."). *See* Docket # 9 (filed July 11, 2016).[1] Her Amended Complaint cites no fewer than 34 provisions from the U.S. Code and various California statutes, but her core requested relief remains the same: she wants the Court to recognize her "overall passing outcome" from the two times she took the Step 2 CS as a passing result. Am. Comp. at 1-2.

The Amended Complaint asserts eight Causes of Action. *See id.* at ¶¶ 18-35. None of the claims, however, states a viable claim for relief. Accordingly, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[2]

## II.   STATEMENT OF FACTS

### A.   The USMLE

The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine. The Step

---

[1]   Dr. Kiprilov's complaint includes the Educational Commission for Foreign Medical Graduates ("ECFMG") as an additional defendant. The ECFMG is not a sponsor of the USMLE program and was not involved in administering the exam that is the subject of this lawsuit.

[2]   The Amended Complaint is lengthy, includes numerous irrelevant exhibits, and "mixes allegations of relevant facts, irrelevant facts, … and legal argument in a confusing way," thereby making it difficult to understand Dr. Kiprilov's averments. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996). As a result, dismissal is also appropriate for failure to comply with Fed. R. Civ. P. 8(a), notwithstanding Dr. Kiprilov's *pro se* status. *See Currier v. Arzate,* No. SACV-14-0335-JGB-(KK), 2014 U.S. Dist. LEXIS 182524 (C.D. Cal. 2014), *adopted and case dismissed*, 2015 U.S. Dist. LEXIS 26017 (C.D. Cal. Feb. 27, 2015).

DOCUMENT PREPARED
ON RECYCLED PAPER

exams that make up the USMLE are designed to assess whether an individual has the minimal knowledge and skills deemed necessary for safe and effective patient care.  The USMLE is administered each year to tens of thousands of examinees, and it is relied upon by medical licensing authorities in every state to help assess the qualifications of candidates for medical licenses.  Maintaining the integrity of the testing process is thus an essential part of protecting the public safety and welfare.

Step 1 of the USMLE assesses whether the candidate understands and can apply important concepts of the sciences that are basic to the practice of medicine, with special emphasis on principles and mechanisms underlying health, disease, and modes of therapy.[3]  Step 2 "assesses the ability of examinees to apply medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision," with an "emphasis on health promotion and disease prevention," and with attention to the "basic patient-centered skills that provide the foundation for the safe and competent practice of medicine.[4]  Step 3 assesses whether the applicant can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine.[5]

Step 2 has a Clinical Knowledge ("CK") component (a multiple-choice examination) and a Clinical Skills ("CS") component (a simulation of doctor-patient encounters).  Dr. Kiprilov's complaint relates to the Step 2 CS exam.

**B.**     **The Step 2 Clinical Skills Examination**

**1.**     **Description of the Step 2 CS Exam**

Step 2 CS uses standardized patients – individuals trained to portray a patient scenario – to test medical students and graduates on their ability to gather

---

[3] *See* http://www.usmle.org/step-1/.

[4] *See* http://www.usmle.org/step-2-cs/.

[5] *See* http://www.usmle.org/step-3/.

information from patients, perform physical examinations, and communicate their findings to patients and colleagues.  *See generally* n.4 *supra*.

The exam includes twelve patient encounters, each of which lasts 15 minutes under standard testing time.  The testing area consists of a series of examination rooms equipped with examination tables, commonly used diagnostic instruments, gloves, sinks and paper towels.  When examinees enter the examination room, they encounter a standardized patient who enacts a clinical problem.  Outside each examination room is a cubicle equipped with a computer, where the examinee composes a patient note after conducting the examination and diagnostic interview.

## 2.    Purpose of the Step 2 CS Exam

Research has shown that improving the communication and interpersonal skills of doctors leads to more accurate diagnoses, better patient compliance with physician advice, more referrals for needed treatments, better patient outcomes, lower staff turnover, and fewer malpractice lawsuits.[6]  Consistent with this research, communication skills are a required part of the curriculum in every U.S. medical school,[7] and a core competency that must be included in the curriculum of all accredited residency programs.[8]

Step 2 CS assesses whether physicians seeking an initial license to practice medicine in the United States, regardless of their country of origin, can communicate effectively with patients.

---

[6]  *See, e.g.*, W. Levinson *et al.*, *Developing Physician Communication Skills for Patient-Centered Care*, 29 Health Affairs 1310 (July 2010).

[7]  *See* Liaison Comm. on Medical Education, *Standards for Accreditation of Medical Education Programs Leading to the MD Degree,* Standard 7.8 ("Communication Skills") (March 2016).

[8]  *See* Accreditation Council for Graduate Medical Education, *ACGME Common Program Requirements*, Requirement IV.A.5(d)("Interpersonal and Communication Skills") ("Residents must demonstrate interpersonal and communication skills that result in the effective exchange of information and collaboration with patients, their families, and health professionals") (2015).

DOCUMENT PREPARED
ON RECYCLED PAPER

27376962.1

### 3.   Subcomponents and Scoring of the Step 2 CS Exam

Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents:  Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE).  *See* http://www.usmle.org/step-2-cs/#scoring.  Examinees are told in advance of testing that "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS."  *Id.*  This requirement is at the heart of Dr. Kiprilov's complaint.

"The **CIS subcomponent** includes assessment of the patient-centered communication skills of fostering the relationship, gathering information, providing information, helping the patient make decisions, and supporting emotions.  CIS performance is assessed by the standardized patients, who record these skills using a checklist based on observable behaviors."  *Id.*

"The **SEP subcomponent** includes assessment of clarity of spoken English communication within the context of the doctor-patient encounter (for example, pronunciation, word choice, and minimizing the need to repeat questions or statements).  SEP performance is assessed by the standardized patients using a global rating scale, where the rating is based upon the frequency of pronunciation or word choice errors that affect comprehension and the amount of listener effort required to understand the examinee's questions and responses."  *Id.*

"The **ICE subcomponent** includes assessments of both data gathering and data interpretation skills.  Scoring for this subcomponent consists of a checklist completed by the standardized patients for the physical examination portion of the encounter, and global ratings provided by trained physician raters.  The patient note raters provide ratings on the documented summary of the findings of the patient encounter (history and physical examination), diagnostic impressions, justification of the potential diagnoses, and initial patient diagnostic studies."  *Id.*

C. **The Plaintiff, Dr. Yoana Kiprilov**

Dr. Kiprilov is a graduate of an international medical school who resides in San Bernardino County, California.[9] Am. Comp. at 3, 15. To continue her graduate medical training as a resident and ultimately become a licensed physician in the United States, Dr. Kiprilov must obtain passing scores on the USMLE Step examinations. Complaint at ¶ 1. She has achieved passing scores on Step 1 and Step 2 CK. *Id.* She has not passed Step 2 CS. *Id.* at ¶¶ 2, 3. Am. Comp. at 57-58 (Ex. V).

As noted above, under NBME's published scoring rules, an examinee must achieve a passing result on all three subcomponents of Step 2 CS during the same test administration in order to pass the exam. On the two occasions that she has taken Step 2 CS, Dr. Kiprilov achieved passing scores on two of the three subcomponents and thus did not obtain an overall passing result. Complaint at ¶ 3. In May 2015, she passed the Communication and Interpersonal Skills (CIS) and Spoken English Proficiency (SEP) subcomponents, but failed the Integrated Clinical Encounter (ICE) subcomponent. In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. *See* Am. Comp. at 57-58 (Ex. V) (Dr. Kiprilov's score reports).

This lawsuit resulted from Dr. Kiprilov's failure to achieve a passing score on the Step 2 CS exam. Her Amended Complaint includes lengthy criticism of the validity, utility and cost of the exam, *e.g.*, Am. Comp. at 9-11, 15-17, but her core objection is to the NBME requirement that all three subcomponents of Step 2 CS must be passed in the same test administration. She believes she should be allowed

---

[9] The facts regarding Dr. Kiprilov come from her initial Complaint and her Amended Complaint and are taken as true for purposes of NBME's motion to dismiss. Although the Amended Complaint supersedes the original Complaint, Dr. Kiprilov refers to the Amended Complaint as being "in addition to the initial Complaint" and apparently believes that the initial Complaint continues to have operative significance in the case. Petitioner's Stmt. at 2. NBME therefore cites to the initial Complaint periodically in this brief.

to combine the passing subcomponent outcomes from her two separate test administrations, so as to be given a passing Step 2 CS result. *See* Complaint at ¶ 4 ("My 'overall' performance on the exam (USMLE Step 2 CS) could be reasonably, logically and safely considered as a pass result."); Am. Comp.  That outcome, however, would be contrary to the USMLE program's standard scoring rules for the Step 2 CS exam, which apply to all examinees.

### D.   Dr. Kiprilov's Amended Complaint

Dr. Kiprilov filed this lawsuit because NBME refused to change its standard scoring policy for her.  She wants the Court to require NBME to state that she has passed her Step 2 CS exam, even though she has not done so in the manner required by NBME's published scoring rules.  Thus, her initial Complaint requested that "[t]he Court determines from an objective view point whether I was unfairly put in a situation, where I had to take the parts that I had previously passed and be evaluated by different people," and "prevents the same situation from happening again by ruling that a third attempt is not necessary in my case."  Complaint at 37, ¶¶ 1, 4.  And her Amended Complaint seeks the same result, framed as a request for "specific performance."  Am. Comp. at 2, ¶ C ("And the Court prevents further damages to my career by compelling a specific performance as an injunctive relief – recognition of my overall passing outcome on Step 2 CS….").  She also requests "monetary damages (compensatory and punitive) for the consequences" allegedly caused to her career. *Id.* at 37, 38 ¶ 4.

The Amended Complaint sets forth eight Causes of Action.  As discussed below, none of them states a viable claim for relief, and her Amended Complaint should be dismissed.

## III.   LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint that fails to state a claim upon which relief may be granted.  To survive dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

A court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. However, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"Although the scope of review on a Rule 12(b)(6) motion to dismiss is limited to the contents of the complaint, the Court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Black v. CorVel Enterprise Co.*, No. EDCV-14-2588-JGB, 2016 U.S. Dist. LEXIS 59390, *28 (C.D. Cal. 2016) (citation omitted). "Under the incorporation by reference doctrine, the Court may consider documents not attached to the pleading if: (1) those documents are referenced extensively in the complaint or form the basis of the plaintiff's claim; and (2) if no party questions their authenticity." *Id.* (citation omitted).

When a plaintiff alleges fraud or misrepresentations, as here, Rule 9(b) imposes a heightened pleading requirement. *Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011). "This heightened pleading standard requires the plaintiff to allege fraud … by detailing 'the who, what, when, where, and how' of the misconduct charged. In other words, the plaintiff must specify the time, place, and content of the alleged fraudulent … misconduct." *Woodard v. Labrada*, No. EDCV-16-00189-JGB, 2016 U.S. Dist. LEXIS 82849, *12 (C.D. Cal. 2016). The heightened pleading requirement applies not only to fraud claims, but

also to claims that are similar in nature, such as claims alleging false, fraudulent, or deceptive advertising, or deceptive business practices. *See Sperling v. DSW, Inc.*, No. EDCV-15-1366-JGB, 2016 U.S. Dist. LEXIS 11012, *14-15 (C.D. Cal. 2016).

Finally, pursuant to Fed. R. Civ. P. 8(a) and 8(d), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." This requirement ensures that discovery is controlled, dockets are manageable, and issues are properly joined. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

## IV.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

Dr. Kiprilov's complaint is lengthy, but her allegations are altogether vague and conclusory. Her complaint does not satisfy Rule 8, Rule 9(b), or Rule 12(b)(6), thereby warranting dismissal.

### A. Dr. Kiprilov Has Not Stated A Claim For Intentional Misrepresentation Under The California Civil Code

Dr. Kiprilov's first cause of action purports to assert a claim for "intentional misrepresentation" under the California Civil Code. *See* Am. Comp. at 18-21. She quotes several Code provisions in support of her claim (§§ 1572, 1573, 1708, 1709, and 1710), *id*. at 19-20, but she never states what the purported misrepresentation was, who made it, when it was made, what she did in reliance on the alleged misrepresentation, or how she was injured because of her reliance. *See id*. at 20-21 ("NBME/ECFMG misrepresented information about the exam," "they are very well aware of the misrepresented information," "I relied on the information provided by them," "NBME staff members and world-renowned experts made the misrepresentation and gave their expert opinion," and "I relied on the information NBME/ECFMG themselves provided to me and to the public"). Her complaint thus falls well short of meeting the heightened pleading requirements of Rule 9(b) and fails to state a claim for intentional misrepresentation.

DOCUMENT PREPARED
ON RECYCLED PAPER

**B. Dr. Kiprilov Has Not Stated A Claim For "False Descriptions" Under 15 U.S.C. § 1125**

In her second cause of action, captioned "FALSE DESCRIPTIONS," Dr. Kiprilov quotes from section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), which prohibits making false or misleading statements in describing or advertising goods or services; and 15 U.S.C. § 1117, which states that damages can be recovered for violations of Section 1125(a). *See* Am. Comp. at 21-22. Dr. Kiprilov provides no factual allegations whatsoever in stating this cause of action, nor does she cross-reference any earlier pages in the complaint where one might find such supporting factual allegations. Accordingly, this claim does not satisfy the pleading requirements of Rule 8(a) or 9(b) and should be dismissed under Rule 12(b)(6) for failing to state a claim. *See Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. 14-0437, 2014 U.S. Dist. LEXIS 158054, *12-13 (N.D. Cal. 2014) (applying Rule 9(b) pleading requirements to Lanham Act claim where it is "within a complaint that 'sounds in fraud'"); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1103-04 (9th Cir. 2003)).

This attempted claim also fails as a matter of law. A plaintiff may only assert a claim under section 43(a) of the Lanham Act for *commercial* injuries. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014) ("the Lanham Act authorizes suit only for commercial injuries"); 15 U.S.C. § 1127. Dr. Kiprilov has no alleged commercial injuries in this matter. Furthermore, a "false association" claim under 15 U.S.C. § 1125(a)(1)(A), quoted by Dr. Kiprilov in her first claim, is based on "the wrongful use of another's distinctive word, term, name, symbol, or device[.]" *Stiles v. Wal Mart Stores, Inc.*, No. 14-1637, 2014 U.S. Dist. LEXIS 145590, at *2 (E.D. Cal. Oct. 10, 2014) (citation omitted). A "false advertising" claim under 15 U.S.C. § 1125(a)(1)(B), also quoted by Dr. Kiprilov, applies when a plaintiff suffers "injury to a commercial

interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l*, 134 S. Ct. at 1395.  These statutory provisions are entirely inapposite here.

### C. Dr. Kiprilov Has Not Stated A Claim for "False Description" Under California Civil Code § 1770

In her third count, Dr. Kiprilov attempts to assert a claim under the Consumers Legal Remedies Act (CLRA), Cal. Civil Code § 1770.  This claim is subject to the heightened pleading requirements of Rule 9(b).  *See Kearns*, 567 F.3d at 1125 ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.") (citation omitted). Dr. Kiprilov, however, has not alleged the "who, what, when, where, and how" of NBME's purported misconduct.  *Gertz v. Toyota Motor Corp.*, No. 10-1089 PSG, 2011 U.S. Dist. LEXIS 158165, *10 (C.D. Cal. 2011) (citation omitted).  Indeed, her claim is simply a recitation of certain statutory language.  *See* Am. Comp. at 22-23.  Dr. Kiprilov has failed to satisfy Rule 8(a), much less Rule 9(b), and this claim must be dismissed.  *See Sperling*, 2016 U.S. Dist. LEXIS 11012, *14, 19-20 (dismissing plaintiff's CLRA claim with prejudice where allegations were conclusory in nature and did not satisfy Rule 9(b)'s heightened pleading requirements); *Barakezyan v. BMW of North Am., LLC*, No. 16-00173 SJO, 2016 U.S. Dist. LEXIS 68839, *36 (C.D. Cal. 2016) (dismissing CLRA claim without leave to amend where plaintiff failed to allege circumstances constituting the fraud with particularity, failed to allege any actionable misrepresentation, and failed to plead facts showing reliance).

### D. Dr. Kiprilov Has Not Stated A Claim Under The California Business and Professions Code Based On Alleged "False Advertising"

In Dr. Kiprilov's fourth claim, she recites seven provisions of the California Business and Professions Code (§§ 17200, 17500, 17531, 17536, 17202, 17205, 17206) and alleges that "NBME/ECFMG could have published and announced the accurate description of that their product/exam (which they did not), and that it is

defective – not reliable, has problems with subjectivity, consequence and contrast effects, and/or has results in a disparate impact." Am. Comp. at 25.

Dr. Kiprilov appears to be attempting to assert claims under the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, and the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, 17531. Once again, however, Dr. Kiprilov has failed to satisfy the pleading requirements of Rules 8(a) and 9(b), and these claims must be dismissed. *See Sperling*, 2016 U.S. Dist. LEXIS 11012, at *14, 19-20 (dismissing plaintiff's UCL and FAL claims with prejudice); *Avila v. Vital Pharmaceuticals*, No. 12-03823 JGB, 2013 U.S. Dist. LEXIS 74122, *8-9 (C.D. Cal. 2013) (dismissing FAL and UCL claims with prejudice where plaintiff failed to plead with particularity and relied on plaintiff's own conclusory beliefs).

Dr. Kiprilov's apparent claim under Cal. Bus. & Prof. Code § 17531 also fails as a matter of law. This statutory provision applies to advertisements of secondhand, blemished, or rejected merchandise. It has no relevance to a standardized medical licensing examination.[10]

**E. Dr. Kiprilov Has Not Stated A Plausible Claim For Breach Of Contract**

In her fifth cause of action, Dr. Kiprilov alleges a "BREACH OF CONTRACT by NBME/ECFMG." Am. Comp. at 26. She quotes several Civil Code provisions in support of this claim, but she does not identify the alleged contract or state how it was breached by NBME. *See id*. at 26-28 (quoting Civil Code § 1549, which defines what a contract is; § 1621, which defines an "implied contract;" § 3300, which states the measure of damages for a contract breach; § 3333, which states the measure of damages for a breach of an obligation that does not arise from a contract; §§ 3384 and 3386, which state when specific performance

---

[10] Dr. Kiprilov also references Bus. & Prof. Code § 17530 in the introductory section of her Amended Complaint. *See* Am. Comp. at 2. This statutory provision, which applies to real estate advertisements, is equally inapposite.

DOCUMENT PREPARED
ON RECYCLED PAPER

1   of an obligation may be compelled; and §§ 3367 and 3368, which address the

2   concepts of "specific relief" and "preventive relief").

3        Dr. Kiprilov appears to be alleging that she had an "implied-in-fact contract

4   (A.K.A. 'implied contract')" with NBME.  *See* Am. Comp. at 27.  The source and

5   nature of this alleged implied contract are not stated, however, nor does she identify

6   the obligation(s) that NBME purportedly breached.  *See id*.  Instead, Dr. Kiprilov

7   asserts, in conclusory fashion, that "NBME/ECFMG did not perform their part of

8   the agreement," *id.*, and then alleges that she has been damaged as a result of this

9   breach, *id*. at 28 ("Since recognizing my passing results would have resulted in

10  obtaining an 'ECFMG-certification' and obtaining a residency position, the

11  NBME/ECFMG's intentional misconduct and breach of our agreement have

12  resulted in unemployment , and I have lost money, that I could have been making.")

13  (emphasis omitted).

14       "A claim for breach of contract under California law consists of the

15  following elements:  (1) the existence of a contract; (2) performance by the

16  plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach."

17  *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662

18  (9th Cir. 2009); *see also Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104,

19  1123 (C.D. Cal. 2015).  "'An implied-in fact-contract shares the same elements as

20  an express contract, except that offer and acceptance are implied from the parties'

21  conduct.'"  *NovelPoster v. Javitch Canfield Group*, No. 13-5186, 2014 U.S. Dist.

22  LEXIS 113293, *29 (N.D. Cal. 2014) (citation omitted).  Thus, to plead a claim for

23  breach of an implied contract, the plaintiff must allege "'the facts from which the

24  promise is implied,'" thereby alleging the existence of a contract, as well as the

25  remaining elements for a breach-of-contract claim.  *Id*. (citation omitted).

26       Dr. Kiprilov has not satisfied these pleading requirements.  She has not

27  identified any express contract that purportedly provides the basis for her breach

28  claim.  Likewise, she has not identified any conduct on the part of NBME and

herself from which a contract or any promised obligations could plausibly be implied.   As a result, she has not adequately pled the existence of a contract. Likewise, she has not alleged that she performed all of her obligations under the purported implied contract, she has not explained what NBME did to breach the purported implied contract, and she has not provided any facts from which one reasonably could conclude that she suffered damages as a result of the claimed breach.  The Court should therefore dismiss her breach of contract claim.  *See Odle v. MGC Mortg. Inc.*, No. CV-15-05019 DDP, 2016 U.S. Dist. LEXIS 65045, *6-7 (C.D. Cal. 2016) (agreeing with defendants that plaintiff's complaint failed to allege any of the four elements of a breach of contract claim, and granting defendants' motion to dismiss).

### F.  Dr. Kiprilov Has Not Stated A Claim For Unfair And Deceptive Practices Under 15 U.S.C. § 45 Or The California Civil Code

Dr. Kiprilov's sixth cause of action is captioned "UNFAIR AND DECEPTIVE PRACTICE violation under 15 U.S Code § 45 and California state laws."  *See* Am. Comp. at 28.  It consists of what appears to be quotations from the referenced section of the U.S. Code, and the following sentence:   "Civil code Sections 17200, 17205 and 17206 are the State law defining specifically this type of practice."  *Id.* at 29.  No facts are provided in support of this claim, nor are any allegations from earlier in the complaint cross-referenced in the claim.

The sixth cause of action thus fails to comply with the pleading requirements of Rules 8, 9(b) and 12(b)(6).  Generously construed, it is nothing more than an insufficient and "'formulaic recitation of the elements of a cause of action,'" devoid of *any* "'factual enhancement.'"  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The sixth cause of action also fails as a matter of law, making any attempted amendment of the claim futile.  The referenced provision from the U.S. Code is part of the Federal Trade Commission Act ("FTCA").   Under the FTCA, "unfair or

deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1) (2012). However, no private right of action exists under the FTCA. *O'Donnell v. Bank of Am., N.A.*, 504 F. App'x 566, 568 (9th Cir. 2013) ("The federal statute doesn't create a private right of action"); *Bond v. OneWest Bank FSB*, No. 2:15-cv-8701-ODW, 2016 U.S. Dist. LEXIS 25460, *4 (C.D. Cal. 2016). Therefore, Dr. Kiprilov cannot assert a claim based upon 15 U.S.C. § 45.

As noted above, Dr. Kiprilov also makes passing reference to state law in this claim, saying that "Civil code Sections 17200, 17205 and 17206 are the State law defining specifically this type of practice." *Id*. at 29. No such provisions exist in the California Civil Code.

### G. Dr. Kiprilov Has Not Stated A Contract-Based Claim For Joint And Several Liability Against NBME And The ECFMG

Dr. Kiprilov's seventh cause of action is captioned "NBME and ECFMG, jointly and severally." *See* Am. Comp. at 30. It consists of a reference to Civil Code § 1660, quotation of language found in Civil Code § 1642 (relating to when multiple parties may be joined as defendants in a suit), and the following sentence: "Separately from these violations is the question about discrimination." *Id.* No facts are provided or cross-referenced, no "violations" are identified much less supported with facts, and no contract-based claim has been properly stated.

### H. Dr. Kiprilov Has Not Stated A Claim For Employment-Related Discrimination Under 42 U.S.C. § 2000e-2(l)

Dr. Kiprilov's eighth and final cause of action relies upon 42 U.S.C. § 2000e-2(l) and 29 C.F.R. § 1607. *See* Am. Comp. at 30-35. Section 2000-e(l) is part of Title VII of the Civil Rights Act. Title VII bars discriminatory "employment practices" by an "employer," "employment agency," or "labor organization." 42 U.S.C. § 2000e-2. The specific Title VII provision relied upon by Dr. Kiprilov prohibits the "discriminatory use of test scores" by employers:

It shall be an unlawful employment practice for a respondent, in connection with the selection or referral of applicants or candidates for

1
2
3

employment or promotion, to adjust the scores of, use different cutoff scores for, or otherwise alter the results of, employment related tests on the basis of race, color, religion, sex, or national origin.

4   42 U.S.C. § 2000e-2(l).

5   The regulatory citation referenced by Dr. Kiprilov – 29 C.F.R. § 1607 – is to

6   the *Uniform Guidelines On Employee Selection Procedures*.  These *Guidelines* are

7   relevant only where a party is subject to Title VII or "other equal employment

8   opportunity requirements of Federal law."  29 C.F.R. § 1607.2(D).  They are not

9   legally binding, they do not create an independent private of action,[11] and they are

10  applicable only if a plaintiff has stated a cause of action under Title VII or some

11  other federal law relating to a defendant's employment practices.

12  Dr. Kiprilov's claims do not relate to employment practices.  NBME is not

13  her employer, nor has she applied to work at NBME and been required to take Step

14  2 CS as a condition of being hired.  Instead, this dispute involves Dr. Kiprilov's

15  failure to achieve a passing score on a licensing exam.  Jurisdictions use the

16  USMLE, including Step 2 CS, as part of their licensing process for ensuring that

17  physicians possess the knowledge and skills necessary to provide safe and effective

18  healthcare.

19  Title VII and the *Uniform Guidelines* do not apply in this context.  *See, e.g.*,

20  *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 463-64 (9th Cir. 1985)

21  (affirming dismissal of Title VII claim asserted by a plaintiff who alleged that

22  defendant "intentionally lowered his dental examination scores" based on his race);

23  *Woodard v. Va. Bd. of Bar Examiners*, 598 F.2d 1345, 1346 (4th Cir. 1979) (per

24  curiam) ("The district court found and we agree that Title VII, by its own terms,

25  does not apply to the bar examination.") (affirming dismissal of Title VII claim

26  brought by an individual who "failed to achieve a passing score on the

27

28  [11] *See, e.g., Antonelli v. New Jersey*, 419 F.3d 267, 273 (3d Cir. 2005) ("[T]he *Uniform Guidelines*…are mere guidelines and do not establish a cause of action.").

DOCUMENT PREPARED ON RECYCLED PAPER

examination"); *Munsif v. Am. Bd. of Internal Med.*, No. 11-5949, 2012 U.S. Dist. LEXIS 128974, *48-49 (E.D. Pa. 2012) (holding that a foreign medical school graduate could not assert a Title VII claim against the ABIM based on its allegedly discriminatory actions in administering a certification examination to plaintiff, because plaintiff "never had an employment relationship with ABIM"); *Robinson v. Rinaudo*, No. 05-01541, 2007 U.S. Dist. LEXIS 66147, *19-21 (D. Ariz. 2007) (dismissing Title VII claim against the members of a state licensing board, because the board was not plaintiff's employer and "Title VII, by its own terms, does not apply to professional licensing boards"), *aff'd mem.*, 278 Fed. App'x 761 (9th Cir. 2008).   Because Title VII does not apply in this context, Dr. Kiprilov's Complaint must be dismissed.  *See id.*

Dr. Kiprilov's initial Complaint (Docket # 1) did not allege that NBME is an employer within the meaning of Title VII, or that NBME fell within the scope of either of the other classes of entities that might be governed by Title VII in a given case: "employment agencies" and "labor organizations."   Now, however, in response to NBME's motion to dismiss her initial Complaint, she alleges that "NBME/ECFMG "clearly" meets the "federal law criteria/definition for an 'employment agency,'" and also "fulfill[s] the special criteria for an 'employer.'" Am. Comp. at 32 (emphasis omitted).  She provides no facts, however, that would plausibly support her allegations.

Under Title VII, the "term 'employment agency' means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person."  42 U.S.C. § 2000e(c).  Dr. Kiprilov does not cite any case authority for the proposition that a non-profit entity that develops and administers licensing exams falls within the scope of this definition, nor does she allege any facts from which such a conclusion reasonably could be reached.  *See* Am. Comp. at 32-33.  Instead, she quotes definitions of the term "employment agency" from

DOCUMENT PREPARED ON RECYCLED PAPER

Wikipedia and businessdictionary.com, and then asserts that, based upon these definitions, NBME "is an 'employment agency' for medical doctors," because it reports to residency programs whether individuals have achieved passing scores on the USMLE.  *Id*.  Reporting test scores, however, does not amount to "procuring employees for an employer" within the meaning of the statutory definition of an "employment agency."  Dr. Kiprilov urges the Court to apply the "duck test" in this regard – "'If it looks like a duck, swims like a duck, and quacks like a duck, the it probably is a duck,'" *id*. at 32, but the activities of entities that administer licensing exams and report scores from those exams look nothing like the activities of an employment agency.

Nor has Dr. Kiprilov alleged facts showing that NBME meets the Title VII definition of "employer" *with respect to Dr. Kiprilov*.  It is not enough that NBME is engaged in commerce and has "'fifteen or more employees.'"  *See id*. at 32.  Dr. Kiprilov must be one of those employees, or a potential employee, to be covered by Title VII with respect to her purported Title VII claim against NBME.

Finally, dismissal would be warranted even if Dr. Kiprilov's claims fell within the scope of Title VII (and they do not).  Dr. Kiprilov has not pled any facts that, if taken as true, would state a plausible case of discrimination.  *See Twombly*, 550 U.S. at 570.  To plead a discrimination claim, a plaintiff must allege either disparate treatment or disparate impact on the basis of plaintiff's status in a protected class.  Here, Dr. Kiprilov does not allege any disparate treatment by NBME, nor does she allege any disparate impact on a class that is protected under Title VII.  She suggests that there might be a "discriminatory problem" with the Step 2 CS exam, "internal" to the "exam itself," "even if NBME/ECFMG did not have [an] intention to discriminate," but then she says that "the most important issue specifically in this case is not the discriminatory question, but the fact that I have passed each part of the exam, each component/subcomponent and NBME/ECFMG should perform their part of the agreement…."  *See* Am. Comp. at

1  31 (emphasis omitted).  In other words, she is not really complaining about any
2  purported discrimination.  She simply wants NBME to give her a passing result
3  based upon the fact that, on different administrations of the exam, she managed to
4  pass each of three subcomponents of the Step 2 CS exam (even though she did not
5  pass all three subcomponents at the same administration, as required by NBME's
6  published scoring rule).

7  **V.    CONCLUSION**

8      Dr. Kiprilov's Complaint should be dismissed pursuant to Fed. R. Civ. P. 8,
9  9(b) and 12(b)(6).  Further, because she has already amended her complaint once,
10 and any further effort to re-plead her claims would be futile, she should not be
11 granted leave to amend.  *See Cafasso v. Gen'l Dynamics, supra,* 637 F.3d at 1058
12 ("'[t]he district court's discretion to deny leave to amend is particularly broad
13 where plaintiff has previously amended the complaint'") (citation omitted);
14 *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998) (court need
15 not grant leave to amend where "any amendment would be an exercise in futility").

16

17 Dated:  July 15, 2016                   Respectfully submitted,

18                                          **NORTON ROSE FULBRIGHT US LLP**

19                                          By:   /s/ Eric A. Herzog
20                                                Eric A. Herzog

21                                          Attorneys for Defendant
22                                          NATIONAL BOARD OF MEDICAL
                                            EXAMINERS

23
24
25
26
27
28

DOCUMENT PREPARED ON RECYCLED PAPER