Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV, | Case No.: 5:16-cv-00952 JGB (SPx) |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS** |
| v. | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | Hearing Date:  August 22, 2016<br>Hearing Time:  9:00 a.m.<br>Courtroom:  1 |
| Defendant. | Judge Jesus G. Bernal |

DOCUMENT PREPARED ON RECYCLED PAPER

Defendant National Board of Medical Examiners ("NBME") has moved to dismiss plaintiff's First Amended Complaint ("Amended Complaint;" "Am. Comp.") pursuant to Fed. R. Civ. P. 8(a), 9(b), 12(b)(6). Having considered NBME's motion and supporting Memorandum of Points and Authorities, plaintiff's opposition papers (if any), NBME's reply memorandum, and the oral arguments of the parties (if any), it is hereby ORDERED that NBME's motion is granted for the reasons set forth below, and plaintiff's Amended Complaint is dismissed with prejudice for failure to state a claim.

## I. STATEMENT OF FACTS

### A. NBME and the USMLE

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization based in Pennsylvania. In conjunction with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE"). Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians. The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine.

The USMLE has multiple components, or "Steps," that are taken at different times in an individual's medical education and training. One component is the Step 2 Clinical Skills ("CS") examination. The Step 2 CS exam uses simulated doctor-patient encounters, in a standardized environment, to evaluate a prospective physician's fact-gathering, communication and interpersonal skills.

Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). *See* http://www.usmle.org/step-2-cs/#scoring. Under the scoring policies that apply to all examinees, "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *Id.*

DOCUMENT PREPARED ON RECYCLED PAPER

### B. Dr. Kiprilov And Her Complaint in This Action

Plaintiff Yoana Kiprilov ("Dr. Kiprilov") has taken the Step 2 CS exam twice but has not yet achieved a passing result. Proceeding *pro se,* she filed a 38-page complaint on May 10, 2016, in which she asked the Court to, among other things, recognize her "overall exam performance" on Step 2 CS as a "pass result." Complaint at 3. NBME moved to dismiss Dr. Kiprilov's complaint. Dr. Kiprilov responded to NBME's motion to dismiss by filing a First Amended Complaint. Her Amended Complaint cites multiple provisions from the U.S. Code and various California statutes, but her core requested relief remains the same: she asks the Court to recognize her "overall passing outcome" from the two times she took the Step 2 CS as a passing result.

On the two occasions that she has taken Step 2 CS, Dr. Kiprilov achieved passing scores on two of the three subcomponents and thus did not obtain an overall passing result. Complaint ¶ 3. In May 2015, she passed the Communication and Interpersonal Skills (CIS) and Spoken English Proficiency (SEP) subcomponents, but failed the Integrated Clinical Encounter (ICE) subcomponent. In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. *See* Am. Comp. at 57-58 (Ex. V) (Dr. Kiprilov's score reports).

As originally pled, Dr. Kiprilov asserted that she should be allowed to combine the passing subcomponent outcomes from her two separate test administrations, so as to be given a passing Step 2 CS result. Complaint at ¶ 4. In her Amended Complaint, Dr. Kiprilov requests that the Court consider "available remedies" under a number of federal and state statutes, "[compel] a specific performance as an injunctive relief – recognition of my overall passing outcome on Step 2 CS . . . .," and grant her compensatory and/or punitive damages. Am. Comp. at 2; *see also id.* at 36-38. She also requests that, if the Court decides she must re-take the Step 2 CS examination, that the Court "order the Defendants to explain in writing to each residency program I apply to, about how I passed each part of the

exam, but with months and months NBME/ECFMG prevented me from obtaining a residency position and I had to take again a subjective, unreliable, inefficient and defective product/exam." *Id.* at 38. She also asks the Court to order "NBME/ECFMG" to allow her to review her "works and evaluations, so that I know where and what mistakes I made . . . ." *Id.*

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697, (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

A court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party, but "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"Although the scope of review on a Rule 12(b)(6) motion to dismiss is limited to the contents of the complaint, the Court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Black v. CorVel Enterprise Co.*, No. EDCV-14-2588-JGB, 2016 U.S. Dist. LEXIS 59390, *28 (C.D. Cal. April 27, 2016) (citation omitted). "Under the incorporation by reference doctrine, the Court may consider documents not attached to the pleading if: (1) those documents are

referenced extensively in the complaint or form the basis of the plaintiff's claim; and (2) if no party questions their authenticity." *Id*. (citation omitted).

When a plaintiff alleges fraud or misrepresentations, as here, Rule 9(b) imposes a heightened pleading requirement. *Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011). "This heightened pleading standard requires the plaintiff to allege fraud … by detailing 'the who, what, when, where, and how' of the misconduct charged. In other words, the plaintiff must specify the time, place, and content of the alleged fraudulent … misconduct." *Woodard v. Labrada*, No. EDCV-16-00189-JGB, 2016 U.S. Dist. LEXIS 82849, *12 (C.D. Cal. 2016). The heightened pleading requirement applies not only to fraud claims, but also to claims that are similar in nature, such as claims alleging false, fraudulent, or deceptive advertising, or deceptive business practices. *See Sperling v. DSW, Inc.*, No. EDCV-15-1366-JGB, 2016 U.S. Dist. LEXIS 11012, *14-15 (C.D. Cal. 2016).

Finally, pursuant to Fed. R. Civ. P. 8(a) and 8(d), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." This requirement ensures that discovery is controlled, dockets are manageable, and issues are properly joined. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

## III.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

### A. Dr. Kiprilov Has Not Stated A Claim For Intentional Misrepresentation Under The California Civil Code

Dr. Kiprilov's first cause of action attempts to assert a claim for "intentional misrepresentation" under the California Civil Code. *See* Am. Comp. at 18-21. She quotes several Code provisions in support of her claim (§§ 1572, 1573, 1708, 1709, and 1710), *id*. at 19-20, but she never states what the purported misrepresentation was, who made it, when it was made, what she did in reliance on the alleged misrepresentation, or how she was injured because of her reliance. *See id*. at 20-21.

Her complaint thus fails to meet the heightened pleading requirements of Rule 9(b) and fails to state a claim for intentional misrepresentation.

### B. Dr. Kiprilov Has Not Stated A Claim For "False Descriptions" Under 15 U.S.C. § 1125

In her second cause of action, captioned "FALSE DESCRIPTIONS," Dr. Kiprilov quotes from section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), which prohibits making false or misleading statements in describing or advertising goods or services; and 15 U.S.C. § 1117, which states that damages can be recovered for violations of Section 1125(a). *See* Am. Comp. at 21-22. Dr. Kiprilov provides no factual allegations in stating this cause of action, nor does she cross-reference any earlier pages in the complaint where one might find such supporting factual allegations. Accordingly, this claim does not satisfy the pleading requirements of Rule 8(a) or 9(b) and fails to state a claim for which relief may be granted. *See Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, NO. 14-0437, 2014 U.S. Dist. LEXIS 158054, *12-13 (N.D. Cal. 2014) (applying Rule 9(b) pleading requirements to Lanham Act claim where it is "within a complaint that 'sounds in fraud'"); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1103-04 (9th Cir. 2003)).

Dr. Kiprilov also cannot pursue a claim under the Lanham Act as a matter of law. "[T]he Lanham Act authorizes suit only for commercial injuries." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014); 15 U.S.C. § 1127. Dr. Kiprilov has no alleged commercial injuries in this matter. Furthermore, a "false association" claim under 15 U.S.C. § 1125(a)(1)(A), quoted by Dr. Kiprilov in her first claim, is based on "the wrongful use of another's distinctive word, term, name, symbol, or device[.]" *Stiles v. Wal Mart Stores, Inc.*, No. 14-1637, 2014 U.S. Dist. LEXIS 145590, at *2 (E.D. Cal. Oct. 10, 2014) (citation omitted). A "false advertising" claim under 15 U.S.C. § 1125(a)(1)(B), also quoted by Dr. Kiprilov, applies when a plaintiff suffers "injury to a commercial

interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l*, 134 S. Ct. at 1395. These statutory provisions are inapposite here.

### C. Dr. Kiprilov Has Not Stated A Claim for "False Description" Under California Civil Code § 1770

In her third count, Dr. Kiprilov attempts to assert a claim under the Consumers Legal Remedies Act (CLRA), Cal. Civil Code § 1770. This claim is subject to the heightened pleading requirements of Rule 9(b). *See Kearns*, 567 F.3d at 1125 (citation omitted). Dr. Kiprilov, however, has not alleged the "who, what, when, where, and how" of NBME's purported misconduct. Her claim is simply a recitation of certain statutory language. *See* Am. Comp. at 22-23. Dr. Kiprilov has failed to satisfy Rule 8(a) and Rule 9(b), and fails to state a claim for which relief may be granted.

### D. Dr. Kiprilov Has Not Stated A Claim Under The California Business and Professions Code Based On Alleged "False Advertising"

In Dr. Kiprilov's fourth claim, she recites seven provisions of the California Business and Professions Code (§§ 17200, 17500, 17531, 17536, 17202, 17205, 17206) and alleges that "NBME/ECFMG could have published and announced the accurate description of that their product/exam (which they did not), and that it is defective – not reliable, has problems with subjectivity, consequence and contrast effects, and/or has results in a disparate impact." Am. Comp. at 25.

Dr. Kiprilov appears to be attempting to assert claims under the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, and the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, 17531. Once again, however, Dr. Kiprilov has failed to satisfy the pleading requirements of Rules 8(a) and 9(b), and fails to state a claim for which relief may be granted.

Dr. Kiprilov's attempted claim under Cal. Bus. & Prof. Code § 17531 also fails as a matter of law. This statutory provision applies to advertisements of

secondhand, blemished, or rejected merchandise, none of which is at issue here.[1]

### E. Dr. Kiprilov Has Not Stated A Plausible Claim For Breach Of Contract

In her fifth cause of action, Dr. Kiprilov alleges a "BREACH OF CONTRACT by NBME/ECFMG." Am. Comp. at 26. She quotes several Civil Code provisions in support of this claim, but she does not identify the alleged contract or state how it was breached by NBME. *See id*. at 26-28.

Dr. Kiprilov appears to be alleging that she had an "implied-in-fact contract (A.K.A. 'implied contract')" with NBME. *See* Am. Comp. at 27. The source and nature of this alleged implied contract are not stated in her Amended Complaint, however, nor does she identify the obligation(s) that NBME purportedly breached. *See id*. Instead, Dr. Kiprilov asserts in conclusory fashion that "NBME/ECFMG did not perform their part of the agreement," *id.*, and then alleges that she has been damaged as a result of this breach, *id*. at 28 (emphasis omitted).

"A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach." *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662 (9th Cir. 2009); *see also Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015). "'An implied-in fact-contract shares the same elements as an express contract, except that offer and acceptance are implied from the parties' conduct.'" *NovelPoster v. Javitch Canfield Group*, No. 13-5186, 2014 U.S. Dist. LEXIS 113293, *29 (N.D. Cal. 2014) (citation omitted). Thus, to plead a claim for breach of an implied contract, the plaintiff must allege "'the facts from which the promise is implied,'" thereby alleging the existence of a contract, as well as the remaining elements for a breach-of-contract claim. *Id*. (citation omitted).

---

[1] Dr. Kiprilov also references Bus. & Prof. Code § 17530 in the introductory section of her Amended Complaint. *See* Am. Comp. at 2. This statutory provision, which applies to real estate advertisements, is equally inapposite.

Dr. Kiprilov has not satisfied these pleading requirements. She has not identified any express contract that purportedly provides the basis for her breach claim. Likewise, she has not identified any conduct on the part of NBME and herself from which a contract or any promised obligations could plausibly be implied. As a result, she has not adequately pled the existence of a contract. Likewise, she has not alleged that she performed all of her obligations under the purported implied contract, she has not explained what NBME did to breach the purported implied contract, and she has not provided any facts from which one reasonably could conclude that she suffered damages as a result of the claimed breach.

**F. Dr. Kiprilov Has Not Stated A Claim For Unfair And Deceptive Practices Under 15 U.S.C. § 45 Or The California Civil Code**

Dr. Kiprilov's sixth cause of action is captioned "UNFAIR AND DECEPTIVE PRACTICE violation under 15 U.S. Code § 45 and California state laws." Am. Comp. at 28. It consists of what appears to be quotations from the referenced section of the U.S. Code, and the following sentence: "Civil code Sections 17200, 17205 and 17206 are the State law defining specifically this type of practice." *Id.* at 29. No facts are provided in support of this claim, nor are any allegations from earlier in the complaint cross-referenced in the claim. The sixth cause of action fails to comply with the pleading requirements of Rules 8(a) and 9(b) and fails to state a claim for which relief may be granted.

The sixth cause of action also fails as a matter of law. The referenced provision from the U.S. Code is part of the Federal Trade Commission Act ("FTCA"). *See* 15 U.S.C. § 45(a)(1). However, no private right of action exists under the FTCA. *O'Donnell v. Bank of Am., N.A.*, 504 F. App'x 566, 568 (9th Cir. 2013); *Bond v. OneWest Bank FSB*, No. 2:15-cv-8701-ODW, 2016 U.S. Dist. LEXIS 25460, *4 (C.D. Cal. 2016). Therefore, Dr. Kiprilov cannot assert a claim based upon 15 U.S.C. § 45.

Dr. Kiprilov also makes passing reference to state law in this claim, saying that "Civil code Sections 17200, 17205 and 17206 are the State law defining specifically this type of practice." *Id.* at 29. No such provisions exist in the California Civil Code.

### G. Dr. Kiprilov Has Not Stated A Contract-Based Claim For Joint And Several Liability Against NBME And The ECFMG

Dr. Kiprilov's seventh cause of action is captioned "NBME and ECFMG, jointly and severally." *See* Am. Comp. at 30. It consists of a reference to Civil Code § 1660, quotation of language found in Civil Code § 1642 (relating to when multiple parties may be joined as defendants in a suit), and the following sentence: "Separately from these violations is the question about discrimination." *Id.* No facts are provided or cross-referenced, no "violations" are identified or supported with facts, and no contract-based claim has been properly stated.

### H. Dr. Kiprilov Has Not Stated A Claim For Employment-Related Discrimination Under 42 U.S.C. § 2000e-2(l)

Dr. Kiprilov's eighth and final cause of action relies upon 42 U.S.C. § 2000e-2(l) and 29 CFR § 1607. *See* Am. Comp. at 30-35. Section 2000-e(l) is part of Title VII of the Civil Rights Act. Title VII bars discriminatory "employment practices" by an "employer," "employment agency," or "labor organization." 42 U.S.C. § 2000e-2. The specific Title VII provision relied upon by Dr. Kiprilov prohibits the "discriminatory use of test scores" by employers. *See* 42 U.S.C. § 2000e-2(l).

The regulatory citation referenced by Dr. Kiprilov – 29 C.F.R. § 1607 – is to the *Uniform Guidelines On Employee Selection Procedures*. These *Guidelines* are relevant only where a party is subject to Title VII or "other equal employment opportunity requirements of Federal law." 29 C.F.R. § 1607.2(D). They are not legally binding, they do not create an independent private of action,[2] and they are

---

[2] *See, e.g., Antonelli v. New Jersey*, 419 F.3d 267, 273 (3d Cir. 2005).

applicable only if a plaintiff has stated a cause of action under Title VII or some other federal law relating to a defendant's employment practices.

Dr. Kiprilov's claims do not relate to employment practices. NBME is not her employer, nor has she applied to work at NBME and been required to take Step 2 CS as a condition of being hired. Instead, this dispute involves Dr. Kiprilov's failure to achieve a passing score on a licensing exam. Jurisdictions use the USMLE, including Step 2 CS, as part of their licensing process for ensuring that physicians possess the knowledge and skills necessary to provide safe and effective healthcare. Title VII and the *Uniform Guidelines* do not apply in this context. *See, e.g.*, *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 463-64 (9th Cir. 1985); *Woodard v. Va. Bd. of Bar Examiners*, 598 F.2d 1345, 1346 (4th Cir. 1979) (per curiam); *Munsif v. Am. Bd. of Internal Med.*, No. 11-5949, 2012 U.S. Dist. LEXIS 128974, *48-49 (E.D. Pa. 2012); *Robinson v. Rinaudo*, No. 05-01541, 2007 U.S. Dist. LEXIS 66147, *19-21 (D. Ariz. 2007).

Dr. Kiprilov alleges that "NBME/ECFMG "clearly" meets the "federal law criteria/definition for an 'employment agency,'" and also "fulfill[s] the special criteria for an 'employer.'" Am. Comp. at 32 (emphasis omitted). She provides no facts, however, that would plausibly support her allegations.

Under Title VII, the "term 'employment agency' means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 2000e(c). Dr. Kiprilov does not cite any case authority for the proposition that a non-profit entity that develops and administers licensing exams falls within the scope of this definition, nor does she allege any facts from which such a conclusion reasonably could be reached. *See* Am. Comp. at 32-33. She quotes definitions of the term "employment agency" from Wikipedia and businessdictionary.com, and then asserts that, based upon these definitions, NBME "is an 'employment agency' for medical doctors," because it reports to

1  residency programs whether individuals have achieved passing scores on the
2  USMLE. *Id*. Reporting test scores, however, does not amount to "procuring
3  employees for an employer" within the meaning of the statutory definition of an
4  "employment agency." Nor has Dr. Kiprilov alleged facts showing that NBME
5  meets the Title VII definition of "employer" *with respect to Dr. Kiprilov*.

6  Even if Title VII applied here, Dr. Kiprilov has not pled any facts that, if
7  taken as true, would state a plausible case of discrimination. *See Twombly*, 550
8  U.S. at 570. She suggests that there might be a "discriminatory problem" with the
9  Step 2 CS exam, "internal" to the "exam itself," "even if NBME/ECFMG did not
10 have [an] intention to discriminate," but then she says that "the most important
11 issue specifically in this case is not the discriminatory question, but the fact that I
12 have passed each part of the exam, each component/subcomponent and
13 NBME/ECFMG should perform their part of the agreement…." *See* Am. Comp. at
14 31 (emphasis omitted). In other words, she is not really complaining about any
15 purported discrimination. She simply wants NBME to give her a passing result.

## IV. CONCLUSION

For the foregoing reasons, Dr. Kiprilov has failed to state any claim for which relief can be granted. Because Dr. Kiprilov has already amended her complaint once, and any further effort to re-plead her claims would be futile, she is not granted leave to amend. *See Cafasso v. Gen'l Dynamics, supra,* 637 F.3d at 1058 (citation omitted); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). NBME's motion to dismiss Dr. Kiprilov's First Amended Complaint is GRANTED and Dr. Kiprilov's First Amended Complaint is hereby DISMISSED WITH PREJUDICE.

Dated: _____, 2016          _____
                                    Jesus G. Bernal
                                    United States District Judge

DOCUMENT PREPARED ON RECYCLED PAPER