1  MORGAN, LEWIS & BOCKIUS LLP
   Meghan Lynn Phillips, Bar No. 272095
2  meghan.phillips@morganlewis.com
   300 South Grand Avenue, 22nd Floor
3  Los Angeles, CA 90071
   Tel:   +1.213.612.2500
4  Fax:   +1.213.612.2501

5  MORGAN, LEWIS & BOCKIUS LLP
   Brian W. Shaffer (*pro hac vice* to be filed)
6  brian.shaffer@morganlewis.com
   Elisa P. McEnroe (*pro hac vice* to be filed)
7  elisa.mcenroe@morganlewis.com
   1701 Market Street
8  Philadelphia, PA 19103-2921
   Tel:   +1.215.963.5000
9  Fax:   +1.215.963.5001

10

11 Attorneys for Defendant
   Educational Commission for Foreign Medical
12 Graduates

13             UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 YOANA AYANOVA KIPRILOV,              Case No. 5:16-CV-00952

17             Plaintiff,                **DEFENDANT EDUCATIONAL
                                         COMMISSION FOR FOREIGN
18        vs.                            MEDICAL GRADUATES'
                                         NOTICE OF MOTION AND
19 NATIONAL BOARD OF MEDICAL            MOTION TO DISMISS;**
   EXAMINERS, EDUCATIONAL
20 COMMISSION FOR FOREIGN               **MEMORANDUM OF POINTS
   MEDICAL GRADUATES,                    AND AUTHORITIES IN
21                                       SUPPORT THEREOF**
             Defendants.
22                                       Date:     August 29, 2016
                                         Time:     9:00 a.m.
23                                       Ctrm:     1
                                         Judge:    Hon. Jesus G. Bernal
24
                                         [Notice of Interested Parties
25                                       concurrently filed herewith]

26                                       [Proposed Order concurrently filed
                                         herewith]
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT, on August 29, 2016, at 9:00 a.m., or as soon thereafter as it may be heard, before the Honorable Jesus G. Bernal, in Courtroom 1 of the United States District Courthouse for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California, 92501-3801, defendant Educational Commission for Foreign Medical Graduates ("ECFMG") will and hereby does move the Court to dismiss Plaintiff's First Amended Complaint (Docket #9) pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).

This motion is made following a telephone conference between one of ECFMG's attorneys and Dr. Kiprilov (proceeding *pro se*) pursuant to L.R. 7-3, which took place on July 18, 2016. The parties were not able to reach any resolution that would make the filing of this motion unnecessary.

ECFMG's Motion to Dismiss is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such further argument as may be offered in any reply memorandum or at the time of the hearing of this Motion. A proposed Order accompanies this Notice of Motion.

Dated:     July 28, 2016                MORGAN, LEWIS & BOCKIUS LLP


By: /s/ Meghan Lynn Phillips
    Meghan Lynn Phillips

    Attorney for Defendant
    EDUCATIONAL COMMISSION
    FOR FOREIGN MEDICAL
    GRADUATES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

2

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Yoana Ayanova Kiprilov sued the National Board of Medical Examiners ("NBME") and the Educational Commission for Foreign Medical Graduates ("ECFMG") because she disagrees with how a standardized examination required for entry into U.S. medical residency programs is scored. While she may not like how the scoring is done, that does not translate into any valid legal claims, especially not any such claims against ECFMG.

As is detailed below in Section III.A, Dr. Kiprilov has failed to state a claim upon which relief can be granted. Further, even if this Court finds that she has stated a claim(s) upon which relief can be granted, ECFMG is not a proper defendant in this action (*see* Section III.B). Accordingly, ECFMG moves this Court to dismiss Dr. Kiprilov's Amended Complaint in its entirety.

## II.    BACKGROUND

ECFMG is a non-profit organization based in Philadelphia, Pennsylvania. *See* ECFMG website screenshot, pg. 11-12 (Docket #9-2).[1] ECFMG promotes quality health care for the public by, among other things, certifying international medical graduates ("IMGs") for entry into graduate medical education in the United States. *Id*. ECFMG fills several roles in the U.S. medical community, including with respect to registering IMGs to take the United States Medical Licensing Examination ("USMLE"). *Id*. ECFMG does not, however, exercise control over the design of the USMLE, which is sponsored by the Federation of State Medical

---

[1] "Although the scope of review on a Rule 12(b)(6) motion to dismiss is limited to the contents of the complaint, the Court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Black v. CorVel Enterprise Co.*, No. EDCV-14-2588-JGB, 2016 U.S. Dist. LEXIS 59390, *28 (C.D. Cal. 2016) (citation omitted). Dr. Kiprilov has attached a number of exhibits to her Amended Complaint, and ECFMG properly refers to them herein.

1    Boards ("FSMB") and the NBME, or decide how the USMLE is scored. *See*
2    USMLE website screenshot, pg. 13 (Docket #9-2).

3         The USMLE has multiple components, or "Steps," that are taken at different
4    points during medical education. *Id*. pg. 13-14. One component is the Step 2
5    Clinical Skills ("CS") examination, which uses simulated doctor-patient encounters,
6    in a standardized environment, to evaluate a prospective physician's fact-gathering,
7    communication, and interpersonal skills. *Id*. Dr. Kiprilov has taken the Step 2 CS
8    exam twice and has failed each time. *See* Kiprilov USMLE score report, pg. 9-10
9    (Docket #9-2).

10        Dr. Kiprilov filed this lawsuit against NBME and ECFMG. Proceeding *pro*
11   *se*, Dr. Kiprilov filed a 38-page Complaint on May 10, 2016, asking the Court to
12   recognize her "overall exam performance" on Step 2 CS as a "pass result." First
13   Amended Complaint ("FAC"), pg. 3, 38 (Docket #1). Essentially, instead of taking
14   the Step 2 CS exam a third time (because she did not pass all three components
15   thereof in a single sitting), Dr. Kiprilov brought this lawsuit asking this Court to
16   award her a passing score (and damages she claims she is somehow entitled to for
17   having failed the exam on the two previous occasions). *Id*. pg. 2.

18        Following NBME's filing of a Motion to Dismiss the Complaint, *see* Docket
19   #6, Dr. Kiprilov filed her Amended Complaint. *See* Docket #9 (filed July 11, 2016).
20   The Amended Complaint cites to numerous provisions of the U.S. Code and
21   various California statutes, but Dr. Kiprilov's core requested relief remains the
22   same: for the Court to award her an "overall passing outcome" by aggregating the
23   best scores from the two times she took the Step 2 CS. FAC pg.1-2. ECFMG moves
24   to dismiss Dr. Kiprilov's case in its entirety, or at a minimum, to dismiss all claims
25   as to ECFMG in particular.[2]

26

27   _____
     [2] Plaintiff filed a Motion for Partial Summary Judgment on July 25, 2016. *See* Docket # 13.
28   Nothing therein changes ECFMG's arguments in the present Motion. ECFMG will respond to
     Plaintiff's Motion for Summary Judgment in due course.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

4

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

## III.   ARGUMENT

### A.   Dr. Kiprilov Has Failed to State a Claim Upon Which Relief Can Be Granted.

In order to avoid redundant filings and to reduce the burden on the parties and the Court, ECFMG respectfully joins the motion to dismiss filed by co-defendant NBME (Docket #12) and adopts NBME's arguments that Dr. Kiprilov's Amended Complaint fails to satisfy the standards established by Fed. R. Civ. P. 8(a), 8(d), 9(b), or 12(b)(6).[3] NBME's arguments apply equally to ECFMG insofar as Dr. Kiprilov has: (1) failed to allege any misrepresentation or false statement made by ECFMG to her; (2) failed to identify any agreement, express or implied, between her and ECFMG; and (3) failed to allege any employment-related practices that could plausibly be the subject of a Title VII claim.

Accordingly, Dr. Kiprilov's Amended Complaint should be dismissed in its entirety with prejudice.

### B.   Even if Dr. Kiprilov Has Stated a Valid Claim—Which She Has Not—ECFMG Is The Wrong Defendant.

ECFMG cannot provide the relief Dr. Kiprilov's seeks.  As such, ECFMG is not an appropriate defendant and should be dismissed from this case. *See, e.g.*,

---

[3] The Court may consider arguments of another party incorporated by reference in a dispositive motion. *See*, *e.g.*, *Sebastian Int'l, Inc. v. Russolillo*, 2005 U.S. Dist. LEXIS 45828, *40 (C.D. Cal. Feb. 22, 2005) ("the retailer Defendants' papers request independently that the retailer Defendants be granted partial summary judgment and simply incorporate by reference the arguments in [co-defendant's] papers. This is permissible, and Plaintiff cites no rule or authority prohibiting it."); *Designing Health v. Erasmus*, 1999 U.S. Dist. LEXIS 23610, *11 (C.D. Cal. Sept. 8, 1999) ("each of the defendants incorporate by reference the arguments made by the other defendant. As such, the Court addresses both motions at once."); *Nat'l Wildlife Fedn v. Nat'l Marine Fisheries Serv.*, 2016 U.S. Dist. LEXIS 59195, *44 (D. Ore. May 4, 2016) ("Because [the plaintiffs] incorporate by reference or otherwise adopt each other's arguments, the Court simply attributes arguments collectively to Plaintiffs, unless otherwise specified").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

5

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

1    *Oghogho v. Operating Eng'rs Local 3 Dist. 80*, 2009 U.S. Dist. LEXIS 9860, *28

2    (E.D. Cal. Jan. 28, 2009) (granting the defendant's motion for summary judgment

3    where the *pro se* plaintiff provided no evidence that the defendant had any authority

4    over the employment decisions the plaintiff complained about).

5         Throughout her Amended Complaint, Dr. Kiprilov refers to the defendants as

6    "NBME/ECFMG," as if they were interchangeable. As NBME noted in its first

7    Motion to Dismiss (Docket #6), "[Plaintiff's use of the acronym NBME/ECFMG]

8    appears to reflect a misunderstanding regarding [ECFMG] and its relationship to

9    the NBME. The ECFMG is not a subdivision of the NBME. . . The ECFMG is not

10   a sponsor of the USMLE program. It is unclear whether Dr. Kiprilov intended to

11   include the ECFMG as an additional defendant, or simply made a mistake in

12   identifying the NBME." *Id*. pg. 1.

13        Dr. Kiprilov acknowledges that ECFMG does not have the power to change

14   her score on a component of the USMLE. *See* FAC pg. 12 (Docket #1) ("I initially

15   addressed my problem with ECFMG, the first level for complaints. . . It was my

16   own decision to involve NBME, although there is no official announcement about

17   whose responsibility it is for problems with the exams. Involving NBME turned out

18   to be the right decision. . . NBME took responsibility (they create the exam). . .").

19        Among the many exhibits to Dr. Kiprilov's Amended Complaint is a

20   description of ECFMG's mission and activities as well as a description of the

21   USMLE from the USMLE website. *See, e.g.*, USMLE website screenshot, pg. 11-

22   12 (Docket #9-2). The USMLE is "cosponsored and co-owned by the NBME and

23   the FSMB." Dr. Kiprilov also includes screenshots from a website called "End Step

24   2 CS," which purports to solicit signatures for a petition to end the administration

25   of the Step 2 CS component of the USMLE. The website's Frequently Asked

26   Questions section states that "[t]he USMLE is jointly controlled by two

27   organizations—the National Board of Medical Examiners (NBME) and the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

6

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

Federation of State Medical Boards . . ." Indeed, the screenshots from the "End Step 2 CS" website included in Dr. Kiprilov's exhibit do not reference ECFMG at all. *See* End Step 2 CS website screenshot, pg. 14 (Docket #9-3). To the contrary, the websites show that two *other* organizations are responsible for the USMLE.

Thus, even if Dr. Kiprilov has stated a plausible claim for relief under the applicable standards—which ECFMG respectfully submits she has not—ECFMG is not properly a defendant because at no time did ECFMG have the authority to decide whether Dr. Kiprilov passed USMLE Step 2 CS. Nor does ECFMG have the ability to give Dr. Kiprilov the relief she seeks of having her examination score deemed a pass. Accordingly, even if this Court finds that Dr. Kiprilov has stated a claim upon which relief can be granted, ECFMG should be dismissed as a defendant.

## IV.   **CONCLUSION**

As NBME detailed in their Motion to Dismiss, Dr. Kiprilov's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6). Further, because she has already amended her complaint once, and any further effort to replead her claims would be futile, she should not be granted leave to amend. *See Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("'[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint'") (citation omitted); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave to amend where "any amendment would be an exercise in futility").

Dated: July 28, 2016                  MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Meghan Lynn Phillips
Meghan Lynn Phillips

Attorney for Defendant
EDUCATIONS COMMISSION FOR
FOREIGN MEDICAL GRADUATES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

7

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on July 28, 2016, I electronically filed the foregoing

3    **DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL**

4    **GRADUATES' NOTICE OF MOTION AND MOTION TO DISMISS;**

5    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

6    **THEREOF** with the Clerk of the Court for the United States District Court, Central

7    District of California by using the CM/ECF system. I certify that all participants in

8    the case are registered CM/ECF users and that service will be accomplished by the

9    CM/ECF system.

10

11                              /s/ Meghan Lynn Phillips

12                              Meghan Lynn Phillips

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On July 28, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in a sealed envelope, postage fully paid, addressed as follows:

Plaintiff Yoana Ayanova Kiprilov
1053 E. 6th Street, Apt. 26
Ontario, CA 91764

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on July 28, 2016, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Christine Zavala

9

NOTICE OF MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF
DISMISSAL
5:16-CV-00952