Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV,<br><br>   Plaintiff,<br><br>   v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>   Defendant. | Case No.: 5:16-cv-00952 JGB (SPx)<br><br>**NBME'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND NBME'S STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>Hearing Date:   August 22, 2016<br>Hearing Time:   9:00 a.m.<br>Courtroom No.: 1<br><br>Judge Jesus G. Bernal |

**NBME's Response to Plaintiff's Statement of Undisputed Facts**

| Pl.'s SUF No: | Fact: | Supporting Evidence: | Def.'s Response: |
|---|---|---|---|
| 1. | The three parts (ICE, CIS, SEP) are called and refer to as "components" of Step 2 CS, by NBME. See also 7.<br><br>"Hartman v. NBME" case, NBME used word "components" for parts of Step 2 CS-exam | Pl's. Decl. Exhibit A- Defendant's own official website-posted publications (btw.2009-2015), and in "Hartman v. NBME"- case- NBME's own answers and responses. | Disputed. The official USMLE policies refer to the ICE, CIS and SEP parts of the Step 2 CS exam as "subcomponents" of Step 2 CS. Decl. of Gerard Dillon ("Dillon Decl.") at Ex. 2; Ex. 5, p.1; and Ex. 6, p.10. The reference to the Hartman v. NBME case is not a statement of facts |
| 2. | The three parts (ICE, CIS, SEP) are also called "subcomponents" of Step 2 CS, by NBME. See also 7. | Defendant's own official website-publications and statements; motions to dismiss. | Undisputed. Although Plaintiff's statement is vague, NBME agrees that the official USMLE policies refer to the ICE, CIS and SEP as "subcomponents" of Step 2 CS. Dillon Decl. at Ex. 2; Ex. 5, p.1; and Ex. 6, p.10. |

| # | | | |
|---|---|---|---|
| 3. | The official NBME-publications (between 2009-2015) are made by NBME-staff members and in their official capacity (as NBME-representatives). See also 10. | Pl's. Decl. Exhibit B. | Disputed.  Not all of the authors listed in the apparent "publication" excerpts included in Plaintiff's exhibits are NBME employees. |
| 4. | The official NBME-publications (btw. 2009-2015) about Step 2 CS are made by NBME-staff members, who have superior knowledge and experience than the Plaintiff, regarding Step2 CS.  Or, the NBME-staff members claim to have "considerable knowledge and experience" regarding the 2 CS, which the Plaintiff does not claim have. | Pl's. Decl. Exhibit B, publication ('Enhancement of the Assessment of Physician Patient Communication Skills in…[USMLE]." NBME's 2009 and 2015' annual reports. | Disputed.  Plaintiff's statement is compound.  Not all of the authors listed in the apparent "publication" excerpts included in Plaintiff's exhibits are NBME employees.  Undisputed that at least some NBME staff members have more knowledge or experience than Plaintiff regarding the Step 2 CS exam. |
| 5. | The official NBME's and ECFMG's publications, and their own annual reports, are published and provided to the public/society (incl. med. graduates/physicians), and with the intent to induce reliance on the information provided by them about Step 2 CS-exam (among other information in the reports). | Pl.'s Declaration. | Undisputed that NBME makes its annual reports available to the general public.  Disputed that NBME publishes its annual reports "to induce reliance" by any examinee regarding policies for the Step 2 CS. |

27411833.1

- 3 -

NBME'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | | |
|---|---|---|---|
| 6. | Other (international medical graduates and physicians, who are taking or have taken the exam, refer to and call the parts of step 2 CS (ice, cis, sep) "components" (as seen in the Internet, USMLE-related forums, websites or youtube-videos). | Pl's Declaration, Exhibit C. | Undisputed that Plaintiff has provided documents which indicate that some third parties, in contexts not relevant to the present dispute, have sometime referred to the Step 2 CS subcomponents as "components." |
| 7. | There is no officially announced difference (if any) between "component" and "subcomponent", in terms of their characteristic features. | Pl.'s Declaration. | Disputed. Plaintiff's statement is vague and is not supported by any evidence other than her own opinion. |
| 8. | NBME and ECFMG have two official policy Rules "Retakes" and "time-limit", that apply to "components" only (since only "component" is mentioned in them). | Pl.'s Declaration, And Exhibit D. | Disputed. There is no USMLE program policy regarding time limits. There is a USMLE program policy regarding retakes, but that policy applies to Steps and Step Components. Dillon Decl. ¶ 18, Ex. 7, pp. 4, 12-13 (USMLE Bulletin). |
| 9. | The "Retakes" and "time-limit" rules have not been applied in Plaintiff's case regarding Step 2 CS- ICE and CIS components, due to unknown reasons (considering that the three parts | Pl.'s Declaration | Undisputed that the "retakes" rule has not been applied to Plaintiff; it has no relevance to her current situation. |

| | | | |
|---|---|---|---|
| | of 2 CS-exam are "components"). | | Disputed that there is any USMLE "time-limits" rule. *See* Dillon Decl. ¶ 18, Ex. 7, pp. 4, 12-13 (USMLE Bulletin). |
| 10. | NBME-staff members are aware of the information published in their own publications or the published information (by their NBME-colleagues' regarding) step 2 CS and its parts. | Pl.'s Motion for a partial summary judgement. | Disputed. Plaintiff's statement is vague and unsupported. Undisputed that NBME certain staff members are aware of information published in certain NBME publications. |
| 11. | NBME and ECFMG do not consider Plaintiff's overall 2 CS-score as a "pass" result. | Pl.'s Declaration and Motion for partial summary judgement, Defendant-NBME's motion to dismiss. | Undisputed as to NBME. |
| 12. | Plaintiff has passed each of the three "components"/"subcomponents" of step 2 CS in 2015, in her two attempts, not in one. | Pl.'s Am. Complaint, Motion for partial summary judgement and Declaration. | Disputed as stated, to the extent it is intended to suggest that Plaintiff has ever passed all of the Step 2 CS subcomponents in a single administration. Plaintiff passed the CIS and SEP subcomponents of Step 2 CS in May 2015, but failed the ICE subcomponent. |

| | | | |
|---|---|---|---|
| | | | *See* Dillon Decl. at Ex. 8. Plaintiff passed the ICE and SEP subcomponents in September 2015, but failed the CIS subcomponent. *See id.* at Ex. 9. |
| 13. | NBME and ECFMG have not issued the ECFMG-certification (based on her exam-results) to the Plaintiff and she cannot be employed as a resident physician due to the residency program's requirement for the certificate. | Pl.'s Am. Complaint, Declarations and Motion for Partial summary Judgement. | Undisputed, on information and belief, that the ECFMG has not issued Plaintiff an ECFMG certificate and that Plaintiff cannot yet been employed as a resident physician. Disputed, however, to the extent Plaintiff's statement suggests that NBME has anything to do with the above facts. NBME is not responsible for issuing "ECFMG-certification." *See* Dillon Decl. ¶ 22. |

DOCUMENT PREPARED ON RECYCLED PAPER

| | | | |
|---|---|---|---|
| 14. | Plaintiff and Defendants have demonstrated a "reciprocal"/mutual activities, or they have an implied agreement/contract: Pl. pays and takes the exam and receives the certificate after passing the exam, Defendants take the money, administer and score the exam, and issue the certificate (when the exam is passed). | Pl.'s Motion for Summary Judgement. | Plaintiff's statements are statements of law not fact, and are unsupported by any evidentiary citations. Undisputed, however, that the relationship between Plaintiff and NBME is contractual in nature. Disputed that NBME issue the ECFMG certificate. NBME is not responsible for issuing ECFMG certificates. *See* Dillon Decl. ¶ 22. |
| 15. | Plaintiff' two result reports from 2015, read that "it is necessary to pass all three subcomponents in order to obtain an overall passing outcome on the Step 2 CS." No "single administration" is written in the reports.<br>NBME 2009 Annual report also does not have "single administration" requirement. | Pl.'s Declaration and Exhibits G and H (NBME 2009 Annual report). | Undisputed as to the first two statements. Also undisputed as to the third statement (because the NBME's 2009 Annual Report does not set forth requirements for passing any exams). |
| 16. | Step 2 CS had reliability problems before, and research studies have shown other factors that affect the scores, but are unrelated to the skills tested." | Pl.'s Declaration, Exhibit I. | Disputed. Plaintiff has not supported these contentions. |

DOCUMENT PREPARED ON RECYCLED PAPER

**NBME's Statement of Undisputed Facts**

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The USMLE program's official scoring policies for the Step 2 CS examination state, in part, as follows: "USMLE Step 2 CS is a pass/fail examination. Examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). **Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS.**" | Dillon Decl. ¶ 16 and Ex. 5, p. 1 (emphasis added). |
| 2. | The *Step 2 Clinical Skills (CS) Content Description and General Information* booklet states as follows: "Examinees are scored in three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). **Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS**." | Dillon Decl. ¶ 17 and Ex. 6, p.10 (emphasis added). |
| 3. | The USMLE scoring policies are published on the USMLE program's website. The scoring policies were available on the USMLE website prior the two dates in 2015 when Dr. Kiprilov took her two administrations of the Step 2 CS examination. | Dillon Decl. ¶ 16. |

| | | |
|---|---|---|
| 4. | The *Step 2 Clinical Skills (CS) Content Description and General Information* booklet is published on the USMLE program's website. The booklet was available on the USMLE website prior the two dates in 2015 when Dr. Kiprilov took her two administrations of the Step 2 CS examination. | Dillon Decl. ¶ 17. |
| 5. | Dr. Kiprilov has taken the Step 2 CS exam twice, once in May 2015 and once in September 2015. | Dillon Decl. at Exs. 8 and 9. |
| 6. | On both occasions on which she has tested to date, Dr. Kiprilov did not achieve a passing result on the Step 2 CS exam. | Dillon Decl. at Exs. 8 and 9. |
| 7. | The USMLE program does not have a policy that limits the time within which Step exams must be completed. Any such time limits are imposed by state medical authorities or other third parties. | Dillon Decl. at Ex. 7, p. 4. |
| 8. | Dr. Kiprilov may take the Step 2 CS exam up to four additional times if necessary to achieve a passing score, and she is eligible to retest immediately. | Dillon Decl. at Ex. 7, p. 4; and Exs. 8 and 9. |

Dated: August 1, 2016

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Eric A. Herzog*
    Eric A. Herzog

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS