Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV, | Case No.: 5:16-cv-00952 JGB (SPx) |
| Plaintiff, | **[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | Hearing Date:  August 22, 2016<br>Hearing Time:  9:00 a.m.<br>Courtroom:      1 |
| Defendant. | Judge Jesus G. Bernal |

DOCUMENT PREPARED ON RECYCLED PAPER

27411878.1

- 1 -

Plaintiff Yoana Ayanova Kiprilov ("Dr. Kiprilov") moves for partial summary judgment on several of her claims. Defendant National Board of Medical Examiners ("NBME") opposed the motion. Having considered the parties' briefs and the evidence presented, and the oral arguments of the parties (if any), it is hereby ORDERED that Dr. Kiprilov's motion is DENIED for the reasons set forth below.

## I. STATEMENT OF FACTS

### A. NBME and the USMLE

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization based in Pennsylvania. In conjunction with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE"). Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians. The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine.

The USMLE has multiple "Steps" that are taken at different times in an individual's medical education and training: Step 1, Step 2 and Step 3. The Step 2 exam has two components: the Step 2 Clinical Knowledge examination ("Step 2 CK"), and the Step 2 Clinical Skills examination ("Step 2 CS"). Step 2 CK is a multiple choice examination. Step 2 CS uses simulated doctor-patient encounters, in a standardized environment, to evaluate a prospective physician's fact-gathering, communication and interpersonal skills.

This case involves the Step 2 CS examination. Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). Examinees are told in advance of testing that "[e]ach of the three subcomponents must be passed in a single administration in

order to achieve a passing performance on Step 2 CS." (Declaration of Gerald F. Dillon ("Dillon Decl."), ¶ 16 and Ex. 5, p.1; *and id*. ¶ 17 and Ex. 6., p. 10.)

### B. Dr. Kiprilov And Her Complaint in This Action

Dr. Kiprilov is a graduate of an international medical school. To continue her graduate medical training as a resident and ultimately become a licensed physician in the United States, Dr. Kiprilov must obtain passing scores on the USMLE Step examinations. She has achieved passing scores on Step 1 and Step 2 CK. (Declaration of Yoana Kiprilov ("Kiprilov Decl."), ¶ 6.) She has not passed Step 2 CS. (*Id.*, ¶ 7.)

On the two occasions that she has taken Step 2 CS, Dr. Kiprilov achieved passing scores on two of the three subcomponents and thus did not obtain an overall passing result. (Complaint, ¶ 3.) In May 2015, she passed the Communication and Interpersonal Skills (CIS) and Spoken English Proficiency (SEP) subcomponents, but failed the Integrated Clinical Encounter (ICE) subcomponent. (*See* Dillon Decl., Ex. 8.) In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. (*See id.*, Ex. 9.)

Dr. Kiprilov believes she should be allowed to combine the passing subcomponent outcomes from her two separate test administrations, to create a hybrid passing Step 2 CS result. *See* Complaint at ¶ 4 ("My 'overall' performance on the exam (USMLE Step 2 CS) could be reasonably, logically and safely considered as a pass result."); Am. Comp. at 2, ¶ C (asking the Court to award "specific performance as an injunctive relief – recognition of my overall passing outcome on Step 2 CS").

## II. LEGAL STANDARD

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law,

1  there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S.
2  at 250. Only if the moving party meets its initial burden must the non-moving party
3  produce enough evidence to rebut the moving party's claim and create a genuine
4  issue of material fact. *See* Fed. R. Civ. P. 56(c)(1).

5      "The evidence of the non-movant is to be believed, and all justifiable
6  inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
7  242, 255 (1986) (citation omitted). "A trial court can only consider admissible
8  evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*,
9  285 F.3d 764, 773 (9th Cir. 2002).

## III. DR. KIPRILOV IS NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT

### A. Dr. Kiprilov Is Not Entitled to Summary Judgment on Her Breach of Contract Claim

13      "A claim for breach of contract under California law consists of the
14  following elements: (1) the existence of a contract; (2) performance by the
15  plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach."
16  *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662
17  (9th Cir. 2009); *see also Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104,
18  1123 (C.D. Cal. 2015).

19      Dr. Kiprilov argues that she has an implied contract with NBME, the terms
20  of which "are specifically stated on the USMLE-website and ECFMG-websites."
21  (Pl.'s SJ Mot. at 23.) She contends that the terms of the contract include: "the price
22  of the exam," "the time period," "the way the exam is administered," "the scoring,"
23  and "the Rules that apply to that exam." (*Id.* at 23-24.) NBME agrees that its
24  relationship with Dr. Kiprilov is contractual in nature. NBME also agrees with Dr.
25  Kiprilov that the terms of the contract are found in the policies and procedures that
26  the USMLE program makes available to prospective examinees on the USMLE
27  website. (*See* www.usmle.org).

28

According to Dr. Kiprilov, NBME breached the parties' contract by: (1) "not applying their own policy rules ('Retakes' and 'time-limit');" (2) "not recognizing her 'overall' passing score on Step 2 CS based on these rules and her pass results on CIS, ICE, SEP-component"; and (3) "not issu[ing] the ECFMG-certificate to [her]." (Pl.'s SJ Mot. at 25-26.) The Court disagrees. Her arguments regarding NBME's alleged breaches are based on a USMLE testing policy that is not relevant to her current situation (the policy on "retakes"), a purported USMLE policy that does not exist (the so-called "time limits" policy), and other factual premises that are both misplaced and unsupported by record evidence.

The language of the USMLE program's retake policy, as set forth in the *USMLE Bulletin*, is unambiguous. It applies to retaking a USMLE "examination," not to retaking a part of an examination. (*See* Dillon Decl. ¶ 18, Ex. 7 at 4.) Moreover, the policy's reference to "retak[ing] a Step or Step Component" is clearly a reference to the Steps and Step Components identified immediately above the policy: "STEPS 1, 2 CK, and 2 CS," and STEP 3." While Steps 1 and 3 are single-examination Steps, Step 2 comprises two distinct examinations, Step 2 CK and Step 2 CS, which are designated as Step Components. The retake policy thus imposes limits on the number of times an individual can take Step 1, Step 2 CK, Step 2 CS, and Step 3. The policy cannot reasonably be interpreted as being applicable to retaking subcomponents of the Step 2 CS examination. Accordingly, the retake rule does not apply to Dr. Kiprilov's current situation and has not been "breached" by NBME.

Further, Dr. Kiprilov's attempted reliance on a so-called "time limits" rule is altogether misplaced. There is no such USMLE rule. Instead, there is a discussion in the *USMLE Bulletin* and related materials of time limits that state medical licensing authorities impose for completion of the Step exams. (*See* Dillon Decl. ¶ 18, Ex. 7 at 4.) Because there is no USMLE rule or policy regarding "time limits,"

1  NBME could not have breached its contract with Dr. Kiprilov by "not applying [its]
2  own policy rule" regarding "time limits."

3  As the second basis for her breach of contract claim, Dr. Kiprilov argues that
4  NBME breached the parties' contract by "not recognizing her 'overall' passing
5  score on Step 2 CS" based on the "pass results" she achieved on various of the
6  subcomponents of the Step 2 CS exam on the two occasions she tested. (Pl.'s SJ
7  Mot. at 25-26.) However, NBME has no contractual obligation to recognize an
8  examinee's purported "overall" passing result by cobbling together partial passing
9  results from separate test administrations. Doing so would be directly contrary to
10 NBME's scoring policies for Step 2 CS:

> Examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). **Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS**.

14 (Emphasis added). This explicit and unambiguous policy is available to all
15 prospective examinees on NBME's website. It is found in NBME's scoring
16 policies for the Step 2 CS exam, Dillon Decl. at Ex. 5, p. 1, and it is found in
17 NBME's description of the content and scoring process for Step 2 CS, *id*. at Ex. 6,
18 p. 10.

19 Indeed, Dr. Kiprilov acknowledges in her Declaration that "[a] first time
20 taker is 'told' by reading the official USMLE-website … that in order to achieve an
21 'overall' passing score on the 2 CS exam, he/she has to pass all the three parts –
22 CIS, ICE, SEP in a single administration." (Pl.'s Decl., ¶ 16.) It is undisputed that
23 Dr. Kiprilov has not yet passed all three subcomponents of Step 2 CS in a single
24 administration of the examination. NBME therefore has no obligation to award Dr.
25 Kiprilov a "passing" score on Step 2 CS. Under the terms of the parties' contract,
26 she has not yet passed the Step 2 CS exam because she has not yet passed all three
27 subcomponents in a single administration, as required by the USMLE program's
28 published testing policies.

Finally, NBME does not issue ECFGM certificates. (*See* Dillon Decl., ¶ 22.) Therefore, even if Dr. Kiprilov had satisfied all the requirements for having such a certificate issued to her (and there is no evidence that she has done so), NBME could not breach a contract with Dr. Kiprilov by not providing her with an "ECFMG certificate." (*See* Pl.'s SJ Mot. at 26.)

### B. Dr. Kiprilov Is Not Entitled to Summary Judgment on Her Misrepresentation Claims

Dr. Kiprilov contends that NBME has misrepresented information regarding the CIS, ICE, and SEP subcomponents of the Step 2 CS examination, and that she was deceived and misled about the three subcomponents in taking the Step 2 CS examination a second time. (*See* Pl.'s SJ Mot. at 11-22.) More specifically, she argues that the USMLE program's use of the term "components" in various publications when referring to the CIS, ICE and SEP subcomponents of Step 2 CS, and a similar use of the word "components" by other examinees or test preparation companies, somehow constitutes negligent misrepresentation, intentional misrepresentation, or fraud on the part of NBME. (*See id.* at 5, 11-13.) This argument is also without merit.

"A cause of action for fraud in California requires a showing of the following elements: (1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; (5) justifiable reliance; (6) resulting damage." *Madden v. Independence Bank*, 771 F. Supp. 1510, 1513 (C.D. Cal. 1991) (citation omitted); *see also Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, No. 05-08444, 2011 WL 4501945, *4 (C.D. Cal. Sept. 29, 2011) (reciting the elements of a claim for "the fraud of intentional misrepresentation"). A claim for negligent misrepresentation has almost the same elements, except that it "only requires that the statement or omission was made without a reasonable basis for believing its truthfulness rather than actual knowledge of its falsity." *Madden*, 771 F. Supp. at 1513.

Dr. Kiprilov's misrepresentation claims fail for various reasons. First, the claims fail as a matter of law by virtue of the economic loss rule, which generally "bars tort claims based on contract breaches, 'thereby limiting contracting parties to contract damages.'" *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (citation omitted). "Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort." *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007). Courts have applied "the economic loss rule to bar negligent misrepresentation claims where the purported negligent conduct is conceptually indistinct from a contract breach." *UMG Recordings,* 117 F. Supp. 3d at 1105. Here, the parties agree that their relationship is contractual in nature. Therefore, the economic loss rule bars all of Dr. Kiprilov's tort claims, including her misrepresentation claims.

Second, she has not provided evidence of any false representation by NBME with respect to the scoring policies for Step 2 CS. Indeed, none of the purportedly contradictory USMLE publication excerpts referenced by Dr. Kiprilov in support of her motion even relate to the scoring policies for the Step 2 CS exam.

Third, Dr. Kiprilov has not provided any evidence that NBME was aware of any false or misleading statement on its part, or that it made any such statement in order to induce Dr. Kiprilov to take the Step 2 CS exam.

Fourth, Dr. Kiprilov has not shown that she "justifiably relied" on any alleged misrepresentation by NBME. She asserts that she relied on NBME's "official publications in official medical journals, posted on the official USMLE-website, in the NBME's official annual reports," in which the parts of the Step 2 CS examination were described as "components," as a "'substantial' factor to make [her] take the exam for a second time ...." (Pl.'s SJ Mot. at 20.) However, this is facially implausible. She did not decide to take the Step 2 CS a second time because of things she saw in an NBME annual report or in NBME research articles.

1 She decided to retake the Step 2 CS because she did not pass the first time. And, even if her purported reliance on the statements in those publications is credited, that reliance would not be adequate for purposes of stating a misrepresentation claim. The reliance must be "justifiable." Any reliance by an examinee on statements in NBME research articles or annual reports would not be justifiable if the statements contradicted published, unambiguous and directly applicable statements of USMLE policy as posted on the USMLE website for USMLE examinees.

Dr. Kiprilov has pointed to statements made in irrelevant contexts and irrelevant publications in an effort to show misrepresentations on the part of NBME. She has also pointed to statements by third-parties. What she has not done, however, is identify a single false or misleading statement by NBME regarding the scoring policies for the Step 2 CS exam.

## IV. CONCLUSION

Under the USMLE program's published policies, all three subcomponents of the Step 2 CS exam must be passed in the same administration. Dr. Kiprilov has failed to put forth evidence of any breach of contract or misrepresentation by NBME relating to that policy or any other policy, much less demonstrated the absence of material factual disputes on her claims. Plaintiff's motion for partial summary judgment is DENIED.

IT IS SO ORDERED.

Dated: _____, 2016        _____
                                 Jesus G. Bernal
                                 United States District Judge