MORGAN, LEWIS & BOCKIUS LLP
Meghan Lynn Phillips, Bar No. 272095
meghan.phillips@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Brian W. Shaffer (*pro hac vice* to be filed)
brian.shaffer@morganlewis.com
Elisa P. McEnroe (*pro hac vice* to be filed)
elisa.mcenroe@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Tel:   +1.215.963.5000
Fax:   +1.215.963.5001

Attorneys for Defendant
Educational Commission for Foreign Medical Graduates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendants. | Case No. 5:16-CV-00952<br><br>**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    August 22, 2016<br>Ctrm:    1<br>Judge:   Hon. Jesus G. Bernal<br><br>[Proposed Order concurrently filed herewith]<br><br>[Evidentiary Objections to Plaintiff's Declaration in Support of Motion for Partial Summary Judgment and Response to Plaintiff's Statement of Undisputed Facts and Conclusions of Law concurrently filed herewith] |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

MEMO OF PTS. AND AUTH. IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
5:16-CV-00952

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Yoana Ayanova Kiprilov sued the National Board of Medical Examiners ("NBME") and the Educational Commission for Foreign Medical Graduates ("ECFMG") because she disagrees with how a standardized examination required for entry into U.S. medical residency programs is scored. She now moves for partial summary judgment on her breach of contract and misrepresentation claims. As ECFMG and NBME have already explained, Plaintiff's disagreement with the scoring of the examination does not translate into any valid legal claims, especially not any such claims against ECFMG.

In order to avoid redundant filings and to reduce the burden on the parties and the Court, ECFMG respectfully joins the Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment filed by co-defendant NBME (Docket #19) and adopts NBME's arguments that Dr. Kiprilov's motion fails to satisfy the standards set forth under Fed. R. Civ. P. 56.[1] NBME's arguments apply equally to ECFMG insofar as Plaintiff has failed to establish either that ECFMG breached any provision of the contract between Plaintiff and ECFMG or that ECFMG made any misrepresentation to Plaintiff. ECFMG also fully incorporates the arguments set forth in its own Motion to

---

[1] The Court may consider arguments of another party incorporated by reference in a dispositive motion. *See*, *e.g.*, *Sebastian Int'l, Inc. v. Russolillo*, 2005 U.S. Dist. LEXIS 45828, *40 (C.D. Cal. Feb. 22, 2005) ("the retailer Defendants' papers request independently that the retailer Defendants be granted partial summary judgment and simply incorporate by reference the arguments in [co-defendant's] papers. This is permissible, and Plaintiff cites no rule or authority prohibiting it."); *Designing Health v. Erasmus*, 1999 U.S. Dist. LEXIS 23610, *11 (C.D. Cal. Sept. 8, 1999) ("each of the defendants incorporate by reference the arguments made by the other defendant. As such, the Court addresses both motions at once."); *Nat'l Wildlife Fedn v. Nat'l Marine Fisheries Serv.*, 2016 U.S. Dist. LEXIS 59195, *44 (D. Ore. May 4, 2016) ("Because [the plaintiffs] incorporate by reference or otherwise adopt each other's arguments, the Court simply attributes arguments collectively to Plaintiffs, unless otherwise specified").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

2

MEMO OF PTS. AND AUTH. IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
5:16-CV-00952

Dismiss (Docket # 16). ECFMG further reiterates that it cannot provide the relief Dr. Kiprilov seeks and is thus an improper defendant. There is simply no evidence that ECFMG has any authority over determining Plaintiff's score on the USMLE Step 2 CS examination or any ability to change it to a passing score.

Because ECFMG's Motion to Dismiss should be granted, Plaintiff's Motion for Partial Summary Judgment should be denied as moot. Moreover, and even if not moot, Plaintiff's motion fails because it does not establish as a matter of undisputed fact that a misrepresentation was made to her, and it does not (and indeed cannot) prove that ECFMG has the ability to give Dr. Kiprilov the relief she seeks, i.e., having her examination score deemed a pass.

For all these reasons, Plaintiff's Motion for Partial Summary Judgment should be denied.

Dated: August 1, 2016                MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Meghan Lynn Phillips
Meghan Lynn Phillips

Attorney for Defendant
EDUCATIONS COMMISSION FOR
FOREIGN MEDICAL GRADUATES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

3

MEMO OF PTS. AND AUTH. IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
5:16-CV-00952

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2016, I electronically filed the foregoing **DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Meghan Lynn Phillips
Meghan Lynn Phillips

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On August 1, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

in a sealed envelope, postage fully paid, addressed as follows:

Plaintiff Yoana Ayanova Kiprilov
1053 E. 6th Street, Apt. 26
Ontario, CA 91764

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on August 1, 2016, at Los Angeles, California.

I declare under the penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Gloria Moonesinghe

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Philadelphia

5

MEMO OF PTS. AND AUTH. IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
5:16-CV-00952