1  Eric A. Herzog (Bar No. 229066)
   eric.herzog@nortonrosefulbright.com
2  **NORTON ROSE FULBRIGHT US LLP**
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, California 90071
4  Telephone:  (213) 892-9200
   Facsimile:   (213) 892-9494
5
   Attorneys for Defendant
6  NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Case No.: 5:16-cv-00952 JGB (SPx)<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS**<br><br>Hearing Date:  August 22, 2016<br>Hearing Time:  9:00 a.m.<br>Courtroom No.: 1<br><br>Judge Jesus G. Bernal |

27413134.2

# **TABLE OF CONTENTS**

**Page**

I. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM ................... 1

    A. Dr. Kiprilov Has Not Stated A Clam For Misrepresentation ............... 2

    B. Dr. Kiprilov Has Not Stated A Claim For "False Descriptions" Under 15 U.S.C. § 1125 .................................................................. 5

    C. Dr. Kiprilov Has Not Stated A Claim for "False Descriptions" Under California Civil Code § 1770 ....................................................... 5

    D. Dr. Kiprilov Has Not Stated A Claim For "False Advertising" Under The California Business And Professions Code ....................... 6

    E. Dr. Kiprilov Has Not Stated A Plausible Claim For Breach Of Contract ........................................................................................... 7

    F. Dr. Kiprilov Has Not Stated A Claim For Unfair And Deceptive Practices Under 15 U.S.C. § 45 Or The California Civil Code .......... 10

    G. Dr. Kiprilov Has Not Stated A Contract-Based Claim For Joint And Several Liability Against NBME And The ECFMG ................. 10

    H. Dr. Kiprilov Has Not Stated A Claim For Employment-Related Discrimination Under 42 U.S.C. § 2000e-2(l) ..................................... 10

II. DR. KIPRILOV SHOULD NOT BE GRANTED LEAVE TO AMEND ... 12

III. CONCLUSION ........................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Avila v. Vital Pharmaceuticals*,
  2013 WL 2237813 (C.D. Cal. 2013) ................................................................. 7

*Barakezyan v. BMW of North Am., LLC*,
  2016 WL 2840803 (C.D. Cal. 2016) ................................................................. 6

*Cafasso v. Gen'l Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ......................................................................... 12

*Giles v. GMAC*,
  494 F.3d 865 (9th Cir. 2007) ............................................................................. 2

*Goodbreak, LLC v. Hood by Air, LLC*,
  2016 WL 146418 (C.D. Cal. 2016) ................................................................... 3

*Madden v. Independence Bank*,
  771 F. Supp. 1510 (C.D. Cal. 1991) .................................................................. 4

*Sperling v. DSW Inc.*,
  2016 WL 354391 (C.D. Cal. 2016). ................................................................. 7

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ........................................................................... 1

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ......................................................................... 12

*Super Chefs, Inc. v. Second Bite Foods, Inc.*,
  2015 U.S. Dist. LEXIS 113468 (C.D. Cal. 2015) ............................................. 3

*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*,
  117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) .................................................. 2

*Unichappell Music, Inc. v. ModRock Prods., LLC*,
  2016 WL 1065707 (C.D. Cal. 2016) ................................................................. 3

**Rules and Statutes**

Cal. Civ. Code § 1642 ................................................................................................... 10

Cal. Civ. Code § 1660 ................................................................................................... 10

Cal. Civ. Code § 1770 ..................................................................................................... 5

FRCP 8(a) ....................................................................................................................... 6

FRCP 9(b) .................................................................................................................. 2, 6

FRCP 12(b)(6) ................................................................................................................ 6

15 U.S.C. § 45 .............................................................................................................. 10

15 U.S.C. § 1125 ............................................................................................................ 5

42 U.S.C. § 2000e-2 ............................................................................................... 10, 11

42 U.S.C. § 2000e-2(l) ........................................................................................... 10, 11

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

This dispute involves the Step 2 Clinical Skills examination ("Step 2 CS"), which is a component of the United States Medical Licensing Examination ("USMLE"). Step 2 CS is a pass/fail examination with three subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). Under the published scoring policy for Step 2 CS, "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *See* p. 9 *infra*.

Dr. Kiprilov has taken Step 2 CS twice. On each occasion, she passed two of the three subcomponents but failed the third. Am. Comp. 57-58 (score reports). Therefore, under the Step 2 CS scoring policy, she has not yet passed Step 2 CS.

Rather than retake the test, as she can do at any time, Dr. Kiprilov has decided to devote her time and energy to litigation. She wants the Court to order NBME to give her a passing Step 2 CS result by combining her partial passing results from the two times that she tested – in direct conflict with the published scoring policy for the Step 2 CS exam.

NBME has moved to dismiss Dr. Kiprilov's Amended Complaint (Docket #12), and Dr. Kiprilov has responded (Docket #21) ("Pl. Resp."). This brief replies to Dr. Kiprilov's opposition brief.

### I. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

Although the Court must accept all material allegations in Dr. Kiprilov's complaint as true when deciding NBME's motion to dismiss, *see* Pl. Resp. 12, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). None of Dr. Kiprilov's eight causes of action meet this requirement.

In her response to NBME's motion to dismiss, Dr. Kiprilov concedes that two of her claims fail to state a claim (counts two and six), and she offers no counter-argument with respect to a third claim (count seven). Her arguments in support of the remaining five claims are insubstantial.

### A. Dr. Kiprilov Has Not Stated A Claim For Misrepresentation

Dr. Kiprilov's first cause of action asserts a claim for "misrepresentation (intentional or negligent)." Am. Comp. 1, 18-21. She quotes several provisions from the California Civil Code, *id*. at 19-20, but she does not state what the purported misrepresentation was, who made it, when it was made, what she did in reliance on the misrepresentation, or how she was injured because of her reliance. *Id*. at 20-21. Her Amended Complaint thus fails to meet the heightened pleading requirements of Rule 9(b) and fails to state a claim for misrepresentation.

Dr. Kiprilov argues that her brief can remedy the pleading deficiencies of her complaint, Pl. Resp. 3, 12, and then attempts to supply the "WHO," "WHAT," "HOW," "WHERE" and "WHEN" of the alleged misrepresentations, *id*. at 6-10. Those efforts should not succeed. The allegations in her brief do not state a plausible misrepresentation claim. Further, the claim is subject to a threshold infirmity in any event: the economic loss doctrine precludes Dr. Kiprilov's misrepresentation claim as a matter of law.

"Broadly speaking, the economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort." *Giles v. GMAC*, 494 F.3d 865, 873 (9th Cir. 2007). It does so by barring "tort claims based on contract breaches, 'thereby limiting contracting parties to contract damages.'" *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (citation omitted). Thus, in *UMG Recordings*, this Court held that the economic loss rule barred fraud and negligent misrepresentation claims that were "conceptually indistinct" from a claimed contract breach. *See id*. at 1104-06 (dismissing claims). The identical result is warranted here.

As discussed *infra* at p. 7, Dr. Kiprilov alleges that she has an implied contract with NBME, "the terms and conditions" of which are "described on the official USMLE web-site." Pl. Resp. 19. She alleges that NBME breached that contract by not applying its "retake" rule to her situation. *Id.* The "retake" rule prohibits individuals from retaking a USMLE "examination" that they have already passed and refers to retaking any "Step or Step Component." *USMLE Bulletin* at 4 (http://www.usmle.org/pdfs/bulletin/2015bulletin.pdf) (relevant pages attached hereto as Ex. A). Dr. Kiprilov argues that the retake rule applies to her because, in contexts other than its official policies (*e.g.*, in annual reports and research articles), NBME has referred to the Step 2 CS subcomponents as "components." *See* Pl. Resp. 8-9. She alleges that NBME "violated" the retake rule by not applying it "to the three 'components' of the Step 2 CS exam that Plaintiff [has] passed…." *Id.* at 4. Her contract claim is thus "conceptually indistinct" from her misrepresentation claim, which is likewise based upon NBME's use of "two descriptive words – 'component' and 'subcomponent' – to characterize each part of Step 2 CS – ICE, CIS and SEP." *Id.* at 3.

Because Dr. Kiprilov's misrepresentation claim is based on the same core factual allegations as her contract claim, and she is seeking damages under both claims, the economic loss rule bars her misrepresentation claim as a matter of law.[1]

The claim also fails because she has not alleged the elements of a plausible intentional or negligent misrepresentation claim. Dr. Kiprilov contends that the use of the term "components" in various research articles written by NBME employees

---

[1] *See also Unichappell Music, Inc. v. ModRock Prods., LLC*, 2016 WL 1065707, *8 (C.D. Cal. 2016) (granting summary judgment on a negligent misrepresentation claim where claimant also alleged a breach of contract, based upon the economic loss rule and claimant's failure to show any affirmative misrepresentation); *Goodbreak, LLC v. Hood by Air, LLC,* 2016 WL 146418, *5 (C.D. Cal. 2016) (dismissing fraud and negligent misrepresentation claims that were "duplicative of [a] breach of contract claim"); *Super Chefs, Inc. v. Second Bite Foods, Inc.*, 2015 U.S. Dist. LEXIS 113468, *9-12 (C.D. Cal. 2015) (same).

27413134.2 - 3 -

and in NBME annual reports when referring to the Step 2 CS subcomponents, and a similar use of the word "components" by other examinees or test preparation companies, somehow constitutes negligent or intentional misrepresentation on the part of NBME.  *See* Pl. Resp. 3, 8-9, 14-17.  This claim is frivolous.

"A cause of action for fraud in California requires a showing of the following elements:  (1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; (5) justifiable reliance; (6) resulting damage." *Madden v. Independence Bank*, 771 F. Supp. 1510, 1513 (C.D. Cal. 1991).  A claim for negligent misrepresentation has similar elements but "only requires that the statement or omission was made without a reasonable basis for believing its truthfulness rather than actual knowledge of its falsity." *Id.* at 1513.  These elements have not been adequately pled by Dr. Kiprilov, and her opposition brief does not remedy the deficiency.

<u>First</u>, Dr. Kiprilov has not identified any false representation by NBME with respect to the scoring policy for Step 2 CS (which is the only policy relevant to her current situation).  Indeed, the USMLE publication excerpts referenced by Dr. Kiprilov do not even relate to the so-called "retake" and "time limit" policies that form the basis of her convoluted arguments.

<u>Second</u>, Dr. Kiprilov has not alleged that NBME was aware of any false or misleading statement on its part relating to the Step 2 CS scoring policy (or to the irrelevant retake policy for that matter).

<u>Third</u>, she has not plausibly alleged that the alleged misrepresentations were made in order to deceive prospective examinees.  The alleged misrepresentations consist of statements made by NBME staff members in research articles and annual reports.  Pl. Resp. 15 ("Plaintiff has presented … multiple publications by NBME … staff members, [and] NBME's annual report where the parts [of Step 2 CS] are described as 'components.'").  The statements did not appear in materials prepared for prospective USMLE examinees, and they did not relate to the Step 2 CS scoring

1 policy or even to the retake policy or purported "time limit" policy that Dr. Kiprilov relies upon (the first of which has no relevance to her current situation, and the second of which does not exist). It is facially implausible for Dr. Kiprilov to suggest that the statements were made with an intent to deceive her into taking or retaking the Step 2 CS exam. *See* Pl. Resp. 17.

<u>Fourth</u>, Dr. Kiprilov has not shown that she "justifiably relied" on the alleged misrepresentations. Although the description of this element in her opposition brief is difficult to follow, *see id.* at 17-18, she has elsewhere asserted that she relied on "official medical journals, posted on the official USMLE-website," and "NBME's official annual reports," which refer to the three parts of the Step 2 CS exam as "components," as a "'substantial' factor to make [her] take the exam for a second time...." Pl. SJ Mot. 20 (Docket #13). This, too, is facially implausible. She did not retake Step 2 CS because of things she saw in research articles or annual reports (indeed, she likely read those materials *after* she retested, in connection with this lawsuit). She decided to retake the exam because she did not pass it the first time. And, even if one credits her purported reliance on statements in those publications, that reliance would not be "justifiable." Any reliance on statements in research articles or annual reports would not be justifiable if (as here) the statements purportedly contradict unambiguous and directly applicable USMLE examination policies that are posted for prospective examinees on the USMLE website.

**B.  Dr. Kiprilov Has Not Stated A Claim For "False Descriptions" Under 15 U.S.C. § 1125**

Dr. Kiprilov concedes that her second cause of action does not state a claim. *See* Pl. Resp. at 20 ("Plaintiff will agree with the Defendant here….").

**C.  Dr. Kiprilov Has Not Stated A Claim for "False Descriptions" Under California Civil Code § 1770**

Dr. Kiprilov's third count asserts a claim under the Consumers Legal Remedies Act (CLRA). Am. Comp. 22-23. In opposing dismissal of this claim,

Dr. Kiprilov does not dispute that the claim is subject to the heightened pleading requirements of Rule 9(b). *See* Pl. Resp. 20. Instead, she responds with a single sentence: "Based on the above statements made in this Response (at II., pages 6-10), Plaintiff contends that the Rules 8(a) and Rule 9(b) have been satisfied with respect to the claims under this law." *Id.* The Court should reject this contention.

As noted in NBME's motion to dismiss, Dr. Kiprilov's third claim simply quotes statutory language. *See* Am. Comp. 22-23. The pages she references in her opposition brief (pp. 6-10) do not remedy this pleading deficiency, as they identify no plausible misrepresentation and no plausible facts showing reliance. Dismissal is therefore warranted. *See Barakezyan v. BMW of North Am., LLC*, 2016 WL 2840803, *11 (C.D. Cal. 2016) (dismissing CLRA claim where plaintiff failed to allege circumstances constituting the fraud with particularity, failed to allege any actionable misrepresentation, and failed to plead facts showing reliance).

### D. Dr. Kiprilov Has Not Stated A Claim For "False Advertising" Under The California Business And Professions Code

Dr. Kiprilov's fourth cause of action recites seven provisions of the California Business and Professions Code. *See* Am. Comp. 25. The referenced provisions include provisions from the California Unfair Competition Law, the California False Advertising Law, and a California law that applies to advertisements of secondhand merchandise. Once again, however, Dr. Kiprilov failed to plead facts that would satisfy Rules 8(a), 9(b), and 12(b)(6).

Dr. Kiprilov responds with the same single-sentence response that she provided regarding count three of her Amended Complaint: "Based on the above statements made in this Response (at II., pages 6-10), Plaintiff contends that the Rules 8(a) and Rule 9(b) have been satisfied with respect to the claims under this law." Pl. Resp. 20. The statements she points to in her opposition brief, however, from NBME research articles and annual reports, do not constitute advertising much less false advertising, and do not state a plausible claim under any of the

various statutory provisions that she references in count four of her Amended Complaint. Count four should therefore be dismissed.[2]

### E. Dr. Kiprilov Has Not Stated A Plausible Claim For Breach Of Contract

As NBME pointed out in its motion to dismiss, Dr. Kiprilov's fifth cause of action does not adequately plead a breach-of-implied-contract claim because it does not identify any conduct by the parties from which a contractual obligation could plausibly be implied relative to NBME's alleged breached, does not state how the alleged contract was breached, does not allege that Dr. Kiprilov performed all of her obligations under the contract, and does not allege facts from which one could plausibly conclude that she suffered damages because of the claimed breach.

Dr. Kiprilov opposition brief does not overcome these deficiencies. She alleges that "the terms and conditions" of her implied contract with NBME are "described on the official USMLE web-site." Pl. Resp. 19. To the extent she is referring to website content that sets forth exam policies, NBME agrees that its relationship with Dr. Kiprilov is contractual in nature, and that the terms of the contract include the exam policies posted on the USMLE website.

Dr. Kiprilov alleges that NBME breached the parties' contract by not applying its "retake" rule and a purported "time limit" rule to her situation. *Id.* at 4, 19-20. However, the "retake" rule is not relevant to her current situation, and the USMLE program does not have a policy or rule regarding "time limits."

The USMLE program policy that addresses the number of times a USMLE Step examination may be retaken provides as follows:

---

[2] *See Sperling v. DSW Inc.*, 2016 WL 354391, *5-7 (C.D. Cal. 2016) (dismissing plaintiff's UCL and FAL claims with prejudice); *Avila v. Vital Pharmaceuticals*, 2013 WL 2237813, *3 (C.D. Cal. 2013) (dismissing FAL and UCL claims with prejudice where plaintiff failed to plead with particularity and relied on his own conclusory beliefs).

> You may take the same examination no more than three times within a 12-month period. Your fourth and subsequent attempts must be at least 12 months after your first attempt at that examination and at least six months after your most recent attempt at that examination.
>
> If you have passed an examination, you are not permitted to retake a Step or Step Component, except to comply with certain requirements approved by the USMLE governance.

*See USMLE Bulletin* at 4 (http://www.usmle.org/pdfs/bulletin/2015bulletin.pdf) (relevant pages attached hereto at Ex. A). This policy has not come into play for Dr. Kiprilov, much less been "breached."

Dr. Kiprilov took the Step 2 CS exam on May 20, 2015, and again on September 30, 2015. Under the retake policy, she could have taken the exam a third time at any point between October 1, 2015, and May 19, 2016 (which is the 12-month period following her initial testing date), but she chose not to do so. She remains eligible to retake the exam and can do so additional times if necessary to achieve a passing result. The retake policy thus has nothing to do with the fact that she has not passed the Step 2 CS exam. It is completely irrelevant to her current situation.

In suggesting otherwise, Dr. Kiprilov appears to be arguing as follows: (1) in research articles and annual reports, NBME has occasionally referred to the Step 2 CS subcomponents as "components;" (2) therefore, when the retake policy refers to Step "components," it is also referring to the Step 2 CS subcomponents; (3) the retake policy therefore prohibits her from retaking any subcomponent of the Step 2 CS exam on which she achieved a passing result; and, (4) by requiring her to Step 2 CS if she wants to achieve a passing result, NBME is violating the retake policy. *See* Pl. Resp. 4, 8-9.

This argument is frivolous. The language of the retake rule is unambiguous. It applies to retaking a USMLE "examination," not to retaking a part of an examination. Its reference to "retak[ing] a Step or Step Component" is clearly a reference to the Steps and Step Components identified immediately above the rule:

"STEPS 1, 2 CK, and 2 CS," and STEP 3." *See USMLE Bulletin* at 4. While Steps 1 and 3 are single-examination Steps, Step 2 comprises two distinct examinations, Step 2 CK and Step 2 CS, which are frequently designated as Step Components. The retake rule thus imposes limits on the number of times an individual can take Step 1, Step 2 CK, Step 2 CS, and Step 3. It cannot reasonably be interpreted as being applicable to retaking subcomponents of the Step 2 CS examination.

Moreover, the retake rule is entirely consistent with the published Step 2 CS scoring policy:

> Examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). **Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS.**

"Scoring the Step 2 CS Exam," available at http://www.usmle.org/step-2-cs/#scoring (emphasis added) (attached hereto at Ex. B). This unambiguous policy is also set forth in a booklet titled "*Step 2 Clinical Skills (CS) Content Description and General Information*," at 10: "Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *See* http://www.usmle.org/pdfs/step-2-cs/cs-info-manual.pdf (attached hereto at Ex. C). Thus, as Dr. Kiprilov has acknowledged elsewhere, "[a] first time taker is 'told' by reading the official USMLE-website … that in order to achieve an 'overall' passing score on the 2 CS exam, he/she has to pass all the three parts – CIS, ICE, SEP in a single administration." Pl.'s Decl. in Supp. of Mot. for Partial S.J. at ¶ 16 (Docket #14).

This scoring policy is at the heart of the parties' dispute. Yet Dr. Kiprilov ***entirely ignores the policy in her opposition brief.*** It is not even mentioned. Instead, as noted above, she alleges that NBME has breached a retake policy that has no relevance to her current situation.

Dr. Kiprilov's discussion of a so-called "time limits" rule is even more misguided. There is no such USMLE rule. The *USMLE Bulletin* simply reminds

prospective examinees that "state medical boards" impose time limits for completion of the Step exams. *See* Ex. A hereto at 4 ("Time limits to complete the USMLE, for purposes of licensure, are established by state medical boards and many require completion of all Steps or Step Components within seven years from the date the first Step is passed."). Because there is no USMLE rule regarding "time limits," NBME could not have breached its contract with Dr. Kiprilov by "not applying" its "time-limit" rule to her. Pl. Resp. 4.

**F. Dr. Kiprilov Has Not Stated A Claim For Unfair And Deceptive Practices Under 15 U.S.C. § 45 Or The California Civil Code**

Dr. Kiprilov concedes that her sixth cause of action does not state a claim for relief. Pl. Resp. 20 ("Plaintiff will agree with the Defendant here….").

**G. Dr. Kiprilov Has Not Stated A Contract-Based Claim For Joint And Several Liability Against NBME And The ECFMG**

Dr. Kiprilov's seventh cause of action is captioned "NBME and ECFMG, jointly and severally." *See* Am. Comp. 30. It references Civil Code §§ 1660 and 1642 (relating to joining multiple parties as defendants), but provides no facts and alleges no claims. Dr. Kiprilov's response does not address this cause of action. *See* Pl. Resp. 13-22. Therefore, it should be dismissed with prejudice.

**H. Dr. Kiprilov Has Not Stated A Claim For Employment-Related Discrimination Under 42 U.S.C. § 2000e-2(l)**

Dr. Kiprilov's eighth and final cause of action purports to assert a claim under Title VII of the Civil Right Act. *See* Am. Comp. 30-35. Title VII bars discriminatory "employment practices" by an "employer," "employment agency," or "labor organization." 42 U.S.C. § 2000e-2. As noted in NBME's motion to dismiss, NBME does not fall within any of these categories with respect to its development and administration of the USMLE licensing exams.

Although she argues otherwise, Pl. Resp. 5, 20-22, Dr. Kiprilov's claims do not relate to employment practices. NBME is not her employer, nor has she applied

to work at NBME and been required to take Step 2 CS as a condition of being hired. Instead, this dispute involves Dr. Kiprilov's failure to achieve a passing score on a licensing exam. State medical authorities use the USMLE exams, including Step 2 CS, as part of their licensing process for ensuring that physicians possess the knowledge and skills necessary to provide safe and effective healthcare. As noted in NBME's motion to dismiss, Title VII does not apply in this context. *See* NBME Motion at 15-19 (citing cases and quoting Title VII).

Dr. Kiprilov attempts to dismiss NBME's case authority by saying that some of the cases were decided before Section 2000e-2(l) was added to Title VII. Pl. Resp. 21. However, Section 2000e-2(l) did not expand the scope of Title VII to include entities that develop licensing exams. Title VII continues to apply to employers, employment agencies and labor organizations, and NBME is none of those things relative to Dr. Kiprilov.

Dr. Kiprilov speculates that, because the Step 2 CS exam first came into use in the "2004-2005" time period, after Section 2000e-2(l) "was added [to Title VII] in 1991," "maybe this is why" organizations such as NBME "were not included and mentioned specifically in the definitions of section 2000e-2." Pl. Resp. 21. Little need be said in response to this speculation, which reflects an implicit acknowledgement by Dr. Kiprilov that Title VII does not include entities that develop and administer licensing exams within its scope.

Dr. Kiprilov next notes that NBME is engaged in commerce and has "'fifteen or more employees.'" *See id* at 21 (quoting Title VII). This is not enough to make Dr. Kiprilov's Title VII claim viable. Dr. Kiprilov must be one of those employees, or a potential employee, to have a Title VII claim against NBME.

Finally, as noted in NBME's motion, dismissal would be warranted even if Dr. Kiprilov's claim fell within the scope of Title VII (and it does not). She has not pled any facts that, taken as true, would state a plausible case of discrimination.

Her Amended Complaint does not allege any disparate treatment by NBME, or any disparate impact on a protected class.

Dr. Kiprilov tries to remedy this problem in her opposition brief by asserting that "there is a 'disparate impact.'" Pl. Resp. 20. However, she offers no *factual allegations* that would plausibly support such a conclusion, and the parties purportedly affected by this "disparate impact" are not a protected class under Title VII. The "two different groups" referenced by Dr. Kiprilov are "US-graduates v. non-US graduates" – *i.e.*, graduates of medical schools in the United States, and graduates of non-US medical schools. *See id*. "Graduates of non-US medical schools" are not a protected class under Title VII.

## II. DR. KIPRILOV SHOULD NOT BE GRANTED LEAVE TO AMEND

Dr. Kiprilov asks the Court to grant her leave to amend "if the Court grants Defendants' motion" to dismiss. Pl. Resp. 22. While leave to amend is routinely granted with respect to an initial complaint, leave to amend is not warranted here. Dr. Kiprilov has already amended her complaint once, thereby causing NBME to incur the expense of twice moving to dismiss her claims, and amendment would be futile in any event. *See Cafasso v. Gen'l Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011); *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998). Her core claims are for breach of contract and misrepresentation, both of which fail as a matter of law, as do her Title VII claim and her various state law claims. The flaws in her claims cannot be remedied by the filing of another amended complaint. Dr. Kiprilov herself has asked the Court to convert NBME's motion to dismiss into a "motion for summary judgment," Pl. Resp. 2, and it would be appropriate at this point for the Court to enter judgment dismissing all of her claims.

## III. CONCLUSION

Dr. Kiprilov's Amended Complaint should be dismissed, without leave to amend.

| | |
|---|---|
| Dated: August 8, 2016 | Respectfully submitted, |
| | **NORTON ROSE FULBRIGHT US LLP** |
| | By: /s/ Eric A. Herzog |
| |       Eric A. Herzog |
| | Attorneys for Defendant |
| | NATIONAL BOARD OF MEDICAL EXAMINERS |