Yoana A. Kiprilov
1053 E. 6th Street, Apt.6
Ontario, CA 91764
707-570-5155
yoana_ayanova@yahoo.com

JGB (SPx)

FILED

2016 AUG -8  PM 4: 03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

# UNITED STATES DISCTRICT COURT

# FOR THE CENTRAL DISTRICT FOR CALIFORNIA

Yoana Ayanova Kiprilov,

      Plaintiff,

vs.

National Board of Medical Examiners, and
Educational Commission for Foreign Medical
Graduates,

      Defendants

Case No.: 5:16-cv-00952
Assigned to Hon. Jesus G. Bernal

**ADDENDUM TO THE PLAINTIFF'S REPLY DOCUMENT
TO THE DEFENDANT'S OPPOSITION TO MOTION FOR
A PARTIAL SUMMARY JUDGEMENT**

**HEARING DATE:AUGUST 22, 2016
HEARING TIME: 9:00 AM
COURTROOM :1**

**TO THE HONORBLE JUDGE OF THE SAID COURT:**

    Plaintiff respectfully submits this Addendum to her Reply Document to the

Defendants' opposition to the Plaintiff's Motion for a Partial Summary Judgement.

    Plaintiff respectfully requests to be excused for the typographical errors that have

been made in her Reply document.

    Plaintiff would like to clarify and summarize some of the most important points in her

Reply.

    1.With respect to the First Amended Complaint, Plaintiff's contends that it states a

plausible claims and causes of action. Provided is a lot of evidence as well. The criteria

of Rule 8 (a) and (d), Rule 9(b) are satisfied, but Rule 12 (b) (6) is not satisfied. The

questions "who, what, when, how, where" have been answered with specificity and

details, even though not that artfully constructed in the Complaint (written by a pro se).

    2. Regarding the negligent/intentional misrepresentation and the breach of contract

claims, it is obvious by the evidence provided that NBME has multiple publications

(between 2009-2015), by multiple NBME/staff members, posted on the USMLE- official website, in the CS-exam section. Thus, NBME/ECFMG themselves have provided contradicting information on the same website about the characteristics of the three parts (CIS, ICE and SEP) of the exam. The result reports sent to the Plaintiff, addressing specifically her performance, stated "it is necessary to pass all three subcomponents in order to obtaining an overall passing outcome on Step 2 CS", no "single administration" is seen. This is also misleading and contradicting information.

The very nature of the statements (publications in official medical journals and posted on the company's official website) means that they are supposed to provide information and induce reliance. The authors of one of the publications admit that they are four "NBME staff members" with "considerable knowledge and experience" regarding the 2 CS-exam. As seen on Pl. F. Am. Complaint, Ex. T5, three of the authors are NBME-staff members. As a Reference #6 on the same article, they used "Step 2 CS Content Description and General Information..." when writing this publication. In the same article they stated that "two components are ...(SEP)... and (CIS).

Even though NBME/ECFMG try to avoid considering these publications as an "irrelevant" evidence, the very definition of **F.R.E. 401** makes this publications/statements about component/subcomponent, relevant. Moreover, the publications and statements are provided by NBME/ECFMG, which make them even more relevant.

It is undisputed that: there are such misleading publications, that they are posted officially by NBME/ECFMG and provided to the medical graduates, that other medical graduates/physicians considered the parts as components, that Plaintiff relied on the information provided to her, that the nature of the relationship between the Plaintiff and Defendants is contractual in nature, that the Plaintiff has passed each subcomponent (as stated on the result reports), and that NBME/ECFMG did not recognize her pass result on each part of the exam as an overall pass result.

It is undisputed that Plaintiff has not received an ECFMG-certification and is

ADDENDUM TO THE PLAINTIFF'S REPLY DOCUMENT TO THE DEFENDANT'S OPPOSITION TO MOTION FOR A PARTIAL SUMMARY JUDGEMENTHEARING DATE:AUGUST 22, 2016HEARING TIME: 9:00 AMCOURTROOM :1 - 2

not allowed to be employed as physician, in addition to the career damages and the decrease in her chances to get into a residency.

In conclusion, it is obvious from the evidence provided that there has been a misleading and contradicting information provided from the Defendants to the Plaintiffs, admitted by NBME/ECFMG regarding the result reports. Plaintiff relied on this information and took the exam twice, but based on the same information Plaintiff should not take the exam for a third time.

Defendants did not intent to perform what they promised with these statements posted online and the statement on the Pl.'s exam result report.

As California Civil code sections 622 and 623 provide (and the written statements need not be an agreement, as cited in a case in the Pl.'s Motion for a partial SJ), NBME/ECFMG should not be allowed to contradict their previous statements, taken into consideration during the time of the contract. Moreover, the judicial estoppel should prevent the Defendants from taking a different factual position before this Court. NBME (in Hartman v. NBME, case 09-5028) called the parts components in their Brief, in the answer for affirmative defenses, and as pointed by the Court, the Composite Committee for Step 2 CS.

Plaintiff contends that from a legal standpoint, the criteria for misrepresentation, false description, breach of contract, (NBME admits the contractual nature of the relationship with the Plaintiff) are met.

3. From an ethical and medical standpoint, as pointed out in the Pl.' Reply document, with all due respect, but the majority of the practicing physicians, and the majority of the NBME/ECFMG-physicians as well, have never taken such exam and will never take it to protect their patients and the public. Nevertheless, they are successful physicians, even though some of the them (for example the President and the CEO of NBME) have only 1 out of 5-star rating given by patients on one website.

Even though Defendants cited a publication by Dr. W. Levinson about the communication skills, the same author in another publication found that the

ADDENDUM TO THE PLAINTIFF'S REPLY DOCUMENT TO THE DEFENDANT'S OPPOSITION TO MOTION FOR A PARTIAL SUMMARY JUDGEMENTHEARING DATE:AUGUST 22, 2016HEARING TIME: 9:00 AMCOURTROOM :1 - 3

communication skills required are different, and depend on the specialty of the physician (primary care, surgeons). He showed that primary care physicians and surgeons need to have different skills in order to avoid malpractice claims. Dr. Levinson also found that the time spent with patients is an independent factor for a lawsuit for primary care physicians only. He showed that a 15-min.-visit leads to lawsuits compared to 18.3- minute-visits. It is unclear why, knowing what the data shows, NBME/ECFMG allow only 15min. encounter.

 Other specialties like pathology (where physicians often do not see the patients, but give the diagnosis under the microscope, for example), or neonatology (treating newborn babies), or pediatrics require different skills. NBME/ECFMG also stated that communication skills training is a part of the curriculum of every residency program (training), which makes it more logical to test these communication skills after the residency training is finished, and before the physician starts practicing without supervision. It would also not detrimental to the physician's career. After all, patients always have the right to change their physician if they are not happy and can give him a 1-star rating.

    4. **Regarding the Plaintiff's case, it is obvious that there are different ways to pass the STEP 2 CS- exam, but the purpose is the same- "pass" results on each of the three "separate" parts are necessary to show skills and knowledge.**

    NBME/ECFMG have not been able to explain what will make the Plaintiff's future pass results on each of the three parts "more pass" that her previous pass results. Moreover, her pass results are not different than the pass results on the same components/subcomponents achieved by other examinees. And it is the pass result that protects the public and shows knowledge and skills, especially when the parts are so "separate" and "different".

    It does not make sense to claim that between May and September 29, 2015, as per the first exam results, the Plaintiff had the CIS skills, but on September 30 she did not have these skills anymore. As stated before, Plaintiff has passed CIS-section as part of

another exam (Step 2 CK). It is obvious that Plaintiff has passed each part of the exam in 2015, even though not a single administration. NBME/ECFMG do not contest the Plaintiff 'skills and knowledge, but we all know that different people give different ratings.

It is seen that showing knowledge and skills (by having passing scores on each part of Step 2 CS) is not the same as passing the Step 2 CS.

NBME/ECFMG have failed to explain what additional information would a second/third pass result on each component/subcomponent provide, and how it will be different that the Plaintiff's previous pass results. If a first time test-taker wants to achieve a pass result at his first attempt, it is logical to require that he has to pass parts of the exam. In this case, the same requirement does not provide any additional information. Plaintiff has shown that she has the necessary skills on each component/subcomponent. Since the exam had a reliability issues before, the Plaintiff' result reports are consistent with a reliability problem, in addition to other problems that the exam has-subjectivity, contrast and sequence effects that also affect the score.

In the case that Defendants cited, *Baji v. Northeast Regional Bd. Of Dental Examiners, 3 Fed. Appx.352,358 (6th Cir.2001),* and that could be seen as a precedent, the examinee was allowed to retake only the parts previously failed, and then after he failed for a second time, he had to retake the whole exam ( single administration).

5. ECFMG and NBME together, since "ECFMG partners with the National Board of Medical Examiners (NBME) in administering the Step 2 Clinical Skills (CS)... Through this collaboration, ECFMG uses its experience in assessment to ensure that all physicians entering U.S. GME can demonstrate the fundamental clinical skills essential to providing safe and effective patient care under supervision." , **"Since ERAS was established in 1996, ECFMG has served as the designated Dean's office for students and graduates of international medical schools, including Fifth Pathway participants, assisting these individuals with the ERAS application process for first- and second-year (PGY-1 and PGY-2) residency positions."** (http://www.ecfmg.org/eras/ ).

ECFMG, not NBME, in 2013 announced on their website about the change of the

passing score of STEP 2 CS, which affects differently US and non-US graduates (3% v. 18% decrease of the passing rates).

ECFMG also seems to act as an employment agency (as per the definition 42 U.S.C. Section 2000-2e). This (NBME/ECFMG) partnership tests the skills and knowledge of people from all over the world, uses test scores and cut off levels for employment decisions. The tests are solely employment-related. Both organizations fulfill the criteria for employer in 42 U.S.C. Section 2000-2e. If the words "employer' or "respondent" are removed from subsection (l) of the same Section, and are replaced with the definition of an "employer", it would be clear that NBME/ECFMG fulfill the criteria, and the same law governs their activity.

NBME Defendant in another lawsuit regarding the same employment-based exam (Hartman v. NBME, case No: 09-5028) cited on EEOC' guidance statements and 29 C.F.R. Section1630, which include the same definition "employer", "employment agency" (See NBME's brief in opposition to Plaintiff's motion for preliminary injunction, page 17). The Plaintiff, Mr. Hartman, was not NBME's employee, but a medical student/graduate just like the Plaintiff in this case.

In this lawsuit, NBME is trying to avoid applying the same EEOC's guidance and avoid using the definition of "employer", which NBME used conveniently in the previous lawsuit to support their claims (even though neither of the two Plaintiffs has been an NBME's employee). It appears that **if** NBME/ECFMG intentionally discriminate by using different test scores and cut off levels, there will be no law that can catch up with them, unless this one (subsection (l)). There is a switching of positions again here, in this lawsuit, similarly to the component/subcomponent" wordplay.

In conclusion, as it is obvious that this exam has way too many problems, most serious of them are "lack of efficacy" and "poor value" as claimed by the American medical graduates. The research data confirm their claims. All these serious problems with the exam have not been resolved by NBME/ECFMG.

In this case, the contradictory information provided by NBME/ECFMG regarding the

ADDENDUM TO THE PLAINTIFF'S REPLY DOCUMENT TO THE DEFENDANT'S OPPOSITION TO MOTION FOR A PARTIAL SUMMARY JUDGEMENTHEARING DATE:AUGUST 22, 2016HEARING TIME: 9:00 AMCOURTROOM :1 - 6

description of the parts of the exam and the scoring also contributed to the problems and the career damage that NBME/ECFMG and their unreliable product caused to the Plaintiff. This leaves the impression, as two Harvard graduates defined it in 2005, about a "dubious enterprise" that has been established with the 2 CS-exam.

And as Doctor Jane Orient, M.D. once stated ""Someone has a vested interest in making a lot of money from the [screening and assessment] tests that they'll sell to you".

That is why Plaintiff contends that from a legal standpoint NBME/ECFMG's conduct in this case has been in violation of the law, and in violation of the medical and ethical principles.

Plaintiff respectfully requests the Court to take into consideration all these facts, and based on that, to grant the Motion for a partial Summary Judgement in favor of the Plaintiff.

DATE: 08/08/2016    Respectfully submitted: _Joano A. Cpola_

(Plaintiff, in Pro se)

ADDENDUM TO THE PLAINTIFF'S REPLY DOCUMENT TO THE DEFENDANT'S OPPOSITION TO MOTION FOR A PARTIAL SUMMARY JUDGEMENTHEARING DATE:AUGUST 22, 2016HEARING TIME: 9:00 AMCOURTROOM :1 - 7