Yoana Ayanova Kiprilov,
1053 E. 6th Street, Ap.26
Ontario, CA 91764
email:yoana_ayanova@yahoo.com
phone:707-570-5155
PRO PER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

YOANA AYANOVA KIPRILOV,   ) Case No.: 5:16-cv-00952
                          ) Assigned to Hon. Jesus G. Bernal
        Plaintiff,        )
                          ) **PLAINTIFF'S**
    v.                    ) **ADDENDUM TO THE SECOND AMENDED**
                          ) **COMPLAINT**
NATIONAL BOARD OF MEDICAL EXAMINERS, )
                          )
        Defendant,        )
                          )

TO THE HONORABLE JUDGE OF SAID COURT:

  Plaintiff, Yoana A. Kiprilov in Pro per, within the time limit allowed for filing a Second Amended Complaint ('SAC"), files this ADDENDUM for clarification purposes.

  Plaintiff respectfully requests the information provided here be considered as well by Court, with respect to the fact that the Plaintiff is a pro se due to financial reasons:

1.  Plaintiff supports her claims for a misleading information and unfair act and deceptive practices under **BPC 17200 and 17500** (please see "SAC" at **I. N)** i.e. for "unlawful, unfair or fraudulent business act and practice", as well as "unfair, deceptive, untrue, misleading advertising" regarding Step 2 CS. **As has been stated, most people currently are not protected (and are treated by physicians who have never taken and passed the exam, which group includes NBME/ECFGM's own experts and practicing physicians who have never taken the exam). Obviously, licensing Boards do not consider, as a necessary element to protect the public, that this exam should be administered to physicians who have never taken/passed this exam.**

PLAINTIFF'S ADDENDUM TO SECOND AMENDED COMPLAINT

- 1

**Only NBME and ECFMG do.** Which results in two groups of practicing physicians (CS-tested and non-CS-tested). NBME and ECFMG have not been able to show and prove any difference between the "patient outcomes" in the two groups.

As a member of this society (and a patient), and as an examinee, before entering the contract with NBME/ECFMG, i have been misled by statements that this exam protects the public by NBME/ECFMG (as CSEC). **Moreover, NBME/ECFMG have not fulfilled their own duty to protect the public and have all of the physicians/examiners working for them (incl. their CEO) take and pass the exam and showing that the exam is needed.**

Thus, "members of the public are likely to be deceived" (Williams v. Gerber Prods.Co (9th Cir. 2008) by claims that this exam protects the public. A reasonable consumer is "the ordinary consumer acting under the circumstances". A "representation will not become "false and deceptive" merely because it will be unreasonably misunderstood by un insignificant and unrepresentative segment of the class of persons to whom the representation is addressed". **Here, based on the contradiction between the abovementioned FACTS and reality, and NBME/ECFMG's claims on the other hand, there has been a misleading information and claims made to me (and other examinees) as members of the society, as patients, and examinees (at the same time). And this is not an unreasonable misunderstanding, when it is based on facts and evidence-based medicine.**

As this Court, with all due respect, pointed out, allegations under BPC 17200 are to be considered when there is a violation of another law. In the "SAC" I claim a breach of contract (due to my substantial performance- passing each part of the exam, even though not in a single administration) due to reliability problems, due to NBME's refusal to follow evidence- based methods of fair testing and evaluation. **I respectfully request the Court to consider these violations together.**

    2. ECFMG and NBME together – "*CSEC draws its expert staff from its parent*

*organizations, ECFMG and NBME"* (http://www.csecassessments.org/staff/). Which makes ECFMG an appropriate Defendant who can provide more information and answers in this case and contribute to a fair and just decision.

**3. Plaintiff respectfully requests the Court to consider that NBME agreed that our relationship is contractual and because of this:**

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (Comunale v. Traders & General Ins. Co. (1958) 50 Cal.2d 654, 658 [328 P.2d 198], internal citation omitted.)

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." ' [] The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another." (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342, 371–372 [6 Cal.Rptr.2d 467, 826 P.2d 710], internal citations omitted.).

"'In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." (Racine & Laramie, Ltd. v. Department of Parks & Recreation (1992) 11 Cal.App.4th 1026, 1031–1032 [14 Cal.Rptr.2d 335].

"Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract." (Digerati Holdings, LLC v. Young Money Entertainment, LLC (2011) 194 Cal.App.4th 873, 885 [123 Cal.Rptr.3d 736].)

Date: 09/09/2016         Respectfully submitted: Yoana A. Kiprilov
                         (Plaintiff in Pro per): *[signature]*

PLAINTIFF'S ADDENDUM TO SECOND AMENDED COMPLAINT