Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANA AYANOVA KIPRILOV,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>  Defendant. | Case No.:  5:16-cv-00952 JGB (SPx)<br><br>**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  October 31, 2016<br>Hearing Time:  9:00 a.m.<br>Courtroom No.: 1<br><br>Judge Jesus G. Bernal |

27534418.1

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT, on October 31, 2016, at 9:00 a.m., or as soon thereafter as it may be heard, before the Honorable Jesus G. Bernal, in Courtroom 1 of the United States District Courthouse for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California, 92501-3801, defendant National Board of Medical Examiners ("NBME") will and hereby does move the Court to dismiss Plaintiff's Second Amended Complaint (Docket # 31) pursuant to Fed. R. Civ. P. 12(b)(6).

This motion is made following a telephone conference between one of NBME's attorneys and Dr. Kiprilov (appearing *pro se*) pursuant to L.R. 7-3, which took place on September 21, 2016. The parties were not able to reach any resolution that would make the filing of this motion unnecessary.

NBME's Motion to Dismiss is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such further argument as may be offered in any reply memorandum or at the time of the hearing of this Motion. A proposed Order accompanies this Notice of Motion.

Dated: September 23, 2016         Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**


By:   /s/ Eric A. Herzog
          Eric A. Herzog

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF FACTS ......................................................................... 2

III. LEGAL STANDARD ................................................................................. 4

IV. THE SAC FAILS TO STATE A CLAIM .................................................. 5

    A.    Dr. Kiprilov Has Not Stated A Claim For Breach Of Contract………5

    B.    Dr. Kiprilov Has Not Stated A Claim Under Sections 17200 Or 17500 Of The California Business And Professions Code…………...9

V. CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*,
  316 Fed. App'x 661 (9th Cir. 2009) ................................................................. 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 4

*Avila v. Vital Pharmaceuticals*,
  2013 WL 2237813 (C.D. Cal. 2013) .............................................................. 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 4

*Biller v. Toyota Motor Corp.*,
  668 F.3d 655 (9th Cir. 2012) ........................................................................... 7

*Black v. CorVel Enter. Co.*,
  2016 WL 3457032 (C.D. Cal. 2016) ................................................................ 4

*Boat Owners Ass'n of the United States v. Sea Ventures of Cal., Inc.*,
  2000 WL 33179449 (C.D. Cal. 2000) .............................................................. 6

*Cafasso v. Gen'l Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ....................................................................... 12

*Currier v. Arzate*,
  2015 WL 918158 (C.D. Cal. 2015) .................................................................. 2

*Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*,
  112 F. Supp. 3d 1048 (C.D. Cal. 2015) ......................................................... 11

*Gerritsen v. Warner Bros. Entm't*,
  116 F. Supp. 3d 1104 (C.D. Cal. 2015) ........................................................... 5

*Gulf Ins. Co. v. First Bank*,
  2009 U.S. Dist. LEXIS 32488 (E.D. Cal. 2009), *aff'd*, 400 Fed.
  App'x 188 (9th Cir. 2010) ............................................................................... 6

*Lenk v. Monolithic Power Sys.*,
  2015 WL 7429498 (N.D. Cal. 2015) ................................................................. 7

*Lowy v. United Pacific Ins. Co.*,
  67 Cal.2d 87 (1967) ........................................................................................... 6

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ............................................................................. 2

*Northbay Wellness Group, Inc. v. Beyries*,
  789 F.3d 956 (9th Cir. 2015) ............................................................................. 7

*Odle v. MGC Mortg. Inc.*,
  2016 WL 2858764 (C.D. Cal. 2016) .................................................................. 8

*Shroyer v. New Cingular Wireless Servs.*,
  622 F.3d 1035 (9th Cir. 2010) ......................................................................... 11

*Sperling v. DSW, Inc.*,
  2016 WL 354319 (C.D. Cal. 2016) .................................................................. 11

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ........................................................................... 4

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ......................................................................... 12

**Statutes and Rules**

Cal. Bus. & Prof Code § 17200 ............................................................................ 9, 10

Cal. Bus. & Prof. Code § 17500 ..................................................................... 9, 10, 11

Fed. R. Civ. P. 8(a) ..................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 2, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As the Court knows from prior briefing, this case was filed by an individual who failed one of the "Step" exams that make up the United States Medical Licensing Examination, or "USMLE." Yoana Kiprilov ("Dr. Kiprilov") has taken the Step 2 Clinical Skills exam ("Step 2 CS") twice but has not yet passed all three sections of the exam in a single administration, as required by the USMLE's published scoring policies. Rather than re-take the exam, which she is permitted to do, she wants the Court to order NBME to recognize her "overall exam performance" as a "pass result." *See* Order at 2-3 (Aug. 25, 2016) (Dkt. No. 30).

Dr. Kiprilov filed her initial complaint on May 10, 2016, naming as defendants the National Board of Medical Examiners ("NBME") and the Educational Commission for Foreign Medical Graduates ("ECFMG"). (Dkt. No. 1). NBME moved to dismiss on June 7, 2016. (Dkt. No. 6). Dr. Kiprilov responded on June 28, 2016, by filing a First Amended Complaint ("FAC"). (Dkt. No. 9). NBME moved to dismiss the FAC on July 15, 2016 (Dkt. No. 12), as did the ECFMG on July 28, 2016 (Dkt. No. 16).

In an Order dated August 25, 2016, the Court dismissed plaintiff's First Amended Complaint. (Dkt. No. 30). Noting that the FAC set forth "a series of jumbled and incoherent events," *id*. at 2, the Court identified seven causes of action that Dr. Kiprilov appeared to be asserting, *id*. at 4, including a claim for breach of contract, and held that each one failed to state a viable legal claim, *id*. at 5-14. The Court dismissed the FAC without leave to amend with respect to the ECFMG, *see id*. at 6-7, but permitted plaintiff "one final opportunity to amend her complaint" against NBME, *id*. at 14.

On September 7, 2016, Dr. Kiprilov filed Plaintiff's Second Amended Complaint ("SAC"). (Dkt. No. 31.). The SAC sets forth a single cause of action against NBME, breach of contract. *Id.* at 24-44.

This contract claim fails for the same reasons identified by the Court in dismissing the breach of contract claim that Dr. Kiprilov asserted in the FAC. *See* Order at 12 (Dkt. No. 30). "Plaintiff has not established facts that would support the existence of a contract … that contractually bound NBME to give her a passing score despite her failure to pass every subcomponent of the Step 2 CS in one sitting," and her "desire to change the policies that *actually* govern the scoring of the USMLE does not convert NBME's refusal to pass her into a breach of contract." *Id*. (original emphasis). The SAC should therefore be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]

## II. STATEMENT OF FACTS

The Court is already familiar with the relevant background facts. *See* Order at 1-5 (Dkt. No. 30); *see also* NBME Motion to Dismiss the FAC (Dkt. No. 12). Accordingly, NBME sets forth only an abbreviated version of those facts here.

The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine. Medical licensing authorities in every state rely upon the USMLE to help assess the qualifications of candidates for medical licenses.

Dr. Kiprilov's complaint relates to the Step 2 Clinical Skills exam. The Step 2 CS exam uses standardized patients – individuals trained to portray a patient scenario – to test medical students and graduates on their ability to gather information, perform physical examinations, and communicate their findings to patients and colleagues. The exam includes twelve patient encounters. Examinees must compose a patient note following each examination.

---

[1] Like the FAC, the SAC "mixes allegations of relevant facts, irrelevant facts, … and legal argument in a confusing way." *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996). As a result, dismissal is also warranted under Fed. R. Civ. P. 8(a). *See Currier v. Arzate,* No. 14-0335-JGB-(KK), 2015 WL 918158 (C.D. Cal. 2015).

Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). *See* http://www.usmle.org/step-2-cs/#scoring. The examination materials inform examinees in advance of testing that "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *Id*. This unambiguous policy is also set forth in a booklet titled "*Step 2 Clinical Skills (CS) Content Description and General Information*," at 10: "Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *See* http://www.usmle.org/pdfs/step-2-cs/cs-info-manual.pdf. Thus, as Dr. Kiprilov has acknowledged elsewhere, "[a] first time taker is 'told' by reading the official USMLE-website … that in order to achieve an 'overall' passing score on the 2 CS exam, he/she has to pass all the three parts – CIS, ICE, SEP in a single administration." Pl.'s Decl. in Supp. of Mot. for Partial S.J. at ¶ 16 (Docket No. 14).

On each of the two occasions that she has taken Step 2 CS, Dr. Kiprilov passed only two of the three subcomponents and thus did not obtain an overall passing result. In May 2015, she passed the Communication and Interpersonal Skills (CIS) and Spoken English Proficiency (SEP) subcomponents, but failed the Integrated Clinical Encounter (ICE) subcomponent. In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. *See* FAC at 57-58 (Ex. V) (Dr. Kiprilov's score reports) (Dkt. No. 9).

This lawsuit resulted from Dr. Kiprilov's failure to achieve a passing result on the Step 2 CS exam. Although her SAC includes a lengthy criticism of the validity, utility and cost of the exam, her core objection remains the USMLE requirement that all three subcomponents of Step 2 CS must be passed in the same test administration. She believes she should be allowed to combine her passing

outcomes on subcomponents from her two test administrations, so as to be given a passing Step 2 CS result. *See* Complaint at ¶ 4 ("My 'overall' performance on the exam (USMLE Step 2 CS) could be reasonably, logically and safely considered as a pass result.") (Dkt. No. 1). That outcome, however, would be contrary to the scoring rules for the Step 2 CS exam.

## III. LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

A court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. However, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In deciding a motion to dismiss, a court may consider not only the complaint, but also documents that attached to or incorporated by reference in the complaint, as well as matters subject to judicial notice. *Black v. CorVel Enter. Co.*, No. 14-2588-JGB, 2016 WL 3457032, *9 (C.D. Cal. 2016). "Under the incorporation by reference doctrine, the Court may consider documents not attached to the pleading if: (1) those documents are referenced extensively in the complaint or form the basis of the plaintiff's claim; and (2) if no party questions their authenticity." *Id.* (citation omitted).

## IV. THE SAC FAILS TO STATE A CLAIM

In her SAC, Dr. Kiprilov again sets forth rambling criticism of the utility and reliability of the Step 2 CS exam. *See, e.g.*, SAC at 1-2, 4-12, 14-17, 40-41. She also expresses, again, her view that she has adequately demonstrated the competencies that are assessed on the Step 2 CS exam. *See, e.g., id.* at 5, 12-13. But, as before, she fails to set forth any facts which state a claim that is plausible on its face.

### A. Dr. Kiprilov Has Not Stated A Claim For Breach of Contract

The SAC sets forth a single cause of action, for breach of contract. "A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach." *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662 (9th Cir. 2009); *see also Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015). Dr. Kiprilov has not pled facts that satisfy three of these elements.

First, she has not alleged full performance of her obligations under the alleged contract. Instead, she alleges "substantial performance" and then seeks to be excused from the central obligation that she has failed to perform. That effort should not succeed.

Dr. Kiprilov acknowledges in the SAC that USMLE rules require examinees to pass all three subcomponents of the Step 2 CS exam in a single administration in order to obtain a passing result on the Step 2 CS. *See* SAC at 13-14. This scoring policy is published on the USMLE website, *see* Order at 4-5 (Dkt. No. 30), which Dr. Kiprilov characterizes as setting forth the "terms and conditions" of her contract with NBME, *see* SAC at 27. It is undisputed that she has not met the requirements of this scoring policy. Thus, she cannot show that she performed all of her obligations under the parties' agreement, and in fact admits that she has not done so.

In an effort to overcome these indisputable facts, Dr. Kiprilov asserts that she performed the "IMPORTANT" obligations under her agreement with the NBME, and that her "omission in performance ('single administration' requirement)" should be excused because it was "slight and will not impair the value of the contract…." SAC at 34 (original emphasis). This position should be rejected out of hand. The scoring rules for a licensing exam cannot be characterized as of "slight" importance, and the value of a testing entity's agreement with an examinee would clearly be impaired if the testing entity were required to award a passing result to someone who did not actually pass under the published scoring rules.

Dr. Kiprilov asserts that "every rule has exceptions." *See* SAC at 13. She then tries to come up with one by referencing contract doctrines that have no relevance here.

According to Dr. Kiprilov, NBME should be ordered to grant her a passing result because she "substantially performed" the parties' contract by passing all of the three exam subcomponents -- just not in one sitting. SAC at 5-6, 26, 29, 33-36.[2] She also alleges, without elaboration, "frustration of cause," *see id*. at 24; that NBME has breached "the good faith covenant," *id*. at 37, 41 ("NBME/ECFMG failed to act in good faith … and deceived me as a member of society and as an examinee with their claims that they protect this society by administering this

---

[2] "The doctrine of substantial performance provides that a party is deemed not to have breached a contract if its conduct was a 'trivial and innocent' departure from the contract's requirements." *Gulf Ins. Co. v. First Bank*, 2009 U.S. Dist. LEXIS 32488, *12 (E.D. Cal. 2009), *aff'd*, 400 Fed. App'x 188 (9th Cir. 2010). It is typically applied as a defense when a party to a contract is sued for breach -- not, as here, by a plaintiff who asserts a breach of contract. *See, e.g.*, *Boat Owners Ass'n of the United States v. Sea Ventures of Cal., Inc.,* 2000 WL 33179449 (C.D. Cal. 2000); *see also Lowy v. United Pacific Ins. Co.*, 67 Cal.2d 87, 92 (1967) (noting that the doctrine is "ordinarily applied to building contracts"). In all events, the non-performance here -- failure to meet the scoring policies applicable to a licensing exam -- cannot be characterized as "trivial."

27534418.1 - 6 -

exam.");[3] and that NBME has "unclean hands," *id.* at 38 (purportedly because it disregarded certain research findings relating to the Step 2 CS exam).[4] But she has not identified any facts that would make any of these contract doctrines applicable to her situation. Thus, she has not negated the single-administration rule that applies to all Step 2 CS examinees. Part of Dr. Kiprilov's required performance was to pass all subcomponents in a single administration, and she cannot allege performance of that requirement.

<u>Second</u>, she still has not identified any contractual obligation that NBME has failed to perform. In the FAC, she alleged that "NBME breached a contract with her by violating its own 'retakes' policy and failing to give her a passing score." *See* Order at 12 (Dkt. No. 30). The Court correctly rejected that allegation, holding that Dr. Kiprilov had identified no obligation on NBME's part "that contractually bound NBME to give her a passing score despite her failure to pass every subcomponent of the Step 2 CS in one sitting." *Id.* This remains true.

---

[3] "'The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive *the benefit of the agreement actually made*.' As a result, the covenant of good faith and fair dealing 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Lenk v. Monolithic Power Sys.*, 2015 WL 7429498, *5 (N.D. Cal. 2015) (original emphasis). Dr. Kiprilov's attempted reliance on the covenant of good faith to negate the terms of "the agreement actually made" with NBME and to excuse her failure to satisfy the single-administration requirement is thus misplaced.

[4] The "unclean hands" doctrine is an equitable defense. *See, e.g.*, *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 667-68 (9th Cir. 2012). Therefore, Dr. Kiprilov cannot rely on this doctrine, as a plaintiff, to support her breach-of-contract claim.

According to Dr. Kiprilov:

> NBME breached the contract by a) not granting a passing outcome corresponding to the Plaintiff's substantial performance, b) NBME intentionally did not consider the Plaintiff's substantial performance (pass results on each part of 2 CS), c) NBME prevented Plaintiff from a full performance and NBME intentionally did not consider Plaintiff's reasonable excuse for non-full-performance (due to NBME's products' reliability defect and because NBME did not follow their evidence-based medicine and research studies shown above).

SAC at *25-26; see also id.* at 39 ("NBME breached the contract since it did not grant the passing result for my substantial performance…;" "NBME has not performed their part of the deal and granted an 'overall' passing outcome….").

These allegations are nothing more than a re-packaged version of what she alleged in the FAC. She asserts that NBME breached the parties' contract by failing to give her a passing score, but she still has not identified any policy or other contractual obligation that requires NBME to give her a passing score even though she failed to pass all three subcomponents in a single sitting. What the Court said previously remains the case: "Plaintiff's desire to change the policies that *actually* govern the scoring of USMLE does not convert NBME's refusal to pass her into a breach of contract." Order at 12 (Dkt. No. 30) (original emphasis).

<u>Finally</u>, she has not provided any facts from which one reasonably could conclude that she suffered damages *as a result of* any claimed breach. There was no breach, so by definition her claimed damages cannot be attributed to any breach by NBME. Instead, her alleged injuries (SAC at 26, 30) are the result of her not passing all three subcomponents of Step 2 CS in a single sitting, and then choosing to pursue litigation rather than simply retaking the exam.

Because Dr. Kiprilov has not pled any facts that would plausibly establish three of the four elements of a breach of contract claim, the Court should dismiss her claim. *See Odle v. MGC Mortg. Inc.*, 2016 WL 2858764, *2 (C.D. Cal. 2016)

(agreeing that plaintiff's complaint failed to allege any of the four elements of a breach of contract claim, and granting defendants' motion to dismiss). The dismissal should be with prejudice, based upon the following undisputed facts: (1) USMLE scoring policies require an examinee to pass all three subcomponents of the Step CS exam in a single test administration in order to achieve a passing Step 2 CS result, and (2) Dr. Kiprilov has not passed all three subcomponents of the Step 2 CS in a single administration.

### B. Dr. Kiprilov Has Not Stated A Claim Under Sections 17200 Or 17500 Of The California Business and Professions Code

As noted above, the only cause of action set forth in Dr. Kiprilov's SAC is for breach of contract. *See* SAC at 24-44 (Dkt. No. 31). However, shortly after filing the SAC, Dr. Kiprilov filed a 3-page document titled "Plaintiff's Addendum to the Second Amended Complaint." (Dkt. No. 34.) The Addendum includes the following statements:

> Plaintiff supports her claims for a misleading information and unfair act and deceptive practices under **BPC 17200 and 17500** (please see "SAC" at **I.N**) i.e. for "unlawful, unfair, or fraudulent business act and practice," as well as "unfair, deceptive, untrue, misleading advertising" regarding Step 2 CS.
>
> *****
>
> As this Court, with all due respect pointed out, allegations under BPC 17200 are to be considered when there is a violation of another law. In the "SAC" I claim a breach of contract (due to my substantial performance – passing each part of the exam, even though not in a single administration) due to reliability problems, due to NBME's refusal to follow evidence-based methods of fair testing and evaluation. **I respectfully request the Court to consider these violations together.**

*See* Dkt. No. 34 at 1-2 (original emphasis).

It unclear what Dr. Kiprilov is trying to say in these paragraphs. She refers to "her claims for a misleading information and deceptive practices under BPC 17200 and 17500," and then directs the Court's attention to Section I.N. of the

SAC. However, Section I.N does not purport to assert any claims under Sections 17200 or 17500 of the Business and Professions Code. It is simply one of many sections in the SAC where Dr. Kiprilov expresses her views regarding the efficacy of the Step CS exam. *See* SAC at 17 ("Which is even more frustrating, NBME/ECFMG failed to act in good faith (breached their duty of fairness) and deceived me <u>as a member of this society (patient)</u>, and <u>as an examinee</u>, with their claims that they protect the society by administering this exam….") (original emphasis).

To the extent the SAC could be construed as asserting claims under the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, and/or the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500 – by virtue of the passing references to those provisions in Dr. Kiprilov's "Addendum" to the SAC – the claims fail as a matter of law. The SAC includes no new factual allegations relative to what Dr. Kiprilov previously alleged in the FAC.

The Court dismissed Dr. Kiprilov's Section 17200 claim in the FAC because claims under that statute "must rest on a violation of another law," and all of the statutory violations asserted in the FAC were found by the Court to fail. Order at 11 (Dkt. No. 30) ("Plaintiff's claims *all* fail and thus cannot serve as predicate violations for a UCL claim.") (original emphasis). In an apparent effort to respond to this holding, Dr. Kiprilov "request[s] the Court to consider" the violation she is alleging under Section 17200 "together" with the "breach of contract" she is alleging in the SAC. *See* Addendum at 2 (Dkt. No. 34). In other words, she is asserting that NBME's alleged breach of contract should serve as the "predicate violation for a UCL claim." That assertion is misplaced. First, the SAC fails to assert a plausible breach of contract claim, so, as before, "the UCL claim fails as well." Order at 11 (Dkt. No. 30). Second, a breach of contract cannot serve as a predicate violation for a UCL claim, unless the breach is unlawful, fraudulent or

1 unfair. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010); *Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1059-60 (C.D. Cal. 2015). The breach alleged here – failure to award Dr. Kiprilov a passing result on the Step 2 CS exam, based upon application of published scoring policies – cannot be so characterized.

The Court dismissed Dr. Kiprilov's Section 17500 claim in the FAC because she had identified no representation by NBME that allegedly violated the false advertising statute, and because "a reasonable person acting reasonably under the circumstances – that is, an examinee reviewing USMLE materials in anticipation of the test or following the exam – would not believe that NBME's statement regarding the necessity of passing all three subcomponents suggested that an examinee could receive a passing score despite failing a section of the test." Order at 11 (Dkt. No. 30). The same findings are warranted relative to the SAC. Dr. Kiprilov has not identified any representation in the SAC that could be construed as violating the false advertising statute, nor would it be reasonable for any prospective examinee to construe the published Step 2 CS policies as requiring anything other than passing all three subcomponents in a single administration in order to achieve a passing score.

Thus, as before, Dr. Kiprilov has failed to satisfy the pleading requirements with regard to any claims she might purport to be asserting in the SAC, and the claims should be dismissed. *See Sperling v. DSW, Inc.*, No. 15-1366-JGB (SPx), 2016 WL 354319 (C.D. Cal. 2016) (dismissing plaintiff's UCL and FAL claims with prejudice); *Avila v. Vital Pharmaceuticals*, No. 12-03823-JGB (SHx), 2013 WL 2237813, *3 (C.D. Cal. 2013) (dismissing FAL and UCL claims with prejudice where plaintiff failed to plead with particularity and relied on plaintiff's own conclusory beliefs).

## V. CONCLUSION

Dr. Kiprilov's Second Amended Complaint should be dismissed with prejudice pursuant to 12(b)(6). Because she has already amended her complaint twice, and any further effort to re-plead her claims would be futile, she should not be granted leave to amend. *See Cafasso v. Gen'l Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Dated: September 23, 2016

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Eric A. Herzog
　　　Eric A. Herzog

Attorneys for Defendant
National Board of Medical Examiners