1  Eric A. Herzog (Bar No. 229066)
   eric.herzog@nortonrosefulbright.com
2  **NORTON ROSE FULBRIGHT US LLP**
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, California 90071
4  Telephone:  (213) 892-9200
   Facsimile:   (213) 892-9494
5
   Attorneys for Defendant
6  NATIONAL BOARD OF MEDICAL EXAMINERS

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  YOANA AYANOVA KIPRILOV, | Case No.:  5:16-cv-00952 JGB (SPx) |
| 12            Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| 13            v. | |
| 14  NATIONAL BOARD OF MEDICAL EXAMINERS, | |
| 15            Defendant. | Hearing Date:   October 31, 2016 |
| 16 | Hearing Time:   9:00 a.m.<br>Courtroom:       1 |
| 17 | Judge Jesus G. Bernal |

18

19

20

21

22

23

24

25

26

27

28

Defendant National Board of Medical Examiners ("NBME") has moved to dismiss plaintiff's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6).   Having considered NBME's motion and supporting Memorandum of Points and Authorities, plaintiff's opposition papers, NBME's reply memorandum, and any oral arguments of the parties, it is hereby ORDERED that NBME's motion is granted for the reasons set forth below, and plaintiff's Second Amended Complaint is dismissed with prejudice for failure to state a claim.

## I.     STATEMENT OF FACTS

### A. NBME and the USMLE

Defendant National Board of Medical Examiners ("NBME") is a non-profit organization based in Pennsylvania.   In conjunction with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE").   Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians.   The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine.

The USMLE has multiple components, or "Steps," that are taken at different times in an individual's medical education and training.   One component is the Step 2 Clinical Skills ("CS") examination.   The Step 2 CS exam uses simulated doctor-patient encounters, in a standardized environment, to evaluate a prospective physician's fact-gathering, communication and interpersonal skills.

Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents:   Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). *See* http://www.usmle.org/step-2-cs/#scoring.   Under the published scoring policies applicable to all examinees, "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS."   *Id.*

## B. Dr. Kiprilov And Her Complaint in This Action

Plaintiff Yoana Kiprilov ("Dr. Kiprilov") has taken the Step 2 CS exam twice but has not yet achieved a passing result. Proceeding *pro se,* she filed a 38-page complaint on May 10, 2016, in which she asked the Court to, among other things, recognize her "overall exam performance" on Step 2 CS as a "pass result." Complaint at 3. (Dkt. No. 1). NBME moved to dismiss Dr. Kiprilov's complaint. (Dkt. No. 6). Dr. Kiprilov responded to NBME's motion by filing a First Amended Complaint ("FAC"). (Dkt. No. 9). NBME moved to dismiss the FAC (Dkt. No. 12), as did its co-defendant, the Educational Commission for Foreign Medical Graduates ("ECFMG") (Dkt. No. 16).

In an Order entered on August 25, 2016, the Court granted the motions of both defendants and dismissed the FAC. (Dkt. No. 30). Dr. Kiprilov's claims against the ECFMG were dismissed without leave to Amend, Order at 7, but the Court gave Dr. Kiprilov "one final opportunity to amend her complaint" against the NBME, *id.* at 14. (Dkt. No. 30).

On September 7, 2016, Dr. Kiprilov filed a Second Amended Complaint ("SAC") against NBME. (Dkt. No. 31). The SAC sets forth a single cause of action, breach of contract.

On September 9, 2016, Dr. Kiprilov filed a document styled, "Addendum to Second Amended Complaint." (Dkt. No. 34). The document does not set forth any additional causes of action, beyond the breach-of-contract claim asserted in the SAC, but it states that "Plaintiff supports her claims for a misleading information and unfair act and deceptive practices under BPC 17200 and 17500…." *See* Addendum at 1 (citing Section I.N. of the SAC). The referenced provisions from the Business and Professions Code are to California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). However, neither the SAC nor the Addendum asserts a claim under the UCL or the FAL.

1    For the reasons that follow, the Court hereby grants NBME's motion and

2  dismisses Dr. Kiprilov's Second Amended Complaint, with prejudice and without

3  leave to amend. Although Dr. Kiprilov questions the utility of the Step 2 CS exam

4  and believes that she has adequately demonstrated the skills that it assesses, she has

5  identified no legal basis for second-guessing the USMLE program in this regard,

6  and the Court declines to do so.

7  **II.   LEGAL STANDARD**

8    Under Rule 12(b)(6), a court must dismiss a complaint that fails to state a

9  claim upon which relief may be granted. To survive dismissal, a plaintiff must

10 allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

11 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and

12 conclusions' or 'a formulaic recitation of the elements of a cause of action will not

13 do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

14 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009)

15 (quoting *Twombly*, 550 U.S. at 555, 557).

16   The Court must accept all material allegations in the complaint as true and

17 construe them in the light most favorable to plaintiff. However, the "allegations

18 that are taken as true must plausibly suggest an entitlement to relief, such that it is

19 not unfair to require the opposing party to be subjected to the expense of discovery

20 and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

21   "Although the scope of review on a Rule 12(b)(6) motion to dismiss is

22 limited to the contents of the complaint, the Court may consider documents

23 attached to the complaint, documents incorporated by reference in the complaint, or

24 matters subject to judicial notice." *Black v. CorVel Enterprise Co.*, No. EDCV-14-

25 2588-JGB, 2016 WL 3457032, *9 (C.D. Cal. April 27, 2016). It may also consider

26 other documents that are relied upon by the parties "if no party questions their

27 authenticity." *Id*.

28

## III.        THE SAC FAILS TO STATE A CLAIM

### A. Dr. Kiprilov Has Not Stated A Plausible Claim For Breach Of Contract

Dr. Kiprilov asserted seven causes of action in her FAC, including a claim for breach of contract. *See* Order at 4 (Dkt. No. 30). The Court dismissed all seven claims for failure to state a claim. *Id.* at 7-14.

The SAC asserts a single cause of action, for breach of contract. *See* SAC at 24-44. Dr. Kiprilov alleges that "NBME breached the contract by a) not granting a passing outcome corresponding to the Plaintiff's substantial performance, b) NBME intentionally did not consider the Plaintiff's substantial performance (pass results on each part of 2 CS), c) NBME prevented Plaintiff from a full performance and NBME intentionally did not consider Plaintiff's reasonable excuse for non-full-performance (due to NBME's products' reliability defect and because NBME did not follow their evidence-based medicine and research studies shown above)." *Id.* at 25-26.

A claim for breach of contract under California law consists of the following elements:   (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach.  *Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015).  Dr. Kiprilov has adequately pled the existence of a contract, but she has not pled facts that would plausibly establish the remaining three elements.

### 1. Dr. Kiprilov Has Not Performed Her Contract Obligations

Dr. Kiprilov acknowledges that she has not performed all of her obligations under the contract that she has accused NBME of breaching.  Instead, she alleges "substantial performance" and then seeks to be excused from the central obligation that she has failed to perform.  The Court finds no basis for that outcome.

The USMLE scoring rules unambiguously state that examinees must pass all three subcomponents of the Step 2 CS exam in a single administration in order to obtain a passing result on the Step 2 CS. *See* SAC at 13-14.  This scoring policy is

published on the USMLE website, *see* Order at 4-5 (Dkt. No. 30), which Dr. Kiprilov characterizes as setting forth the "terms and conditions" of her contract with NBME, *see* SAC at 27. It is undisputed that she has not met the requirements of this scoring policy. Thus, she cannot show that she performed her obligations under the parties' agreement.

Dr. Kiprilov asserts that she performed the "IMPORTANT" obligations under her agreement with the NBME, and that her "omission in performance ('single administration' requirement)" should be excused because it was "slight and will not impair the value of the contract...." SAC at 34 (original emphasis). The Court disagrees with both assertions. The scoring rules for a licensing exam cannot be characterized as of "slight" importance, and the value of a testing entity's agreement with an examinee would clearly be impaired if the testing entity were required to award a passing result to someone who did not actually pass under the published scoring rules.

In an effort to overcome her acknowledged non-performance of the "single-administration" requirement, Dr. Kiprilov references numerous contract doctrines in the SAC. She places particular reliance on the doctrine of "substantial performance." According to Dr. Kiprilov, NBME should be ordered to grant her a passing result because she "substantially performed" the parties' contract by passing all three of the exam subcomponents -- just not in one sitting. SAC at 5-6, 26, 29, 33-36. The Court rejects this contention. The doctrine of substantial performance "provides that a party is deemed not to have breached a contract if its conduct was a 'trivial and innocent' departure from the contract's requirements." *Gulf Ins. Co. v. First Bank*, 2009 U.S. Dist. LEXIS 32488, *12 (E.D. Cal. 2009), *aff'd*, 2010 U.S. App. LEXIS 21393 (9th Cir. 2010). It is "ordinarily applied to building contracts," *Lowy v. United Pacific Ins. Co*., 67 Cal.2d 87, 92 (1967), and typically arises as a defense when a party to a contract is sued for breach, *e.g.*, *Boat Owners Ass'n of the United States v. Sea Ventures of Cal., Inc.,* 2000 WL 33179449

DOCUMENT PREPARED
ON RECYCLED PAPER

1   (C.D. Cal. 2000).  The doctrine is thus inapplicable here.  Moreover, even if the

2   doctrine could be relied upon by a plaintiff in the manner attempted by Dr.

3   Kiprilov, there is no plausible factual basis for its application.   The non-

4   performance here -- failure to meet the scoring policies applicable to a licensing

5   exam -- cannot be characterized as "trivial."

6          Dr. Kiprilov gets no further with her assertion that NBME has breached "the

7   good faith covenant," *id*. at 37, 41.  "'The covenant of good faith and fair dealing,

8   implied by law in every contract, exists merely to prevent one contracting party

9   from unfairly frustrating the other party's right to receive *the benefit of the*

10  *agreement actually made*.'   As a result, the covenant of good faith and fair dealing

11  'cannot impose substantive duties or limits on the contracting parties beyond those

12  incorporated in the specific terms of their agreement.'"  *Lenk v. Monolithic Power*

13  *Sys.*, 2015 WL 7429498, *5 (N.D. Cal. 2015) (original emphasis).  Dr. Kiprilov's

14  attempted reliance on the covenant of good faith to negate the terms of "the

15  agreement actually made" with NBME and to excuse her failure to satisfy the

16  single-administration requirement is thus misplaced.

17         Finally, the Court rejects as a factual matter Dr. Kiprilov's allegation that

18  NBME has "unclean hands," *id*. at 38, and holds that this doctrine, too, is

19  inapplicable here.  The "unclean hands" doctrine is an equitable defense.  *See, e.g.*,

20  *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015); *Biller*

21  *v. Toyota Motor Corp*., 668 F.3d 655, 667-68 (9th Cir. 2012).  Dr. Kiprilov cannot

22  rely on this doctrine, as a plaintiff, to support her breach-of-contract claim.

23         In short, the various contract doctrines relied upon by Dr. Kiprilov in the

24  SAC do not negate the single-administration rule that applies to all Step 2 CS

25  examinees.   Part of Dr. Kiprilov's required performance was to pass all

26  subcomponents of the Step 2 CS in a single administration, and she cannot allege

27  performance of that requirement.

28

### 2. Dr. Kiprilov Has Not Identified Any Contract Breach

Dr. Kiprilov also asserted a breach of contract claim in her FAC. The Court rejected that claim, finding that Dr. Kiprilov had identified no testing policy or other obligation "that contractually bound NBME to give her a passing score despite her failure to pass every subcomponent of the Step 2 CS in one sitting." Order at 12 (Dkt. No. 30). The same finding is warranted with respect to the contract claim that Dr. Kiprilov purports to assert in the SAC.

The allegations in the SAC are essentially a re-packaged version of what Dr. Kiprilov alleged in the FAC. She asserts that NBME breached the parties' contract by failing to give her a passing score, but she still has not identified any contractual basis for requiring NBME to give her a passing score even though she failed to pass all three subcomponents in a single sitting. As the Court noted previously, "Plaintiff's desire to change the policies that *actually* govern the scoring of USMLE does not convert NBME's refusal to pass her into a breach of contract." *Id.*

### 3. Dr. Kiprilov's Claimed Injuries Were Not Caused by NBME

The SAC does not set forth any facts from which one reasonably could conclude that Dr. Kiprilov suffered damages ***as a result of*** a contract breach by NBME. There was no breach, so by definition her claimed damages cannot be attributed to any breach by NBME. Instead, her alleged injuries (SAC at 26, 30) are the result of her not passing all three subcomponents of Step 2 CS in a single sitting, and then choosing to pursue litigation rather than retaking the exam.

Because Dr. Kiprilov has not pled any facts that would plausibly establish three of the four required elements, the Court dismisses her contract claim. The dismissal is with prejudice, based upon the following undisputed facts: (1) USMLE scoring policies require an examinee to pass all three subcomponents of the Step CS exam in a single test administration in order to achieve a passing Step 2 CS result, and (2) Dr. Kiprilov has not passed all three subcomponents of the Step 2 CS in a single administration.

## B. Dr. Kiprilov Has Not Stated A UCL Or FAL Claim

As noted at the outset of this Order, the SAC does not assert a UCL claim or a FAL claim, nor does the "Addendum" that Dr. Kiprilov filed. However, the Addendum refers to "Plaintiff['s] … claims … under BPC 17200 and 17500…." Addendum at 1 (Dkt. No. 34).

The Court holds that Dr. Kiprilov has not properly asserted any claim under Sections 17200 or 17500 of the California Business and Professions Code. No such claims are found in the SAC, and – to the extent that she was attempting to do so – Dr. Kiprilov could not simply file a so-called "Addendum" to the SAC to raise new claims. Doing so would amount to allowing Dr. Kiprilov to file another amended complaint, which a plaintiff cannot do unilaterally at this stage in a proceeding.

The Court further holds that, even if the SAC could be construed as asserting claims under the UCL or the FAL, those claims are subject to dismissal for failure to state a claim, for reasons substantially the same as those identified by the Court in dismissing the UCL and FAL claims that Dr. Kiprilov asserted in the FAC. *See* Order at 11. Neither the SAC nor the Addendum to the SAC includes any factual allegations beyond those alleged in the FAC.

The Court dismissed Dr. Kiprilov's Section 17200 claim in the FAC because claims under that statute "must rest on a violation of another law," and all of the statutory violations asserted in the FAC were found by the Court to fail. Order at 11 (Dkt. No. 30) ("Plaintiff's claims *all* fail and thus cannot serve as predicate violations for a UCL claim.") (original emphasis). Here, Dr. Kiprilov asks the Court to consider the violation she is alleging under Section 17200 "together" with the "breach of contract" she is alleging in the SAC. *See* Addendum at 2 (Dkt. No. 34). She is suggesting, in other words, that NBME's alleged breach of contract can serve as the "predicate violation for a UCL claim." The Court rejects that suggestion.

First, the SAC fails to state a plausible breach of contract claim. Therefore,

DOCUMENT PREPARED ON RECYCLED PAPER

as before, "the UCL claim fails as well."  Order at 11 (Dkt. No. 30).  Second, a breach of contract cannot serve as a predicate violation for a UCL claim, unless the breach is unlawful, fraudulent or unfair.  *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010); *Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1059-60 (C.D. Cal. 2015).  The breach alleged here – failure to award Dr. Kiprilov a passing result on the Step 2 CS exam, based upon application of published scoring policies – cannot be so characterized.

The Court dismissed Dr. Kiprilov's Section 17500 claim in the FAC because she had identified no representation by NBME that allegedly violated the false advertising statute, and because "a reasonable person acting reasonably under the circumstances – that is, an examinee reviewing USMLE materials in anticipation of the test or following the exam – would not believe that NBME's statement regarding the necessity of passing all three subcomponents suggested that an examinee could receive a passing score despite failing a section of the test."  Order at 11 (Dkt. No. 30).  The same findings are warranted relative to the SAC.  Dr. Kiprilov has not identified any representation in the SAC that could be construed as violating the false advertising statute, nor would it be reasonable for any prospective examinee to construe USMLE policies as requiring anything other than passing all three subcomponents in a single administration in order to achieve a passing Step 2 CS result.

Because Dr. Kiprilov has failed to satisfy the pleading requirements with regard to any UCP or FAC claim she might purport to be asserting in the SAC, each of those purported claims is dismissed with prejudice for failure to state a claim.  *See Sperling v. DSW, Inc.*, No. 15-1366-JGB (SPx), 2016 WL 354319 (C.D. Cal. 2016) (dismissing plaintiff's UCL and FAL claims with prejudice); *Avila v. Vital Pharmaceuticals*, No. 12-03823-JGB (SHx), 2013 WL 2237813, *3 (C.D. Cal. 2013) (dismissing FAL and UCL claims with prejudice where plaintiff failed to plead with particularity and relied on plaintiff's own conclusory beliefs).

1

**IV.  CONCLUSION**

2       The SAC fails to state any claim for which relief can be granted.  Because

3  Dr. Kiprilov has already amended her complaint twice, and any further effort to re-

4  plead her claims would be futile, Dr. Kiprilov is not granted leave to amend.  *See*

5  *Cafasso v. Gen'l Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011);

6  *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998).

7       NBME's motion to dismiss Dr. Kiprilov's Second Amended Complaint is

8  hereby GRANTED, and Dr. Kiprilov's Second Amended Complaint is hereby

9  DISMISSED WITH PREJUDICE.

10

11  Dated: _____, 2016      _____

12                                  Jesus G. Bernal
                                    United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28