Yoana A. Kiprilov
1053 E. 6th Street, Ap.26
Ontario, CA 91764
707-570-5155
yoana_ayanova@yahoo.com

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Yoana A. Kiprilov, | Case No.: 5:16-cv-00952 |
| | Assigned to Hon. Jesus G. Bernal |
| **Plaintiff,** | |
| | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS. PLAINTIFF'S REQUEST FOR A FAIR DECISION ON THIS CASE.** |
| vs. | Hearing date: October 31, 2016 |
| National Board of Medical Examiners, | Hearing time: 9:00 am |
| | Courtroom:1 |
| **Defendant** | |

TO THE HONORABLE JUDGE OF THE SAID COURT:

Plaintiff respectfully submits her Response to Defendant's Motion to dismiss and also once again requests for Justice from this Court, if that is possible.

**1. The <u>only</u> purpose of this exam (our contract respectively) is to test skills on ICE, CIS and SEP parts.** I passed each part in a 4-month period in 2015. A "Pass" result on each part, as per NBME's own rules, shows knowledge and skills, NBME's money-stealing requirement that I have to retake and pass each part **again** is not reasonably applicable in this case, although applicable for a first-time test-taker, who has not shown any skills on or passed any of these "<u>SEPARATE</u> (as per NBME), parts.

**2. <u>In truth, obviously</u>, <u>I have shown skills/passed each part of Step 2 CS</u> <u>WITHOUT COMPLYING WITH NBME's money-stealing rule.</u>** NBME now, using this rule, is trying to **get more money from me by insisting that I retake the exam**/pass each part again), **for the only purpose of paying another $1,535. And not because I have not shown skills on Step 2CS, but just for money**. In addition, **NBME is ignoring <u>the evidence-based studies on fair scoring</u> and the <u>reliability problem</u> that affected my score**. NBME also avoids applying governmental guidelines.

**3. <u>NBME even went further by blaming ME</u> because I want something that <u>NBME themselves</u> found and concluded in their research study** (from 2011) **to be most accurate – namely, <u>combining</u> the scores from the two attempts**.

NBME also claimed that the reliability problem (due to which this exam was not

used btw 1960-2005) **had been resolved by NBME**, but my scores clearly show a reliability problem. NBME also **state on their website that "_it is likely that some_ _"competencies" [like CIS] are not measured in a valid manner_" in the context of** **USMLE,** but <u>**do not provide remedies for the examinees**</u> WHEN these problems happen. Instead, **NBME steal more money from me when these problems come** **into effect.** I am asking the court, under the law to **grant** the available remedies at law, TO WHICH I AM ENTITLED IN THE NAME OF JUSTICE. **This is a very plausible** **claim.**

    **I have to keep taking the exam and keep paying more (money that I do not** **have), suffer career damages, for <u>NBME's defective product</u>! WHAT A SHAME!  If** **there is justice, NOT FAVORISTISM AND PROTECTION OVER NBME, this should** **not be allowed to happen and NBME should not be allowed to win this case or** **DISMISS IT (conveniently), and thus get away with justice.**

    **3.1 NBME arrogantly and shamelessly stated multiple times in their motions** **here that "**_She believes she should be allow to combine her scores_**".  Well, this is not** **true.** As we can see, it is not "my belief", but NBME's own evidence-based research finding and conclusion, which I want to be applied. **NBME should not blame me** **because i want something that they claim is more accurate scoring.**

    **3.2 In fact, when I entered the contract, I was assured (by NBME) that the there** **is no reliability problem, which was not true, and which affected my scores. The** **very fact that NBME made false claims and sold me a product with a reliability** **problem, is a <u>breach on NBME's part.</u>  By doing this, NBME <u>prevented me from a</u>** **<u>full performance (which under the law is sanctionable)</u>. NBME went further by** **trying to get more money from me despite their OWN breach. The <u>second breach</u>,** **of "good covenant", was that NBME did not apply their own research findings** **about the fair scoring, which also would have resolved this problem in a fair way.** **As seen, <u>NBME multiple times breached the contract in any possible way</u> to get** **more money from me. Should they be allowed to get away with this?**

    As Secretary Clinton, who has a J.D. degree, states "_the ideological bent of the court_

1    *has led our country in the wrong direction, especially when it comes to stacking the*

2    *deck in favor of the already wealthy and powerful"*. HERE, favoring NBME would be

3    against justice, fairness and evidence-based studies (the core of science),

      governmental guidelines, expert's statements in many research studies.

4        **3.3**. **Reliability** takes into consideration subjectivity, but when there is a difference in

5    the subjectivity itself, this is what creates a reliability problem, and makes the scoring

6    UNREALIBLE. In my case, SUBJECTIVITY in May 2015 (we can call it **S1**) was very

7    different/opposite form Subjectivity in September 2015 (**S2**), which is reflected in my two

8    **opposite results. This difference between S1 and S2 is called a reliability problem**.

9    I entered a contract under the condition that there is not and will not be a reliability

10   problem (as NBME claimed). This is where NBME's breach occurred in addition to

11   violation under BPC 17200 and 17500 (for unfair and deceptive practice). **Thus, under**

12   **these circumstances (the reliability problem and not applying a fair scoring)**

13   **NBME's scoring is not accurate and should not be accepted, SINCE IT is not done**

14   **under the contract terms and conditions, according to which there should be no**

15   **reliability problem)** i.e. there is breach on NBME's part. Since the conditions of the

16   contract were violated by NBME (with the reliability problem and the unfair inaccurate

17   scoring)**, NBME's performance by itself is breach, in fact "DOUBLE BREACH".** And

18   NBME's attorney's claims that my performance was not a "trivial deviation" from the

19   contract, are not credible since he is just an attorney, not an expert, and his

20   unsupported by evidence "naked conclusions" are also not supported by experts,

21   research studies and my pass results on each part of the exam. Especially when I have

22   satisfied the skill-testing requirements of the contract, although not the money-making

23   requirements of the contract. The purpose of the contract, to test skills (=substantial

24   performance) is met. T

25       3.4 Thus, **elements 1), 2) and 3) of the contract law are met**. Element 4-damages:

26   the fact that I cannot be employed as a resident without passing this exam, is obvious,

27   and, I am losing money. Also, **we can subpoena residency program directors to**

28   **testify** and confirm that each fail 2CS-score decreases chances for a residency-job.

There is a lot of information on the residencies' websites- some of them want not more than two attempts on this exam, or a certain number of years spent for taking this exam. **So, it is easy to subpoena/send deposition to witnesses- residency program directors, graduates that will only confirm what I have stated, IF THE COURT has doubts in my words**. Moreover, the law at this early stage of the case, does not require such evidence, but the Court has to accept my statements as true. They are also logical and seen in practice, when somebody is not certified, he is not hired. But in medicine, as it can be confirmed by residency program directors, more fail-scores makes it the less likely to be hired as a resident. Another plausible claim.

**4. As it can be seen, NBME make contradictory/opposite statements regarding the scoring.** For example, **NBME officially state** (*"Measurement precision for repeat examinees on a standardized patient examination"*, 2011, citing another study which sowed the same finding by Clauser and Nungester 2001) **that combining the scores from the examinee's two attempts makes the pass-fail decisions more accurate** (see SAC-second Amended Complaint). But in reality, **NBME sent emails to me and made statements before this Court that they will not combine the scores from the two attempts** (in order to make me pay more and retake the exam). According to the abovementioned and another NBME-study, a third attempt is not needed for a "pass-fail" decision, but also because lower second score might be due to "overconfidence" (as per NBME), but not lack of knowledge/skills. Or due to a **reliability problem**.

**5. NBME even went further by blaming ME because I want something that NBME themselves found and concluded to be more accurate** – namely, **combining the scores from the two attempts. It is NBME's own finding and conclusion, which I reasonably and logically want to be applied to my results. And I believe every examinee would like to have a fair and more accurate scoring. Since, after all, the examinees are the ones who suffer financial and career damages, not NBME/ECFMG (which only make money with these exams). In fact,**

no person on Earth would want to take an exam that has unfair scoring PLUS a reliability problem.

And **NBME blaming ME** because I want NBME to apply the finding and the conclusion that they made in their own research in 2011, which ensures more fair and accurate scoring, is extremely mean and ugly.  **Shame on NBME!** NBME arrogantly and shamelessly stated **multiple times in their motions here that** "*She believes she should be allow to combine her scores*".  **Well, this is not true. As we can see, it is not "my belief", but NBME's own evidence-based research finding and conclusion, which I want to be applied. NBME, again, is making false statements, which appears to be their routine practice. Sadly, NBME do not follow any moral or ethical rules, just the money.**

6. Sadly, this Court stated that it is "*Plaintiff's [my] desire to change their policy*". But as an examinee, I just want fair scoring and no reliability issues on my exam, especially when I have to pay so much money for this exam and when this exam affects my career and employment. Especially when NBME themselves claim that the "pass-fail" decisions are more accurate (consistent, reliable) when the scores from the two attempts are combined. **Thus, with all due respect, it is not simply "*my desire to change NBME'S policy*", but it is NBME's own research-based conclusion and finding which should dictate their policy.** I am just saying here "**hey, NBME say one thing officially, unofficially do the opposite**". And since NBME claim that they follow the research studies (to justify the existence of Stpe 2 CS), the scoring policy should also be updated and follow the new research studies in order to be more accurate, **EVEN IF this would be against NBME's money-making/stealing strategy.** Which is what happens here – **NBME's own money-making policy comes into conflict with their own evidence-based fair testing findings and scoring.** And in medicine there are constant updates based on the new research-findings.

I respectfully request the Court to accept these reasonable "grounds" and factual allegations, which clearly make a plausible claim. I also believe that the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS. PLAINTIFF'S REQUEST FOR A FAIR DECISION ON THIS CASE. - 5

Court will understand my point here and not favor again NBME.

7. It has been also pointed out that it is not normal to have 17, 000+ US-graduates, students and physicians criticizing **this particular exam** and searching for justice by going public, instead of going to court. At same time NBME is oblivious and pretend that people like this exam. NBME physicians/experts also have never taken and passed this exam, which is also another **shameful hypocritical fact**. In addition, a lot of evidence has been provided against NBME's unfair practice on Step 2 CS. Even if we accept that this xam evaluates the initial first-visit 15-min impression (**not clinical skills**), the **reliability problem** and the **way of fair scoring** (that has been found in research studies, but not applied) are still issues, which NBME have refused to resolve.

8. **When** I requested last week that NBME provides the **test-retest reliability**, important for a retake examinee, NBME has was not able to provide that. Although according to many governmental guidelines this should be provided. **NBME was also not able to guarantee that my third attempt will not be affected by a reliability problem or a discriminatory problem**. How can I REtake this exam in this situation? It is also concerning that **interrater-reliability** of the four sections of patient notes (used for data gathering and data interpretation scores) show

*"The overall inter-rater reliability (weighted kappa) was .79 (Documentation = .63, Differential Diagnosis = .90, Justification = .48, and Workup = .54)" (Inter-rater reliability and generalizability of patient note scores using a scoring rubric based on the USMLE Step-2 CS format.).*

*"Keeping in mind that any agreement less than perfect (1.0) is a measure not only of agreement, but also of the reverse, disagreement among the raters, the interpretations …can be simplified as follows: any **kappa below 0.60 indicates inadequate agreement among the raters and little confidence should be placed in the study**… This is the reason that many texts recommend 80% agreement as the minimum acceptable interrater agreement. ("Interrater reliability: the kappa statistic" , https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3900052/ ).*

Since ICE-part of 2 CS tests BOTH data gathering (DG) and data interpretation skills

DI), NBME recently found that *"Step 2 CS data interpretation scores provide useful information for predicting subsequent performance…thus provide validity evidence for their intended use as an indication of readiness to enter supervised practice. The results show that **there is less evidence to support the usefulness of Step 2 CS data gathering scores**"*(*"Evaluating Validity Evidence for USMLE Step 2 Clinical Skills Data Gathering and Data Interpretation Scores: Does Performance Predict History-Taking and Physical Examination Ratings for First-Year Internal Medicine Residents*?", 2016, Pubmed). **There is also a problem here. NBME will test me again on DG?!**

   **9.  Different interpretations of the same law by this Court and another Court in PA.** In Hartman-case, the claims under Title VII were not dismissed because NBME is not Dr. Hartman's "employer", but in **my case under** Title VII the claim **was dismissed** because NBME is not my "employer", when Dr. Hartman and I are just examinees. In Hartman-case (Dr. Hartman was an examinee like me) the claim under Title VII was not dismissed because of the lack of "employer-employee" relationship and the EEOC-guidelines were used by NBME (to defend themselves). NBME used citations that require NBME to be an "employer" and <u>NBME took the role of an "employer"</u> to benefit from the law.

   Here, however, NBME tries to avoid the same anti-discriminatory law by switching their position and claiming that NBME is not an "employer" and Title VII and EEOC-guidelines do not apply. Also, NBME stated that EEOC guidelines are "not legally binding" here, but were "legally binding" in the Hartman-case.

   We see again one of the many examples of how NBME make contradictory/opposite claims depending on the situation in order to avoid justice, a tactic that should have been prevented by the judicial estoppel doctrine. Judicial estoppel is *'intended to protect against a litigant playing "fast and loose with the courts by asserting inconsistent positions"'* (Rockwell International Corp. v. Hanford Atomic Metal Trades Council, 851 F.2d 1208, 1210 (9th Cir.1988) (citations omitted).

   Although this specific code (42 U.S.C 2000e-2 (l) makes it clear that it is unfair to use

discriminatory cut off levels, regardless of the "employer" status.

Hartman-case seems to be fairly resolved (despite NBME's claims) by finding the balance/fairness for both sides, in the Hartman-case. **As a result, NBME was forced, after that case, to enter an agreement with the Government, that they will not discriminate under ADA**. NBME wants to make it clear that since NBME is not an "employer" of the thousands of examinees, **NBME can discriminate and nobody can do anything about it. NBME is above the law.** NBME also used and cited "Standards for educational and psychological testing", in that case, which defines reliability as well. That is why, I turned toward the legal system, since there is a problem (like in Hartman-case) which needs a prudent decision and cannot be fairly, reasonably resolved by a dismissal.

**WHY** NBME should be allowed to win and thus Justice will not be served, despite the preponderance of evidence that is against NBME's unfair and inaccurate practice: **evidence-based studies, experts' statements on exam scoring, US-governmental organizations' guidelines (e.g. "Assessment decision guide" about test-reliability),** NBME's own official statements (which contradict NBME's own unfair practice) on this showing a reliability problem exam.  NBME has provided only unsupported claims, aka speculations w/o any evidence, and do not claim that I lack 2CS-skills. **Would it be fair for NBME to win (the case be dismissed) despite all this evidence? Justice cannot be served if NBME wins with speculations, unsupported claims, and contradictory statements**.

## LEGAL GROUNDS:

**10**.  NBME **fail to show that I have failed to state a claim and thus, NBME failed to state a legal defense for the case to be dismissed. NBME just make unsupported statements that I have failed to state a claim, but they do not show any evidence or grounds for this. They use arguments that should be used in a trial, not here.**

 **Since NBME argues ON THE MERITS, which *per se* shows that I have stated a**

**plausible claim, this case should go to trial in order to be decided on the merits.**
As seen, NBME try to escape justice again by making unsupported claims – here, that I
have not stated claim, which is defeated by their own arguments (on the merits).

    **11.** "*While legal conclusions __can__ provide the complaint's framework, they must be
supported by factual allegations.*" (*ASHCROFT v. IQBAL*). "*Although a complaint need
not contain detailed factual allegations, the plaintiff does have the obligation to provide
the "__grounds__" of its "entitle[ment] to relief," which is more than mere labels and
conclusions*" (Bell Atlantic Corp. v. Twombly).

Here, I have provided a lot of __credible and legally sufficient__ evidence/grounds
**(which should not be thrown away in order to have NBME's deception protected
and encouraged).** Thus, I have made factual allegations: **experts' statements** (which
the Court should not ignore), **evidence-based publications and research** (which the
court should not ignore), **NBME's own official statement form 2011** that the exam
results are more accurate when the scores from the two attempts are combined
together, **NBME/ECFMG's emails to me showing how they switched positions and
refused to combine the two scores and comply with their own officially published
statements and their own research findings.** All THIS SHOULD NOT BE IGNORED
by THE COURT, and also considered under Evid. Code 622 and 623, which governs
the behavior of the parties outside the courtroom (and which statements **"*need not be
an agreement*"**). Thus, a "*plaintiff that has a "well-pleaded complaint may proceed even
if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that
recovery is very remote and unlikely*" (Bell Atlantic Corp. v. Twombly), **and this case
should not be decided on the merits at this very early level, and should proceed
further regardless of the decision of the jury (which could benefit either me or the
NBME, or both), which is what i respectfully request.**

    **NBME try to prevent both, me and the court, to make conclusions ("***a pleading
that offers labels and conclusions…will not do***"), but this is not true since "***legal
conclusions can provide the complaint's framework***". **Medical practice and law

always use conclusions. And **these conclusions here, are based on/cite sound research studies** (by independent but also by NBME's own experts). **These studies prove that NBME's conduct in my case is just a money-making/stealing strategy. NBME cannot and does not claim that I lack the necessary skills- which is the only reasonable ground to deny a "passing outcome" considering the PURPOSE and the nature of the exam.**

   As seen, **I want something that NBME themselves claim is fair scoring and is supported by their own research. Which is not against their rules, since NBME have not stated in the contract/on their website that combining the scores from the two attempts for (for people who have taken the exam twice) would be against their scoring rules or against ANY fair scoring policy.**

   In fact, **nothing in the policy and in the contract forbids combining the scores form the two attempts (when the examinee has taken the exam twice). Moreover, under the circumstances when the reliability problem appeared unexpectedly and when NBME state that "it is likely that some "competencies" are not measured in a valid manner". <u>Our contract does not provide for remedies when such problems occur (reliability problem, sequence and contrast effects),</u> BUT why should the examinee pay for these problems. Is THIS FAIR?**

   That is why, **I respectfully request the Court to provide and grant the remedies available under the law and ignore NBME's claims that examinee should pay for a problem on NBME's side and their product.**

   **NBME** use and cite here research studies to support the existence of their product, but at the same time conveniently **ignore other research studies (including their own) when these studies show evidence against NBME's money-making strategy.** So, again NBME play unfair and switch positions - cite research studies to strengthen their argument, but avoid and ignore the ones that threaten NBME's empire. The Court should not ignore or favor this.

**12.** Using a standard similar to the previous Conley- standard, the Supreme Court's per curiam decision just two weeks after Twombly, reversed the granting of a motion to dismiss for failure to state a claim in a pro se plaintiff case, in Erickson v. Pardus. Namely, The Hon. Justice (in Erickson v. Pardus) held that: *"The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is "to be liberally construed," Estelle, 429 U. S., at 106, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). ...Whether petitioner's complaint is sufficient in all respects is a matter yet to be determined."*

I respectfully object to the NBME Defendant's Motion to dismiss based on Rule 12 (b) (6) grounds, since NBME has failed to prove that there is a "failure to state claim" on my part.  There are clear facts and evidence, not circumstantial ones, that support my claim.  Thus, a *"**plaintiff that has a** "**well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that recovery is very remote and unlikely**"*.

**13**. *"The court's final conclusion was that the imperfections due to **plaintiff's** failure to perform the contract in strict accordance with its terms are trivial... as compared with the **extent and magnitude of the entire work embraced in said contract**... We agree with this conclusion, and we are of the opinion that the case comes within the established doctrine under which a contractor may recover in a suit for the contract price, upon showing substantial, though not in all respects complete, performance".* (Thomas Haverty Co. Jones (1921) 1985 Cal.285,290,197 P 105).

**13.1** Here, **I have spent $3,160, I have spent a lot of time for this exam, and thus "*the extent and magnitude of the entire work embraced*" should not be ignored, and I respectfully request that this Court, IN A THE SAME WAY AS THAT COURT, consider the "*the magnitude of the work embraced*" before dismissing**

my case and ordering that I have to pay and take the exam again.

   **NBME have information about my performance**, and if NBME use evidence-based studies and their own conclusions from the research, the problem can be fairly resolved. **Third attempt obviously is no needed, since NBME have information (pass result on each part of the exam) about my performance.**

   **13.2. As seen, "SUBSTANTIAL PERFORMANCE" can be claimed by the Plaintiff, and is a doctrine applied in every contract, where there is a performance.**

   **13.3 As pointed out in the SAC, substantial performance doctrine is not used only in building contracts, but in many other cases as well. Substantial performance has been applied in different cases:** *Division of Labor Law Enforcement v. Ryan Aero Co*. (1951) 106 Cal.App.2d Supp. 833, 835, 236 P.2d 236 (substantial performance to earn vacation pay); *Cline v. Yamaga (1979) 97 Cal.App.3d239, 248, 158 Cal.Rptr. 598* (substantial performance to earn real estate broker's commission)]. I have cited some cases in the SAC. And it is a claim that can be asserted by the Plaintiff as well, **so NBME's attempt to escape justice by making false statements how the doctrine is used only in building contracts should be ignored.** Substantial performance is created namely to prevent a greedy party of the contract to want more money when the purpose of the contract was satisfied, as here. **NBME's attorney make claims that I have not satisfied the money-making requirement, although I have satisfied the showing-skills requirement and purpose of the contract. The(NBME) experts and studies show that scores from the two attempts are adequate for a decision and also more accurate when combined. No third attempt is needed as per NBME's official statements and conclusions based on the study.**

   **"To establish a substantial performance, the plaintiff must show that there was no willful departure from the terms of the contract and that any defects can be easily remedied or compensated for, so that the other party practically got what was contracted for"** [Posner v. Grunwald-Marx,Inc. (1961) 56 C2d 169, 186–187, 14 CR 297, 363 P2d 313; Murray's Iron Works, Inc. v. Boyce (2008) 158 CA4th 1279,

1291–1293, 71 CR3d 317]. Here, showing skills on each part is the purpose of the contract.

Substantial performance has been applied in <u>different cases:</u> Division of Labor Law Enforcement v. Ryan Aero Co. (1951) 106 Cal.App.2d Supp. 833, 835, 236 P.2d 236 (substantial performance to earn vacation pay); Cline v. Yamaga (1979) 97 Cal.App.3d239, 248, 158 Cal.Rptr. 598 (substantial performance to earn real estate broker's commission)].

**14. NBME's attorney claims that my results are not a"trivial deviation", but…his statements (as an attorney, he is not an expert) are not supported by experts and research studies, not supported by NBME's own research studies, and no supported by my pass results on each part of the exam. So, with all due respect, NBME's attorney's "naked conclusions… will not do" and should not do. These are unsupported claims again, aka as speculations, which have no merits here.**

15. NBME claims that we have an "*agreement*" and "*agrees that our relationship is contractual in nature*", which under the law is a contract ("Civil Code section 1549 provides: "A contract is an agreement to do or not to do a certain thing"). As a proof, NBME (not me) claim that the terms and conditions are posted online, and my report results also show a contract, in addition to the electronic signature (under U.S.C. 15). **The fact that we have a contract is undisputed by the parties**, but if the Court finds again that despite these facts there is no legitimate contract ("evidence of a contract"), **I respectfully request that I receive my money back form NBME**, since I paid TO have a contract. And the two main conditions for a contract are an agreement and exchange. **No contract means no obligation on both sides.** This would be a problem for the thousands of people who take and pass the exam each year, because we are led to believe by NBME, that we have a contract.

**16. NBME was not able to ensure that the exam would be reliable**, but they have made claims on their website that the exam is now reliable (unlike before). The very fact that **the exam showed a reliability problem, is breach on NBME's part.**

Every testing guideline, including governmental ones, including the one the NBME cited in Hartman case "Standards for educational and psychological testing" require a sound reliability. **NBME has not been able to provide information about the reliability, when I asked them last week to send me more information about test-retest reliability and interrater reliability.** All guideline state that such information should be provided.

**NBME refuse to provide information about what I have failed, refuse to provide information about test-retest reliability (but admits the likelihood that some competencies would not be measured in a valid manner), and refuse to ensure me that there will be no discriminatory or reliability problem on my third exam.**

**In an email, which if needed I can provide on the hearing, NBME has not been able to provide and ensure that my third attempt scores will not be affected by a reliability problem, by sequence and contrast effects, by discriminatory cut off levels. How can somebody be willing to take the exam and be confident that he will receive an accurate evaluation? These are the conditions of the contract, which NBME violated. Thus, their scoring under the contract is inaccurate and cannot be accepted as a perfect or a full performance corresponding to my performance - which is substantial.  NBME prevented me from having fully performed by using a product which showed a reliability problem again. And also because in addition to this reliability problem, NBME did not apply fair scoring, which they claim is achieved by combining the scores form the two attempts. This should have resolved the reliability problem. NBME refused do so in order to get more money from me.**

**17.  NBME's attorney make claims that I have not satisfied the money-making requirement, although I have satisfied the showing-skills requirement and purpose of the contract. The(NBME) experts and studies show that *scores from the two attempts are* <u>adequate for a decision</u> and also most accurate when combined. <u>No third attempt is needed as per NBME's official statements and</u>**

**conclusions based on the study**.

**18**. Finally, **if the damages are uncertain**, I respectfully request the Court to allow me to **subpoena residency program directors**, **but also medical graduates and students**, and **all of them will confirm** and reveal the damages that an examinee will suffer when he takes the exam more than twice and also that he is not allowed to practice and be employed (thus losing money and his skills as the time passes by), in addition to the decrease in chances to be hired due to the time wasted for these exam. I believe this **would be fair and easy to achieve**. Moreover, the information is on Internet, and on the websites on the residency programs- some of them require not more than two attempts on step 2 cs, or not more than certain period of years passed. So, arguing here that there are no damages to examinees' career is meritless (shows ignorance by NBME's attorney about the case) and is an attempt to avoid justice under the breach of contract law. **Damages can be easily proven by having residency program directors testify as witnesses**, but these will be arguments **on the merits** which will be decided by the jury. I am not employed as a resident, I cannot be and will not be employed as a resident until I have a pass result on this exam, for which I am also losing employment benefits- money.

<u>CONCLUSION:</u>

**19**. **Based on all these grounds, I respectfully request the Court to consider the arguments in the SAC and the arguments made here, and also evidence-based studies and expert's statements, governmental guidelines, all of which are against NBME's unsupported claims about the exam scoring policy. The fact the all the elements under contract law (with element 2 also allowing an excuse for non-performance). Even NBME's own experts' claims are against NBME's policy. I also respectfully request the Court to allow me to present more evidence, if the Court wants to see- regarding the contract, regarding the damages and have residency program directors testify (if damages are in doubt at this early stage of**

1  the case and not recognized). Also, as stated earlier, I would like to review my
   papers, If the case is dismissed. NBME also withdrew the offer for a free third attempt.

2      With all due respect, I am asking for a fair, prudent judgement based on

3  research studies and experts' statements, and prepared governmental guidelines.

4  A prudent and fair decision will should not favor NBME, but should favor me.

5

6  **Date: 10/10/2016**          **Respectfully submitted: Plaintiff in Pro se**

7  (As per F.R.C.P. Rule 6 (a) (1) (C)).          Joana  A. Wiprilov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS. PLAINTIFF'S REQUEST FOR A FAIR
DECISION ON THIS CASE. - 16