Eric A. Herzog (Bar No. 229066)
eric.herzog@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

YOANA AYANOVA KIPRILOV,

Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.

Case No.: 5:16-cv-00952 JGB (SPx)

**REPLY BRIEF IN SUPPORT OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Hearing Date: October 31, 2016
Hearing Time: 9:00 a.m.
Courtroom No.: 1

Judge Jesus G. Bernal

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. THE SAC FAILS TO STATE A CLAIM .......... 2
A. Dr. Kiprilov Has Not Stated A Breach Of Contract Claim.......... 2
B. Dr. Kiprilov Has Not Stated A Claim Under Section 17200 Or 17500 Of The California Business And Professions Code.......... 6
III. CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avila v. Vital Pharmaceuticals*, 2013 WL 2237813 (C.D. Cal. 2013)....................... 7

*Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ....................................................................................................... 8

*Cline v. Yamaga*, 97 Cal. App. 3d 239, 158 Cal. Rptr. 598 (1979)............................ 3

*Div. of Labor Law Enforcement, Dept. of Industrial Relations*, 106 Cal. App. 2d Supp. 833, 236 P.2d 236 (1951) ....................................................... 3

*Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104 (C.D. Cal. 2015)....................................................................................................... 2

*Hartman v. Nat'l Board of Med. Examiners*, 2010 WL 4461673 (E.D. Pa. 2010)................................................................................................... 7

*Murray's Iron Works, Inc. v. Boyce*, 158 Cal. App. 4th 1279, 71 Cal. Rptr. 3d 317 (2008) ......................................................................................... 3

*Posner v. Grunwald-Marx, Inc.*, 56 Cal.2d 169, 363 P.2d 313 (1961)...................... 3

*Sperling v. DSW, Inc.*, 2016 WL 354319 (C.D. Cal. 2016) ....................................... 7

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)........................................................... 7

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998)................................ 8

*Thomas Haverty Co. v. Jones*, 185 Cal. 285, 197 P. 105 (1921) ............................... 3

**Statutes and Rules**

Cal. Bus. & Prof Code § 17200.......................................................................... 6, 7

Cal. Bus. & Prof. Code § 17500........................................................................ 6, 7

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 8

## I. INTRODUCTION

As the Court knows, this case involves one of the "Step" exams that make up the United States Medical Licensing Examination, or "USMLE." Yoana Kiprilov has taken the Step 2 Clinical Skills exam twice but has not yet passed all three sections in a single administration, as required by the USMLE's published scoring policies. Rather than re-take the exam, which she may do, she wants the Court to recognize her "overall exam performance" as a "pass result."

The Court dismissed Dr. Kiprilov's First Amended Complaint ("FAC"), holding that none of her seven claims stated a viable legal claim. *See* Order of Aug. 25, 2016 (Dkt. No. 30). She has filed a Second Amended Complaint ("SAC") in which she asserts a single claim, for breach of contract. (Dkt. No. 31)

Pending before the Court is NBME's motion to dismiss the SAC. (Dkt. No. 36). As NBME demonstrated in its opening brief, the contract claim asserted in the SAC fails for the same reasons as the contract claim that Dr. Kiprilov asserted in the FAC. "Plaintiff has not established facts that would support the existence of a contract … that contractually bound NBME to give her a passing score despite her failure to pass every subcomponent of the Step 2 CS in one sitting," and her "desire to change the policies that *actually* govern the scoring of the USMLE does not convert NBME's refusal to pass her into a breach of contract." *See* Order at 12 (Dkt. No. 30) (original emphasis). The SAC should therefore be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Nothing in Dr. Kiprilov's response to NBME's motion to dismiss warrants a different conclusion. *See* Plaintiff's Response to Defendant's Motion to Dismiss (Oct. 11, 2016) (Dkt. No. 37) ("Pl. Resp."). The response ignores the Court's prior analysis, contains many of the "jumbled and incoherent" allegations found in both the FAC (*see* Order at 2) (Dkt. No. 30) and the SAC, and largely fails to address NBME's opening brief.

Indeed, it is not until page 12 of Dr. Kiprilov's 16-page brief that she responds to any of the arguments made in support of NBME's motion to dismiss. Most of the brief simply repeats Dr. Kiprilov's views on the need for and reliability of the Step 2 CS exam, and her belief that she has adequately demonstrated the competencies that the exam assesses.[1] She also accuses NBME of acting in an "extremely mean and ugly" manner, and of not giving her a passing result because it wants to "steal more money" from her. *See* Pl. Resp. 2, 5 (original emphasis); *see also id*. at 1 ("In truth, obviously, I have shown skills/passed each part of Step 2 CS WITHOUT COMPLYING WITH NBME's money stealing rule.").

Dr. Kiprilov is of course entitled to express these opinions. Opinions, however, are not facts. More importantly, personal attacks on NBME and criticism of the Step 2 CS exam cannot substitute for legally relevant factual assertions. Dr. Kiprilov's opposition brief, like her SAC, does not set forth any facts which can be construed as stating a plausible breach-of-contract claim.

## II. THE SAC FAILS TO STATE A CLAIM

### A. Dr. Kiprilov Has Not Stated A Breach Of Contract Claim

To state a claim for breach of contract, plaintiff must allege facts showing: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach. *Gerritsen v. Warner Bros. Entm't*, 116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015). The SAC fails to allege facts that would establish three of these required elements.

---

[1] On each of the two occasions that she took Step 2 CS, Dr. Kiprilov received passing scores on only two of the three subcomponents and thus did not obtain an overall passing result. In May 2015, she passed the Communication and Interpersonal Skills (CIS) and Spoken English Proficiency (SEP) subcomponents, but failed the Integrated Clinical Encounter (ICE) subcomponent. *See* Dkt. No. 19, Ex. 8 (Dr. Kiprilov's May score report). In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. *Id.* at Ex. 9 (September score report). Her results reflected "a borderline level of performance for each subcomponent (ICE, CIS, SEP); borderline performance is comparable to a HIGH FAIL/LOW PASS on the subcomponent." *See* Pl. Decl. at p. 47 (Dkt. No. 14).

First, as noted in NBME's opening brief, Dr. Kiprilov has not alleged full performance of her contractual obligations. Instead, as she acknowledges in her opposition brief, Pl. Resp. at 12-13, she is alleging that she "substantially performed" her obligations and seeks to be excused from the central obligation that she failed to perform (passing all parts of the exam in a single administration). Because it is undisputed that Dr. Kiprilov has not performed all of her obligations under the contract, she cannot satisfy the second essential element of a breach claim, and she has not stated a viable claim for breach of contract.

Contrary to what Dr. Kiprilov argues, *see* Pl. Resp. at 12-13, the doctrine of "substantial performance" cannot rescue her claim. NBME's opening brief explained why the doctrine has no application in the present context. *See* Dkt. No. 36 at 6 n.2.[2] Dr. Kiprilov responds by asserting that the doctrine "has been applied in different cases," Pl. Resp. at 12, but none of the cases she cites are remotely analogous to the present case.[3] None of them involved an examinee who claimed that she should be given a passing result on a licensing exam because she "substantially" passed the exam. In all five cases, the plaintiffs argued that their

[2] NBME also explained in its opening brief why other contract doctrines referenced in the SAC do not apply under the facts of this case. *See* Dkt. No. 36 at 6-7 (discussing Dr. Kiprilov's references to the concepts of "frustration of purpose," "unclean hands" and the "covenant of good faith"). Dr. Kiprilov's opposition brief makes no counter-arguments on these points.

[3] *See Posner v. Grunwald-Marx, Inc.*, 56 Cal.2d 169, 363 P.2d 313 (1961) (suit by union to compel employer to arbitrate whether union-member employees were entitled to vacation and holiday pay for a prior work year); *Thomas Haverty Co. v. Jones*, 185 Cal. 285, 197 P. 105 (1921) (suit by contractor to collect amounts due under a construction contract); *Murray's Iron Works, Inc. v. Boyce*, 158 Cal. App. 4th 1279, 71 Cal. Rptr. 3d 317 (2008) (suit by contractor to recover money allegedly due on a contract to install iron works at defendant's home); *Cline v. Yamaga*, 97 Cal. App. 3d 239, 158 Cal. Rptr. 598 (1979) (suit by broker to recover real estate commission); *Div. of Labor Law Enforcement, Dept. of Industrial Relations*, 106 Cal. App. 2d Supp. 833, 236 P.2d 236 (1951) (suit by state agency to recover vacation pay allegedly due terminated employee).

claims for monetary damages should not be foreclosed based upon the alleged non-performance of contractual obligations that were relatively insignificant in nature. That is not true here, where the unperformed obligation involves the plaintiff's failure to achieve a passing score on a component of a medical licensing exam in accordance with scoring policies established by the exam provider. Her failure cannot be deemed a "trivial deviation." Scoring policies are at the heart of any licensing examination program.

Second, Dr. Kiprilov still has not alleged any facts that plausibly show a breach of contract by NBME. She has not identified any contract provision that would obligate NBME to give her a passing result on the Step 2 CS even though she has not met the applicable scoring rules.

In the FAC, Dr. Kiprilov alleged that "NBME breached a contract with her by violating its own 'retakes' policy and failing to give her a passing score." *See* Order at 12 (Dkt. No. 30). The Court correctly rejected that allegation, holding that Dr. Kiprilov had identified no obligation on NBME's part "that contractually bound NBME to give her a passing score despite her failure to pass every subcomponent of the Step 2 CS in one sitting." *Id.*

In the SAC, Dr. Kiprilov alleges that "NBME breached the contract" by "not granting a passing outcome corresponding to the Plaintiff's substantial performance," and by "not consider[ing] Plaintiff's reasonable excuse for non-full-performance (due to NBME's products' reliability defect and because NBME did not follow their evidence-based medicine and research….)." SAC at 25-26; *see also id*. at 39 ("NBME breached the contract since it did not grant the passing result for my substantial performance….") (Dkt. No. 31). As NBME noted in its opening brief, there is no USMLE testing policy that obligates NBME to give an examinee a passing result on the USMLE Step 2 CS exam based upon "substantial performance" of the requirements for achieving a passing result, or to excuse an examinee's "non-full performance." *See* Dkt. No. 36 at 7-8.

Dr. Kiprilov responds by criticizing the exam's psychometric reliability, *e.g.*, Pl. Resp. at 6 (discussing "inter-rater reliability" and "kappa statistics"); quoting "Secretary Clinton's" views on the "ideological bent of the court" (presumably a reference to the Supreme Court), *id*. at 2; and asserting, without any plausible factual support, that NBME did not engage in "fair scoring" of her exam because the single-administration requirement is purportedly inconsistent with NBME "research studies," *id*. at 6. Those arguments, however, do not remedy the SAC's failure to identify a specific contract-based obligation that NBME purportedly breached, and to offer plausible facts that would establish such a breach.

Nor do Dr. Kiprilov's repeated characterizations of the single-administration requirement as a "money-stealing rule" overcome her failure to state a plausible contract claim. *See, e.g., id.* at 1, 2, 3, 5, 10. What the Court said previously remains true. "Plaintiff's desire to change the policies that *actually* govern the scoring of USMLE does not convert NBME's refusal to pass her into a breach of contract." Order at 12 (Dkt. No. 30) (original emphasis).

Finally, Dr. Kiprilov has not provided any facts from which one reasonably could conclude that she suffered damages ***as a result of*** any claimed breach. Dr. Kiprilov appears to misunderstand NBME's arguments regarding this element. NBME is not arguing that Dr. Kiprilov has suffered no adverse consequences as a result of her failure (to date) to pass the USMLE Step 2 CS exam. *See* Pl. Resp. at 15 ("So arguing that there are no damages to examinees' career is meritless (shows ignorance by NBME's attorney about the case."). NBME is arguing that her alleged injuries (SAC at 26, 30) were not caused by any breach of contract on the part of NBME. The elements of a breach claim include a requirement that the damages allegedly suffered by the plaintiff must have been caused by the defendant's breach of contract. The relevant question is therefore what ***caused*** her alleged injuries. Here, no breach has been plausibly alleged. In the absence of any plausible breach, Dr. Kiprilov's claimed injuries cannot be attributed to a breach by

NBME. Instead, the claimed injuries are the result of her not having met the scoring requirements for the Step 2 CS exam.

Dr. Kiprilov acknowledges in the SAC that USMLE rules require examinees to pass all three subcomponents of the Step 2 CS exam in a single administration in order to obtain a passing result on the Step 2 CS. *See* SAC at 13-14. This scoring policy is published on the USMLE website, *see* Order at 4-5 (Dkt. No. 30), which Dr. Kiprilov characterizes as setting forth the "terms and conditions" of her contract with NBME, *see* SAC at 27. It is undisputed that she has not met the requirements of this scoring policy. Therefore, she has not stated and cannot state a breach of contract claim based upon NBME's not giving her a passing result on the Step 2 CS exam.

**B. Dr. Kiprilov Has Not Stated A Claim Under Section 17200 Or 17500 Of The California Business and Professions Code**

As noted in NBME's opening brief, the only cause of action set forth in Dr. Kiprilov's SAC is for breach of contract (*see* SAC at 24-44). However, she also filed an "Addendum to the Second Amended Complaint" in which she referenced "claims for a misleading information and unfair act and deceptive practices under BPC 17200 and 17500" (*see* Dkt. No. 34 at 1-2).

In an excess of caution, NBME's opening brief addressed whether the Addendum's passing references to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, state a viable legal claim. NBME pointed out that the SAC includes no new factual allegations relative to what Dr. Kiprilov had previously alleged in the FAC, and that the Court had dismissed the UCL and FAL claims asserted in the FAC for failure to state a claim. *See* Dkt. No. 36 at 9-11 (quoting the Court's Order dismissing the FAC (Dkt. No. 30)).

Dr. Kiprilov makes no responsive arguments in her opposition brief. She makes an oblique reference to the two statutes,[4] but she provides no factual allegations and cites no legal authority. *See* Pl. Resp. at 3 ("This is where NBME's breach occurred in addition to violation under BPC 17200 and 17500 (for unfair and deceptive practice)."). Thus, to the extent the Addendum might be construed as attempting to assert claims under the UCL or FAL, that attempt fails. Dr. Kiprilov has not stated a viable claim under either statute. *See Sperling v. DSW, Inc.*, No. 15-1366-JGB (SPx), 2016 WL 354319 (C.D. Cal. 2016) (dismissing plaintiff's UCL and FAL claims with prejudice); *Avila v. Vital Pharmaceuticals*, No. 12-03823-JGB (SHx), 2013 WL 2237813, *3 (C.D. Cal. 2013) (same).

## III. CONCLUSION

NBME does not purport to be "above the law," Pl. Resp. at 8, nor is it trying "to escape justice" by asserting, in accordance with the Federal Rules, that Dr. Kiprilov has failed to state a viable legal claim, *id*. at 9. NBME is simply defending a published scoring policy that has been applied to Dr. Kiprilov in the same manner that it is applied to all other Step 2 CS examinees. And because Dr. Kiprilov's factual allegations do not "plausibly suggest an entitlement to relief," it is "unfair" to subject NBME to "continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

[4] Dr. Kiprilov's opposition brief also references the Title VII claim that she asserted in the FAC. *See* Pl. Resp. at 7-8 ("In Hartman-case, the claims under Title VII were not dismissed because NBME is not Dr. Hartman's 'employer,' but in my case under Title VII the claim was dismissed because NBME is not my 'employer,' when Dr. Hartman and I are just examinees.")(referring to *Hartman v. NBME* (E.D. Pa.). The purpose of this discussion is unclear. The Court held that Dr. Kiprilov failed to state a viable Title VII claim in the FAC, *see* Order at 13-14 (Dkt. No. 30), and neither the SAC nor the "Addendum" to the SAC purport to assert a Title VII claim. Moreover, Dr. Kiprilov is wrong in asserting that Dr. Hartman was permitted to pursue a Title VII claim against the NBME. The only claim asserted in that case was a claim under the Americans with Disabilities Act, and the opinion in the case was subsequently vacated in any event. *See* 2010 WL 4461673 (E.D. Pa. Oct. 18, 2010).

Dr. Kiprilov's Second Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6). Dr. Kiprilov should not be granted leave to amend, because she has already amended her complaint twice and any further effort to re-plead her claims would be futile. *See Cafasso v. Gen'l Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Dated: October 17, 2016

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Eric A. Herzog
Eric A. Herzog

Attorneys for Defendant
National Board of Medical Examiners

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 17, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**REPLY BRIEF IN SUPPORT OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Yoana Ayanova Kiprilov
1053 E. 6th Street, Apt. 26
Ontario, CA 91764
Phone: (707) 570-5155
Email: yoana_ayanova@yahoo.com

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 17, 2016, at Los Angeles, California.

/s/ Mylene Ruiz