JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-0952 JGB (SPx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | *Yoana Ayanova Kiprilov v. National Board of Medical Examiners et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order: (1) GRANTING Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 36.); and (2) VACATING the October 31, 2016 Hearing (IN CHAMBERS)

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. ("Motion," Dkt. No. 36.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons discussed below, the Court GRANTS Defendant's motion.

This is Plaintiff Yoana Ayanova Kiprilov's ("Plaintiff") third attempt to assert claims against the National Board of Medical Examiners ("Defendant" or "NBME").  Most recently, the Court granted NBME's motion to dismiss Plaintiff's First Amended Complaint ("FAC") on August 25, 2016.  (Dkt. No. 30.)  That order provided a detailed review of Plaintiff's factual allegations, which Plaintiff reiterates in her Second Amended Complaint ("SAC"), and which the Court summarizes only briefly here.

Plaintiff is an international medical school graduate who seeks to be accepted into a medical residency program in the United States.  In order to be accepted into a residency program, she must pass the United States Medical Licensing Exam ("USMLE").  The USMLE has four parts: Step 1, Step 2 CK, Step 2 CS, and Step 3.  Plaintiff's complaints center around the Step 2 CS exam, which consists of three subcomponents: "ICE," "CIS," and "SEP."  All three components must be passed in a single administration in order to achieve a passing performance.

Plaintiff has taken the Step 2 CS exam twice, first on May 20, 2015, and again on September 30, 2015, but she has not yet achieved a passing score—or at least, as she concedes, she has not yet successfully passed all the parts of the test in one sitting. During her first attempt, she received a "pass" score on "CIS" and "SEP," but failed the "ICE" subcomponent." During her second attempt, she passed the "ICE" subcomponent and the "SEP" subcomponent, but failed the "CIS" subcomponent. However—as noted prominently on NBME's publicly available materials—NBME's policy requires examinees to pass each of the three parts in one sitting to receive a passing score. Plaintiff's SAC, like her first complaint and her first amended complaint, arises from Plaintiff's disagreement with this policy.

Plaintiff's first amended complaint asserted causes of actions for:

1. Fraudulent deceit;
2. False descriptions in violation of 15 U.S.C. § 1125 and California Civil Code § 1770;
3. False advertising;
4. Unfair competition;
5. Breach of contract;
6. Unfair and deceptive practices in violation of 15 U.S.C. § 45;
7. Discrimination in violation of Title VII.

In its August 25 order, the Court found that each of these failed to state a viable legal claim. However, in recognition of the fact that Plaintiff was proceeding pro se, the Court permitted Plaintiff one final opportunity to amend her complaint, noting that if her amended complaint failed to state a claim under those portions of the complaint already dismissed, those claims could be dismissed with prejudice.

Notwithstanding the Court's admonition, Plaintiff proceeded to file an amended complaint that only repeated *the same allegations* as those made in her previously-dismissed claim for breach of contract. As in her FAC, Plaintiff repeats her assertion that NBME "breached our contract by not granting passing outcome [sic] based on my substantial performance." (SAC at 5.) Plaintiff further argues that "[NBME's] terms and conditions do not state that 'pass' results on each part will be invalidated.'" (Id. at 7.) First, Plaintiff's factual assertions are wrong: NBME's publicly available information states that an examinee must pass each of the three parts in one sitting in order to receive a passing score.[1] Second, as this Court has already explained, Plaintiff's desire to change the policies that *actually* govern the scoring of the USMLE does not convert NBME's refusal to pass her into a breach of contract.

---

[1] See Motion at 3 (citing to NBME scoring policies, available at http://www.usmle.org/step-2-cs/#scoring). This policy is also set forth in the USMLE booklet titled, "Step 2 Clinical Skills (CS) Content Description and General Information": "Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." Id.

      A court may exercise its discretion to dismiss an action with prejudice when the amended complaint merely repeats the deficiencies of the original complaint.  In <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671 (9th Cir. 1981), for example, the Ninth Circuit affirmed the dismissal of the first amended complaint without leave to amend because the amended complaint was "equally as verbose, confusing and conclusory as the initial complaint."  651 F.2d at 674.  Dismissal without leave to amend is also appropriate where "amendment would be futile."  <u>See, e.g.</u>, <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1038, 1042 (9th Cir. 2011) (dismissal of first amended complaint without leave to amend affirmed where "plaintiffs fail[ed] to establish a plausible basis for relief").  Such is the case here.  Despite multiple opportunities, Plaintiff has failed to assert actionable claims or to correct the deficiencies identified in the Court's earlier order, and it appears that any further attempt to amend would be futile.  Accordingly, the Court GRANTS Defendant's Motion and dismisses Plaintiff's Second Amended Complaint WITH PREJUDICE.

      The October 31, 2016 hearing on the Motion is VACATED.

      **IT IS SO ORDERED.**